# Exhibit A
# Part 3

Page 4 of 4

## EXHIBIT A

In the Matter of the Arbitration Between

Global Reinsurance Corporation - U.S. Branch,

     Petitioner,

  - and -

Argonaut Insurance Company,

     Respondent.

## AFFIDAVIT

_____, being duly sworn, deposes and says:

1. I live at _____
_____

2. I am employed as (position) by (name and address of employer), _____
_____

3. I am aware that the Panel in the Matter of the Arbitration Between Global Reinsurance Corporation – U.S. Branch and Argonaut Insurance Company has entered a Confidentiality Order dated
_____
I have received and read a copy of that Confidentiality Order.

4. I agree to review or otherwise use the material produced in the instant arbitration by _____
_____
only under supervision of a party's counsel and only in connection with arbitration(s) between these parties.

5. I agree that I am bound by the terms of the Confidentiality Order as though I were a party to the  arbitration, and I will not disclose or discuss material produced by _____
_____
or _____
to or with any person other than those permitted access to such material under the Confidentiality Order.

(Signature) _____

Sworn to before me this _____ day of _____, 20___.

_____
    Notary Public (SEAL)

4/3/2007

---

In the Matter of the Arbitration Between

Global Reinsurance Corporation
    - U.S. Branch,

                 Petitioner,

   - and -

Argonaut Insurance Company,

                 Respondent.

Arthur  Brotter

Richard L. White

Edmond F. Rondepierre
               Umpire

---

# AWARD

Having considered the submissions and arguments of Counsel, the testimony of witnesses at the hearing and the record in this arbitration a majority of the Panel rules as follows:

The commutation payments that Gerling seeks to cede to Argonaut are not claims, losses nor settlements within the terms or the meaning of the retrocessional agreements. The agreements make no provision for claims submitted in bulk or blanket form, nor for payments on a non  risk – specific basis or an estimated basis. The agreements provide no authority for the unilateral acceleration of the retrocessionaires obligations. Argonaut is not required to pay the amounts sought by Global in this arbitration.

This order does not alter Argonaut's obligations under the retrocessional agreements. Argonaut may be obligated to pay claims submitted in the form required by those agreements.

Arthur Brotter

Edmond F. Rondepierre
Umpire

10 January 2007

## DISSENT OF ARBITRATOR RICHARD L. WHITE

Re: Quota Share Retrocession Agreement for Facultative Casualty Business #4158/QS31 ("Quota Share") and First Surplus Facultative Casualty Retrocession Contract #6103/QS73 ("Surplus") [collectively the "Retrocessional Agreements"]

With this Award the majority affirms that the commutation payments which Global seeks to cede to Argonaut are not settlements within the terms or the meaning of the Retrocessional Agreements; I disagree. In my view, the majority's ruling is incorrect because it does not comport with (1) the nature, i.e., the characteristics, of quota share reinsurance generally, (2) the language of the Retrocessional Agreements specifically, in particular the Quota Share agreement, and (3) reinsurance custom and practice.

Quota share reinsurance is proportional reinsurance in which the reinsurer assumes an agreed percentage of each risk insured. Because these parties are reinsurers, the agreed percentage would apply to each facultative risk reinsured. Absent some provision in the contract to the contrary, the loss experience of the reinsurer and retrocessionaire is intended to be proportionally identical.

So congruent is quota share reinsurance that such contracts need only have an accounts and reporting provision to effect payment between contracting parties. In contrast, these Retrocessional Agreements include a Loss Settlements provision which underscores the parties' intention that this reinsurance protection will be something more than the standard "follow the liability of the reinsured" coverage.

Indeed, the coverage augmentation of these loss settlement clauses provides: that the reinsurer (here, the retrocedent, Global), "...**alone** will settle all claims and such settlements shall **under all circumstances** be binding on the Retrocessionaires in accordance with the terms of this Agreement." (Quota Share Article VII, 1.) and "**All** payment of claims made by the Company [Global] will be binding upon the Retrocessionaires." (Surplus Article VIII, B.) [Emphasis added]

Now it is true that unlike the typical commercial contract, reinsurance contract provisions often rely for their understanding on the trade usage and practice of the reinsurance industry. Such custom and practice, however, may amplify contract provisions but it may not contradict those provisions. Consider the Retrocessional Agreements in this dispute. Argonaut presented evidence at the Hearing (albeit disputed by Global) that notice of the commutations was not provided, or if arguably provided, such notice was insufficient. This lack (or insufficiency) and the related retrocessionaire concurrence, it was argued, was fatal to Global's ability to cede the commutation payments.

Evidence was provided that at least twenty-two retrocessionaires reinsured Global on the affected contracts. The majority's ruling doesn't indicate whether a substantial concurrence, say, 25% would have been sufficient to permit billing or if a majority or indeed a supermajority concurrence would have done the job. A fair reading of our Award is that unanimity would be required for Global to successfully bill the commutation payments. This principle of collegiality, as it were, is nowhere in the Retrocessional Agreements. Moreover, there is nothing in the record that remotely suggested custom and practice embraced such unanimity. Indeed, independent of the record in this dispute, it is difficult to imagine a situation where trade usage for a ceded commutation transaction, would require the unanimity of retrocessionaire concurrence and the inevitable Babel-like communication of so many voices.

The commutation payments in this arbitration, paid in connection with an arms length transaction between Global and certain ceding companies, relieved Global and its retrocessionaires of all liability pursuant to the subject facultative certificates. Despite this extraordinary relief and the explicit loss settlement provisions of the Retrocessional Agreements, our Award sanctions Argonaut's refusal to pay its proportion of the commutation payments. Notwithstanding the high personal regard I have for my co-panelists, I respectfully dissent.

_R. L. White_

Richard L. White, Arbitrator

Dated: January 10, 2007

## Hajost, Theresa W.

| | |
|---|---|
| **From:** | NANANDED@aol.com |
| **Sent:** | Thursday, March 01, 2007 10:29 AM |
| **To:** | Jschiavone@budd-larner.com; Hajost, Theresa W. |
| **Cc:** | deputy@iicil.org |

**Subject:** Global - Argonaut

Barring mistake or ambiguity, the Panel lacks authority to "clarify" its order.

The majority of the former Panel members have reviewed the order, including the majority and dissenting decisions, and each of us has found that there is no mistake or ambiguity and that the order clearly and accurately states the conclusions reached by the Panel.

Edmond F. Rondepierre
Arthur C. Brotter

AOL now offers free email to everyone. Find out more about what's free from AOL at **AOL.com**.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AOL now offers free email to everyone. Find out more about what's free from AOL at http://www.aol.com.

| | : | |
|---|---|---|
| In the Matter of the Arbitration Between | : | Members of the Panel: |
| | : | |
| Gerling Global Reinsurance Corp. – U.S. Branch | : | Arthur C. Brotter, Arbitrator |
| ("Global") | : | Richard L. White, Arbitrator |
| | : | Edmond J. Rondepierre, Umpire |
| Petitioner, | : | |
| - and - | : | |
| | : | |
| Argonaut Insurance Company ("Argonaut") | : | |
| | : | |
| Respondent | : | |

## RESPONSE OF ARBITRATOR RICHARD L. WHITE

Re: Quota Share Retrocession Agreement for Facultative Casualty Business #4158/QS31 ("Quota Share") and First Surplus Facultative Casualty Retrocession Contract #6103/QS73 ("Surplus") [collectively the "Retrocessional Agreements"]

On February 12, 2007 Global submitted its Motion to Clarify the Panel's January 10, 2007 Award. Argonaut responded on February 15th and Global replied on February 22, 2007. Arbitrator Brotter and Umpire Rondepierre respond that their review of the Award indicates no ambiguity therein and accordingly under the doctrine of *functus officio,* the Panel is powerless to act (See Rondepierre email of March 1, 2007).

While I concur with Messrs. Brotter and Rondepierre that there is no ambiguity in the Award as we read it, the parties' motion papers indicate otherwise. Since it is the parties who must implement the award and since both parties cite to my Dissent, I respond to clarify the apparent ambiguity in the terms of my Dissent.

The term "commutation payments" in the Dissent refers to that portion of the Global cash payments pursuant to the commutation agreements between Global and its cedents AIG and Home that were billed to Argonaut under the Retrocessional Agreements and which were the subject of the arbitration before this Panel.

1

In the insurance and reinsurance industry, commutations discharge a reinsurer's present and future obligations to its cedent with a current consideration, typically a cash payment. The Dissent reflects a conviction that Argonaut is responsible for its share of the Global "commutation payments." The Dissent did not mean that relief from that responsibility by virtue of the Panel's Award, permanently relieved Argonaut of responsibility for the actual value of AIG and Home future claim payments and settlements billed by Global pursuant to the provisions of the Retrocessional Agreements.


Richard L. White
Arbitrator


March 1, 2007

2

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

---

ARGONAUT INSURANCE COMPANY )
                                )
      Petitioner,           )
                                )
 - against -            )     Index No.: 602016/2007
                                )
GLOBAL REINSURANCE      )    **MOTION TO STAY**
CORPORATION – U.S. BRANCH  )    **ARBITRATION OR FOR**
                                )    **ALTERNATIVE RELIEF**
      Respondent       )

---

      Petitioner Argonaut Insurance Company ("Argonaut"), by and through its attorneys, Halloran & Sage LLP, alleges as follows:

### NATURE OF THE PROCEEDING

1.    This is a motion for the Court to enter an order permanently staying an arbitration demanded by Global Reinsurance Corp. – U.S. Branch ("Global") or, in the alternative, for an order declaring that if such arbitration commences, Global's party-appointed arbitrator shall be Ronald S. Gass.

### PARTIES, JURISDICTION AND VENUE

2.    Global is the United States branch office of a German entity, with its principal place of business at 1345 Avenue of the Americas, New York, New York.

3.  Argonaut Insurance Company is a corporation incorporated under the laws of the State of Illinois, having its principal place of business at 225 W. Washington, Chicago, Illinois.

4.  This Court has jurisdiction over this action pursuant to N.Y. C.P.L.R. 301 because Global's principal place of business is in New York County. The Court also has jurisdiction through N.Y. C.P.L.R. 7501 as the first Arbitration hearing took place in Manhattan.

5.  Venue is proper in New York County under N.Y. C.P.L.R. 503(c) because Global's principal place of business is located in New York County and the first Arbitration hearing took place in Manhattan and the location for arbitration specified in the arbitration clauses of the contracts before the court is New York, New York.

## FACTUAL BACKGROUND

6.  Argonaut and Global (or their predecessors in interest) entered into two quota share retrocessional reinsurance contracts numbered QS31/4158, effective July 26, 1963 through December 31, 1965, and QS73/6103, effective July 1, 1973 through December 31, 1975. (the "Retrocessional Agreements.") Copies of the contracts are annexed hereto as Exhibits B and C respectively.

7.  Contract number QS31/4158 (Exhibit B, Article IX) contains an arbitration clause that provides:

    1)  As a precedent to any right of action hereunder if disputes arise out of this Agreement, as well as differences, concerning the

2

validity of this Agreement, the dispute shall be referred to two arbitrators, one to be chosen by each party. In the event of either party failing to appoint its arbitrator within thirty (30) days after the receipt of written notice from the other party requesting it to do so, the requesting party may nominate both arbitrators.

2) Prior to entering into arbitration, the two arbitrators shall appoint an umpire within thirty (30) days of their nomination. In the event of the two arbitrators failing to agree upon the appointment of an umpire, within the prescribed thirty (30) days, each of them shall then name three, of whom the other shall decline two and the decision shall be made by drawing lots. The arbitrators, as well as the umpire, must be active or retired, disinterested executive officers of Insurance or Reinsurance Companies.

3) The arbitrator and/or the umpire shall consider this contract as an honorable agreement rather than merely as a legal obligation and they are relieved of all judicial formalities and may abstain from following the strict rules of law and shall make their decision according to the practice of reinsurance business only. Each party shall submit its case to the arbitrators within thirty (30) days after their appointment. The arbitrators shall make their decision within four (4) months after the appointment of the umpire. The decision of the arbitrators shall be final and binding on both parties and not subject to appeal.

4) Each party shall bear the expense of its own arbitrator and shall jointly and equally bear with the other the expense of the arbitration. Arbitration shall take place in New York, N.Y., unless some other location is mutually agreed upon.

8.      Contract number QS73/6103 (Exhibit C, Article XIII) contains an

arbitration clause that provides:

1) As a condition precedent to any right of action hereunder, in the event of any dispute or difference of opinion hereafter arising with respect to this Contract, it is hereby mutually agreed that such dispute or difference of opinion shall be submitted to arbitration. One Arbiter shall be chosen by the company, the other by the Retrocessionaire, and an Umpire shall be chosen by the two Arbiters before they enter upon arbitration, all of whom shall be active or retired disinterested executive officers of insurance or reinsurance companies. In the event that either party should fail to choose an Arbiter within 30 days following a written request by the other party to do so, the requesting party may chose between two Arbiters who shall in turn choose an Umpire before entering upon arbitration. If the two Arbiters fail

3

to agree upon the selection of an Umpire within 30 days following their appointment, each Arbiter shall name three nominees, of whom the other shall decline two, and the decision shall be made by drawing lots.

2) Each party shall present its case to the Arbiters within 30 says following the date of appointment of the Umpire. The Arbiters shall consider this Contract as an honorable engagement rather than merely as a legal obligation and they are relieved of all judicial formalities and may abstain from following the strict rules of law. The decision of the Arbiters shall be final and binding on both parties but failing to agree, they shall call in the Umpire and the decision of the majority shall be final and binding upon both parties.

3) If more than one retrocessionaires is involved in the same dispute, all such retrocessionaires shall constitute and act as one party for the purposes of the Article and communications shall be made by the Company to each of the retrocessionaires constituting one party, provided, however, that nothing herein shall impair the rights of such retrocessionaires to assert several, rather than joint, defenses or claims, nor be construed as changing the liability of the retrocessionaires participating under the terms of this Contract from several to joint.

4) Each party shall bear the expense of its own Arbiter, and shall jointly and equally bear with the other the expense of the Umpire and of the arbitration. In the event that the two Arbiters are chosen by one party, as above provided, the expense of the Arbiters, the Umpire and the arbitration shall be equally divided between the two parties.

5) Any arbitration proceedings shall take place at New York, New York.

9.    The governing arbitration clauses both provide that the arbitrators' award shall be final and binding upon the parties.

10.    By demand dated December 30, 2004, and amended demand dated January 10, 2005, Global initiated arbitration (the "Quota Share Arbitration") seeking recovery of amounts that Global ceded Argonaut under the Retrocessional Agreements for payments that Global had made to members of the American International Group ("AIG") and the Home Insurance Company ("Home") in

4

commutation of its contracts with those entities. Copies of these demands are annexed hereto as Exhibit D.

11.     In addition to the Quota Share Arbitration, Argonaut and Global are or have been engaged in four other arbitrations in which Global is seeking the recovery of amounts that Global ceded to Argonaut in connection with commutation agreements entered into with AIG, Home, and other of Global's reinsureds. Global has named Richard L. White as its party-appointed arbitrator in each of these five arbitrations, including the Quota Share Arbitration.

12.     A four and a half day hearing in connection with the Quota Share Arbitration was held in New York, New York, on December 11 – 15, 2006. During the hearing, both parties submitted argument, exhibits as well as expert and fact witness testimony to the Panel.

13.     After deliberation, on January 10, 2007, the umpire on behalf of a majority of the Panel issued a written award. (Exhibit A Hereto.)

14.     The Panel ruled:

Having considered the submissions and arguments of Counsel, the testimony of witnesses at the hearing and the record in this arbitration a majority of the Panel rules as follows:

The commutation payments that Gerling seeks to cede to Argonaut are not claims, losses nor settlements within the terms or the meaning of the retrocessional agreements. The agreements make no provision for claims submitted in bulk or blanket form, nor for payments on a non risk – specific basis or an estimated basis. The agreements provide no authority for the unilateral acceleration of the retrocessionaires obligations. Argonaut is not required to pay the amounts sought by Global in this arbitration.

5

This order does not alter Argonaut's obligations under the retrocessional agreements. Argonaut may be obligated to pay claims submitted in the form required by those agreements. (Id.)

15.    Arbitrator White submitted a dissenting opinion to the award. (Exhibit A hereto.)

16.    On or about February 12, 2007, Global submitted a motion to "clarify" the Panel's January 10, 2007 Award. The majority of the Panel responded on March 1, 2007, stating that no mistake or ambiguity existed in the award. Arbitrator White submitted a dissenting opinion to the award. A copy of the Panel responses is annexed hereto as Exhibit E.

17.    On March 14, 2007, Global again demanded arbitration regarding recoverability of a portion of the commutation payments it made to AIG and Home. The demand listed the following issues for arbitration:

Whether, pursuant to the 10 January 2007 Award in the Quota Share Arbitration between the parties, U.S. Branch is entitled to bill Argonaut in the future as claims actually develop on the underlying reinsurance agreements between U.S. Branch and AIG and between U.S. Branch and Home;

Whether Argonaut is obliged to process and pay such billings in accordance with the Protocols attached hereto; and

Whether Argonaut acted in bad faith by asserting that (a) the 10 January 2007 Award means that U.S. Branch is forever and conclusively foreclosed from seeking any recovery from Argonaut under the retrocessional agreements for any loss of any kind relating to AIG or Home, and (b) it is not obliged to process and pay AIG and Home-related billings in accordance with the Protocols.

A copy of Global's demand is annexed hereto as Exhibit F.

18.    On April 11, 2007, Argonaut appointed Paul C. Thomson, III as its
party-appointed arbitrator, and specifically reserved its rights to
contest the arbitrability of the issues in Global's March 14, 2007
demand.

19.    On April 26, 2007, Global again appointed Richard L. White as its
arbitrator.

20.    On May 14, 2007, Argonaut sent a letter to Global advising that Mr.
White was not an appropriate selection, and demanding that Global
name a new arbitrator within thirty days.  Argonaut's letter stated
that, in accordance with the contract, it would appoint an arbitrator
for Global if Global did not do so.  Argonaut's letter also continued
to reserve its rights with regard to whether Global's new demand
was arbitrable.

21.    When Global did not appoint a new arbitrator in 30 days, on June
15, 2007, Argonaut appointed Ronald S. Gass to serve as Global's
arbitrator.

22.    Concurrent with the filing of this Motion, Argonaut is filing a Motion
to Confirm the award of the Quota Share Arbitration.

WHEREFORE, and for the reasons set forth in the Memorandum in
Support of this Motion filed concurrently with this Motion Argonaut
requests that this Court (1) enter an order permanently staying the

7

arbitration demanded by Global on March 14, 2007; or alternatively

(2) enter an order enjoining Global from naming Richard L. White

as its party-appointed arbitrator in that arbitration, and confirming

that Ronald S. Gass shall serve as Global's arbitrator.


Dated: June 18, 2007                    Respectfully submitted,


                                        Thomas E. Brennan
                                        HALLORAN & SAGE LLP
                                        315 Post Road West
                                        Westport, CT 06880
                                        (T)    (203) 227-2855
                                        (F)    (203) 227-6992
                                        Counsel for Defendant Argonaut
                                            Insurance Company

*Of counsel:*
Theresa W. Hajost
Daniel A. Blumenthal
HALLORAN & SAGE LLP
1730 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
(T)    (202) 496-9270
(F)    (202) 496-9279


8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ⎸8ᵗʰ day of June, 2007, a copy of the foregoing Petition to Stay Arbitration was forwarded, postage pre-paid, via First Class mail, to the following:

> Jeffrey S. Leonard, Esquire
> Budd Larner
> 150 John F. Kennedy Parkway
> CN 1000
> Short Hills, NJ  07078-0999
> *Counsel for Global Reinsurance Corporation – U.S. Branch*
>
> Global Reinsurance Corporation – U.S. Branch
> 1345 Avenue of the Americas
> New York, New York 10105
> (via Certified Mail/Return Receipt Requested)

> Thomas F. Brennan
> Dan E. Labelle
> HALLORAN & SAGE, LLP
> 315 Post Road West
> Westport, CT  06880
> (T)    (203) 227-2855
> (F)    (203) 227-6992
> *Counsel for Argonaut Insurance*
> *Company*

1001938-1(HSFP)

9

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY ) | |
| ) | |
| Petitioner, ) | |
| ) | Index No.: 602016/2007 |
| vs. ) | |
| ) | |
| GLOBAL REINSURANCE ) | |
| CORPORATION – U.S. BRANCH ) | |
| ) | |
| Respondent ) | |

## AFFIDAVIT OF CHRISTOPHER HOLLENDER IN SUPPORT OF ARGONAUT'S MOTION TO STAY ARBITRATION OR FOR ALTERNATIVE RELIEF

Christopher Hollender, under penalty of perjury, hereby declares:

1.     My name is Christopher Hollender.  I have personal knowledge of the matters contained herein and am competent to testify to the same.

2.     I am a Senior Vice President for Insurance Run-off Consultants, a division of Argonaut Insurance Company ("Argonaut").   I am familiar with the matters contained herein by virtue of my responsibilities at Argonaut, including responsibilities for the Global Reinsurance Corporation – U.S. Branch ("Global") account and the arbitration between Global and Argonaut during the time periods pertinent to the matters discussed herein.

3.     Prior to December 2004, disputes arose between Argonaut and Global concerning the application of certain retrocessional reinsurance agreements between

the parties. The dispute concerned billings ceded by Global to Argonaut for commutation payments that Global had made to members of the American International Group ("AIG") and the Home Insurance Company ("Home"). Global's commutations with those entities extinguished "all current and future exposures" for any claims that those entities might develop and for which they might seek reimbursement from Global under various contracts that Global had issued to AIG and/or Home. A true and correct copy of Global's February 4, 2004 letter is attached hereto as Exhibit 1.

4.    On or about December 30, 2004, Global demanded arbitration against Argonaut, pursuant to the terms of the retrocessional agreements between Global and Argonaut (or their predecessors in interest) (the "Quota Share Arbitration"). *See* Exhibit 2. This demand was amended by Global on or about January 10, 2005. *See* Exhibit 2. Global's arbitration demand stated it was seeking to arbitrate "all disputed issues relating to the U.S. Branch's claims for payments of outstanding retrocessional balances owed it by Argonaut in connection with U.S. Branch's commutations with its cedents, the American International Group Companies ("AIG") and Home Insurance Company ("Home")." The arbitration demand listed five contracts, three of which became the subject of another arbitration. The retrocessional contracts at issue in the arbitration from which Argonaut is seeking to confirm the Final Award were:

- Quota Share QS31/4158
- First Surplus QS73/6103

Copies of the contracts are attached hereto as Exhibits 3 and 4, respectively.

5.    In addition to the Quota Share Arbitration, Argonaut and Global are or have been engaged in four other arbitrations in which Global is seeking the recovery of

amounts that Global ceded to Argonaut in connection with commutation agreements entered into with AIG, Home, and other of Global's reinsureds. Global has named Richard L. White as its party-appointed arbitrator in each of these five arbitrations, including the Quota Share Arbitration.

6.      Each of the retrocessional agreements at issue in the Quota Share Arbitration contains a written provision expressing the parties' agreement to submit disputes under the contracts to binding arbitration. *See* Exhibit 3 at Article IX and Exhibit 4 at Article XIII.

7.      On or about March 9, 2006, Argonaut and Global had an Organizational Meeting before the Arbitration Panel consisting of Mr. Edmond F. Rondepierre, Mr. Richard L. White, and Mr. Arthur Brotter ("the Arbitration Panel," "the Quota Share panel," or "the Panel"). The Panel in the Arbitration was agreed to be duly constituted by stipulation of the parties.

8.      The Panel issued a limited Confidentiality Order in the arbitration. A true and correct copy of that order is attached hereto as Exhibit 5.

9.      Under the Panel's supervision, the parties conducted discovery and presented briefs and evidentiary exhibits to the Panel in furtherance of the resolution of their dispute.

10.     At a four and a half day hearing held in New York, New York, on December 11-15, 2006, both parties submitted argument, exhibits, as well as fact and expert witness testimony to the Panel.

3

11.     The issue of future billings on potential future claims was discussed and argued at the Quota Share hearing. Exhibit 6 hereto is a true and correct copy of pages from the hearing transcript which contain examples of such discussion and argument.

12.     On or about January 10, 2007, after deliberation, the umpire on behalf of a majority of the Panel issued a written final Arbitration Award. Arbitrator White issued a dissenting opinion. A true and correct copy of the Panel's January 10, 2007 Arbitration Award and Mr. White's dissent is attached hereto as Exhibit 7.

13.     On or about February 12, 2007, Global submitted a motion to "clarify" the Panel's January 10, 2007 Award. The majority of the Panel responded on March 1, 2007 stating that there was no mistake or ambiguity in the award and that the order clearly and accurately states the conclusions reached by the Panel. Richard L. White issued a dissenting opinion to the Panel's response to the motion to clarify. A true and correct copy of the Panel's March 1, 2007 response to Global's motion to clarify and Mr. White's dissent are attached hereto as Exhibit 8.

14.     The January 10, 2007 Final Arbitration Award has not been vacated or modified. As of the date of this Affidavit, Global has not served Argonaut with a court filing seeking to vacate, modify, or correct the January 10, 2007 Final Arbitration Award.

15.     On March 14, 2007, Global again demanded arbitration seeking to recover from Argonaut a portion of the payments it had made to AIG and Home in its commutations with those entities. A true and correct copy of Global's arbitration demand is attached hereto as Exhibit 9.

16.     On April 11, 2007, Argonaut specifically reserved its rights to contest the arbitrability of the issues in Global's March 14, 2007 demand, but appointed Paul C.

Thomson, III as its party-appointed arbitrator in order to preserve its rights. A true and correct copy of Argonaut's April 11, 2007 letter is attached hereto as Exhibit 10.

17.    On April 26, 2007, Global appointed Richard L. White as its arbitrator for the second Quota Share arbitration. A true and correct copy of Global's April 26, 2007 letter is attached hereto as Exhibit 11.

18.    On May 14, 2007, Argonaut sent a letter to Global continuing to reserve its rights as to the arbitrability of Global's second arbitration demand, advising that Richard L. White was not an appropriate selection, and demanding that Global name a new arbitrator within thirty days. A true and correct copy of Argonaut's May 14, 2007 letter is attached hereto as Exhibit 12.

19.    On May 16, 2007, Argonaut received a statement of account from Global demanding payment for some of the same billings that were reported to Global after the commutation. A true and correct copy of this statement of account is attached hereto as Exhibit 13. Global relied upon documentation of losses relating to these billings that was provided to Global after the commutation and before the Quota Share award. Argonaut has declined to pay these billings. Argonaut's letter declining payment is attached hereto as Exhibit 14.

20.    Global did not appoint a replacement arbitrator. On June 15, 2007, Argonaut appointed Ronald S. Gass to serve as Global's arbitrator. A copy of Argonaut's June 15, 2007 letter is attached hereto as Exhibit 15.

I declare under penalty of perjury, pursuant to New York Penal Law Article 210, that the foregoing is true and correct.

Executed on June 15th, 2007

Christopher Hollender
Senior Vice President
Insurance Run-Off Consultants,
A Division of Argonaut Insurance Company

OFFICIAL SEAL
GENEVIEVE B CORPUZ
Notary Public - State of Illinois
My Commission Expires May 31, 2010

Notary Public
My Commission Expires:    6/31/2010

6

REQUEST FOR JUDICIAL INTERVENTION

UCS-840(REV 1/2000)

| SUPREME | NEW YORK | | |
|---|---|---|---|
| COURT | COUNTY | INDEX NO. | DATE PURCHASED |

PLAINTIFF(S):

ARGONAUT INSURANCE COMPANY

DEFENDANT(S):

GLOBAL REINSURANCE CORPORATION - U.S. BRANCH

|  |
|---|
| For Clerk Only |
| IAS entry date |
| Judge Assigned |
| RJI Date |

Date issue joined: _____  Bill of particulars served (Y/N): [ ]Yes  [ ]No

**NATURE OF JUDICIAL INTERVENTION** (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of
readiness

[ ] Notice of motion (return date:_____)
Relief sought _____

[X] Order to show cause
(clerk enter return date:_____)
Relief sought  sealing order

[ ] Other ex parte application (specify:

_____ )

[ ] Notice of petition (return date:_____)
Relief sought _____

[ ] Notice of medical or dental malpractice
action (specify:_____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify: _____

_____ )

**NATURE OF ACTION OR PROCEEDING** (Check ONE box only)

**MATRIMONIAL**
| | |
|---|---|
| [ ] Contested | -CM |
| [ ] Uncontested | -UM |

**COMMERCIAL**
| | |
|---|---|
| [ ] Contract | -CONT |
| [ ] Corporate | -CORP |
| [ ] Insurance (where insurer is a party, except arbitration) | -INS |
| [ ] UCC (including sales, negotiable instruments) | -UCC |
| [X] *Other Commercial | -OC |

**REAL PROPERTY**
| | |
|---|---|
| [ ] Tax Certiorari | -TAX |
| [ ] Foreclosure | -FOR |
| [ ] Condemnation | -COND |
| [ ] Landlord/Tenant | -LT |
| [ ] *Other Real Property | -ORP |

**OTHER MATTERS**
| | |
|---|---|
| [ ] *_____ | -OTH |

**TORTS**

**Malpractice**
| | |
|---|---|
| [ ] Medical/Podiatric | -MM |
| [ ] Dental | -DM |
| [ ] *Other Professional | -OPM |
| [ ] Motor Vehicle | -MV |
| [ ] *Products Liability | -PL |
| [ ] Environmental | -EN |
| [ ] Asbestos | -ASB |
| [ ] Breast Implant | -BI |
| [ ] *Other Negligence | -OTN |
| [ ] *Other Tort (including intentional) | -OT |

**SPECIAL PROCEEDINGS**
| | |
|---|---|
| [X] Art. 75 (Arbitration) | -ART75 |
| [ ] Art. 77 (Trusts) | -ART77 |
| [ ] Art. 78 | -ART78 |
| [ ] Election Law | -ELEC |
| [ ] Guardianship (MHL Art. 81) | -GUARD81 |
| [ ] *Other Mental Hygiene | -MHYG |
| [ ] *Other Special Proceeding | -OSP |

Check "YES" or "NO" for each of the following questions:

Is this action/proceeding against a

| YES | NO | | YES | NO | |
|---|---|---|---|---|---|
| [ ] | XX | Municipality: | [ ] | [X] | Public Authority: |
| | | (Specify_____) | | | (Specify_____) |

| YES | NO | |
|---|---|---|
| [ ] | XX | Does this action/proceeding seek equitable relief? |
| [ ] | XX | Does this action/proceeding seek recovery for personal injury? |
| [ ] | XX | Does this action/proceeding seek recovery for property damage? |

Pre-Note Time Frames:
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

XX Expedited: 0-8 months    ☐ Standard: 9-12 months    ☐ Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

Has summons been served?    ☐ No    ☐ Yes, Date_____
Was a Notice of No Necessity filed?    ☐ No    ☐ Yes, Date_____

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | Dan E. LaBelle, Esq. | 315 Post Road West | 203-227-2855 |
| ☐ | | Westport, CT  06880 | |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | Budd Larner, Esq. | 150 John F. Kennedy Pkwy | |
| ☐ | | Short Hills, NJ  07078 | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS:

RELATED CASES: (IF NONE, write "NONE" below)

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: _____

_____
(SIGNATURE)

Dan E, LaBelle
_____
(PRINT OR TYPE NAME)

ARGONAUT INSURANCE COMPANY
_____
ATTORNEY FOR

ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

\forms\rji2000.wpd

UCS-840(REV 1/2000)

## REQUEST FOR JUDICIAL INTERVENTION

| | | | | For Clerk Only |
|---|---|---|---|---|
| SUPREME | NEW YORK | | | 008842 |
| COURT | COUNTY | INDEX NO. | DATE PURCHASED | |

IAS entry date

PLAINTIFF(S):

ARGONAUT INSURANCE COMPANY

DEFENDANT(S):

GLOBAL REINSURANCE CORPORATION - U.S. BRANCH

Judge Assigned

RJI Date

Date issue joined: _____ Bill of particulars served (Y/N): [ ]Yes    [ ]No

NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of readiness

[ ] Notice of motion (return date:_____)
   Relief sought _____

[ ] Order to show cause
   (clerk enter return date:_____)
   Relief sought_____
[ ] Other ex parte application (specify:

_____

XX Notice of petition (return date:_____)
   Relief sought Confirmation of arbitration award

[ ] Notice of medical or dental malpractice action (specify:_____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify: _____

_____

NATURE OF ACTION OR PROCEEDING (Check ONE box only)

MATRIMONIAL
[ ] Contested                          -CM
[ ] Uncontested                        -UM

COMMERCIAL
[ ] Contract                           -CONT
[ ] Corporate                          -CORP
[ ] Insurance (where insurer is a
    party, except arbitration)         -INS
[ ] UCC (including sales, negotiable
    instruments)                       -UCC
[ ] *Other Commercial                  -OC

REAL PROPERTY
[ ] Tax Certiorari                     -TAX
[ ] Foreclosure                        -FOR
[ ] Condemnation                       -COND
[ ] Landlord/Tenant                    -LT
[ ] *Other Real Property               -ORP

OTHER MATTERS
[ ] *                                  -OTH

TORTS

Malpractice
[ ] Medical/Podiatric                  -MM
[ ] Dental                             -DM
[ ] *Other Professional                -OPM

[ ] Motor Vehicle                      -MV
[ ] *Products Liability                -PL

[ ] Environmental                      -EN
[ ] Asbestos                           -ASB
[ ] Breast Implant                     -BI
[ ] *Other Negligence                  -OTN

[ ] *Other Tort (including             -OT
    intentional)

SPECIAL PROCEEDINGS
XX Art. 75 (Arbitration)               -ART75
[ ] Art. 77 (Trusts)                   -ART77
[ ] Art. 78                            -ART78
[ ] Election Law                       -ELECT
[ ] Guardianship (MHL Art. 81)         -GUARD81
[ ] *Other Mental Hygiene              -MHYG
[ ] *Other Special Proceeding          -OSP

VAL 2

INDEX NUMBER 602016  YEAR 2007
6 RJI FEE                      95.00
15 MOTIONS                     45.00
TOTAL                         140.00
CREDIT CARD                   140.00
CUWB CASHIER ART78
-11321 1000 ELEC DATE
                  -GUARD81 15
                  TIME 1:00
                  4:57 PM

Check "YES" or "NO" for each of the following questions:

Is this action/proceeding against a

YES  NO
[ ]  [X]  Municipality:
         (Specify_____)

YES  NO
[ ]  [X]  Public Authority:
         (Specify_____)

YES  NO
[ ]  [X]  Does this action/proceeding seek equitable relief?
[ ]  [X]  Does this action/proceeding seek recovery for personal injury?
[ ]  [X]  Does this action/proceeding seek recovery for property damage?

**Pre-Note Time Frames:**
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

[X] Expedited: 0-8 months    □ Standard: 9-12 months    □ Complex: 13-15 months

**Contested Matrimonial Cases Only:** (Check and give date)

Has summons been served?    □ No    □ Yes, Date_____

Was a Notice of No Necessity filed?    □ No    □ Yes. Date_____

**ATTORNEY(S) FOR PLAINTIFF(S):**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| □ | Dan E. LaBelle, Esq. | 315 Post Road West Westport, CT  06880 | 203-227-2855 |
| □ | | | |

**ATTORNEY(S) FOR DEFENDANT(S):**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| □ | Budd Larner, Esq. | 150 John F. Kennedy Pkwy | |
| □ | | Short Hills, NJ  07078 | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

**INSURANCE CARRIERS:**

**RELATED CASES: (IF NONE, write "NONE" below)**
Title            Index #            Court            Nature of Relationship

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated:                    _____
                              (SIGNATURE)
                          Dan E. LaBelle
                         _____
                              (PRINT OR TYPE NAME)
                          ARGONAUT INSURANCE COMPANY
                         _____
                              ATTORNEY FOR

ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

\forms\rji2000.wpd

**SUPREME COURT, CIVIL BRANCH, NEW YORK COUNTY**

### INDEX PURCHASE COVER SHEET

INDEX #: _____

NATURE OF ACTION OR PROCEEDING (check ONE box only and enter on Index Purchase Form)

<u>MATRIMONIAL</u>

[ ] Contested   - CM
[ ] Uncontested - UM

<u>COMMERCIAL</u>

[ ] Contract    -   CONT
[ ] Corporate   -   CORP
[ ] Insurance   -   INS
[ ] Other Commercial - OC
    (Other than Contract)
[ ] UCC (including but not
    limited to Sales,
    Negotiable Instruments
    etc.)

<u>TORTS</u>

[ ] Asbestos        -   ASB
[ ] Breast Implant  - BI
[ ] Dental Malpractic  -  DM
[ ] Medical/Podiatric Malpractice -MM
[ ] Other Professional Malpractice
                    - OPM
[ ] Motor Vehicle - MV
[ ] Negligence    - OTN
[ ] Other Tort    -  OT (including
    but not limited to Intentional
    Tort, Environmental, Toxic,
    Airline, Seaman, etc.)
[ ] Products Liability  -  PL

<u>REAL PROPERTY</u>

[ ] Condemnation   - COND
[ ] Foreclosure    - FOR
[ ] Landlord/Tenant - ORP
[ ] Other  Real Property-ORP
[ ] Tax Certiorari - TAX

<u>SPECIAL PROCEEDINGS</u>

[X] Article 75 (Arbitration) - ART 75
[ ] Article 77 (Trusts)    - ART 77
[ ] Article 78    - ART 78
[ ] Incompetency  - INC
[ ] Guardianship  - GUARD
[ ] Other Mental Hygiene-MHYG
[ ] Other Special Proceeding - OSP

<u>OTHER ACTIONS</u>

[ ] Election  - ELEC
[ ] Other     - OTH

Check "YES" or "NO" for each of the following questions.

Is this action/proceeding against a

YES  NO                           YES   NO
[ ] [X]  Municipality:            [ ]  [X]  Public Authority:

(specify _____) (specify _____)

YES  NO
[ ] [X] Does this action/proceeding seek equitable relief?
[ ] [X] Does this action/proceeding seek recovery for personal
        injury?
[ ] [X] Does this action/proceeding seek recovery for property
        damage?

B-383