# Exhibit C
# Part 3

# EXHIBIT 6

# UNDER SEAL

**EXHIBIT 7**

## Blumenthal, Daniel A.

| | |
|---|---|
| **From:** | NANANDED@aol.com |
| **Sent:** | Wednesday, January 10, 2007 2:00 PM |
| **To:** | Hajost, Theresa W.; Jschiavone@budd-larner.com; Blumenthal, Daniel A.; Jleonard@budd-larner.com |
| **Cc:** | abrotter@socal.rr.com; deputy@iicil.org |
| **Subject:** | Global - Argonaut (QS) |

-------------------------------------------------------

In the Matter of the Arbitration Between        Arthur C. Brotter

Global Reinsurance Corporation                    Richard L. White
     - U.S. Branch,

                                     Edmond F. Rondepierre
                                         Umpire

                 Petitioner,

      - and -

Argonaut Insurance Company,

                Respondent.

-------------------------------------------------------

## AWARD

Having considered the submissions and arguments of Counsel, the testimony of witnesses at the hearing and the record in this arbitration a majority of the Panel rules as follows:

The commutation payments that Gerling seeks to cede to Argonaut are not claims, losses nor settlements within the terms or the meaning of the retrocessional agreements. The agreements make no provision for claims submitted in bulk or blanket form, nor for payments on a non risk – specific basis or an estimated basis. The agreements provide no authority for the unilateral acceleration of the retrocessionaires obligations. Argonaut is not required to pay the amounts sought by Global in this arbitration.

This order does not alter Argonaut's obligations under the retrocessional agreements. Argonaut may be obligated to pay claims submitted in the form required by those agreements.

                                      Arthur Brotter

Edmond F. Rondepierre
Umpire

10 January 2007

## DISSENT OF ARBITRATOR RICHARD L. WHITE

Re: Quota Share Retrocession Agreement for Facultative Casualty Business #4158/QS31 ("Quota Share") and First Surplus Facultative Casualty Retrocession Contract #6103/QS73 ("Surplus") [collectively the "Retrocessional Agreements"]

With this Award the majority affirms that the commutation payments which Global seeks to cede to Argonaut are not settlements within the terms or the meaning of the Retrocessional Agreements; I disagree. In my view, the majority's ruling is incorrect because it does not comport with (1) the nature, i.e., the characteristics, of quota share reinsurance generally, (2) the language of the Retrocessional Agreements specifically, in particular the Quota Share agreement, and (3) reinsurance custom and practice.

Quota share reinsurance is proportional reinsurance in which the reinsurer assumes an agreed percentage of each risk insured. Because these parties are reinsurers, the agreed percentage would apply to each facultative risk reinsured. Absent some provision in the contract to the contrary, the loss experience of the reinsurer and retrocessionaire is intended to be proportionally identical.

So congruent is quota share reinsurance that such contracts need only have an accounts and reporting provision to effect payment between contracting parties. In contrast, these Retrocessional Agreements include a Loss Settlements provision which underscores the parties' intention that this reinsurance protection will be something more than the standard "follow the liability of the reinsured" coverage.

Indeed, the coverage augmentation of these loss settlement clauses provides: that the reinsurer (here, the retrocedent, Global), "…**alone** will settle all claims and such settlements shall **under all circumstances** be binding on the Retrocessionaires in accordance with the terms of this Agreement." (Quota Share Article VII, 1.) and "**All** payment of claims made by the Company [Global] will be binding upon the Retrocessionaires." (Surplus Article VIII, B.) [Emphasis added]

Now it is true that unlike the typical commercial contract, reinsurance contract provisions often rely for their understanding on the trade usage and practice of the reinsurance industry. Such custom and practice, however, may amplify contract provisions but it may not contradict those provisions. Consider the Retrocessional Agreements in this dispute. Argonaut presented evidence at the Hearing (albeit disputed by Global) that notice of the commutations was not provided, or if arguably provided, such notice was insufficient. This lack (or insufficiency) and the related retrocessionaire concurrence, it was argued, was fatal to Global's ability to cede the commutation payments.

6/15/2007

Evidence was provided that at least twenty-two retrocessionaires reinsured Global on the affected contracts. The majority's ruling doesn't indicate whether a substantial concurrence, say, 25% would have been sufficient to permit billing or if a majority or indeed a supermajority concurrence would have done the job. A fair reading of our Award is that unanimity would be required for Global to successfully bill the commutation payments. This principle of collegiality, as it were, is nowhere in the Retrocessional Agreements. Moreover, there is nothing in the record that remotely suggested custom and practice embraced such unanimity. Indeed, independent of the record in this dispute, it is difficult to imagine a situation where trade usage for a ceded commutation transaction, would require the unanimity of retrocessionaire concurrence and the inevitable Babel-like communication of so many voices.

The commutation payments in this arbitration, paid in connection with an arms length transaction between Global and certain ceding companies, relieved Global and its retrocessionaires of all liability pursuant to the subject facultative certificates. Despite this extraordinary relief and the explicit loss settlement provisions of the Retrocessional Agreements, our Award sanctions Argonaut's refusal to pay its proportion of the commutation payments. Notwithstanding the high personal regard I have for my co-panelists, I respectfully dissent.

_____
Richard L. White, Arbitrator

Dated:  January 10 , 2007

6/15/2007

**EXHIBIT 8**

**Blumenthal, Daniel A.**

| | |
|---|---|
| **From:** | NANANDED@aol.com |
| **Sent:** | Thursday, March 01, 2007 10:29 AM |
| **To:** | Jschiavone@budd-larner.com; Hajost, Theresa W. |
| **Cc:** | deputy@iicil.org |
| **Subject:** | Global - Argonaut |

Barring mistake or ambiguity, the Panel lacks authority to "clarify" its order.

The majority of the former Panel members have reviewed the order, including the majority and dissenting decisions, and each of us has found that there is no mistake or ambiguity and that the order clearly and accurately states the conclusions reached by the Panel.

Edmond F. Rondepierre
Arthur C. Brotter

---

AOL now offers free email to everyone. Find out more about what's free from AOL at **AOL.com**.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
AOL now offers free email to everyone. Find out more about what's free from AOL at
http://www.aol.com.

6/15/2007

| | | |
|---|---|---|
| In the Matter of the Arbitration Between | : | Members of the Panel: |
| | : | |
| Gerling Global Reinsurance Corp. – U.S. Branch ("Global") | : | Arthur C. Brotter, Arbitrator |
| | : | Richard L. White, Arbitrator |
| | : | Edmond J. Rondepierre, Umpire |
| Petitioner, | : | |
| - and - | : | |
| | : | |
| Argonaut Insurance Company ("Argonaut") | : | |
| | : | |
| Respondent | : | |

## RESPONSE OF ARBITRATOR RICHARD L. WHITE

Re: Quota Share Retrocession Agreement for Facultative Casualty Business #4158/QS31 ("Quota Share") and First Surplus Facultative Casualty Retrocession Contract #6103/QS73 ("Surplus") [collectively the "Retrocessional Agreements"]

On February 12, 2007 Global submitted its Motion to Clarify the Panel's January 10, 2007 Award. Argonaut responded on February 15th and Global replied on February 22, 2007. Arbitrator Brotter and Umpire Rondepierre respond that their review of the Award indicates no ambiguity therein and accordingly under the doctrine of *functus officio*, the Panel is powerless to act (See Rondepierre email of March 1, 2007).

While I concur with Messrs. Brotter and Rondepierre that there is no ambiguity in the Award as we read it, the parties' motion papers indicate otherwise. Since it is the parties who must implement the award and since both parties cite to my Dissent, I respond to clarify the apparent ambiguity in the terms of my Dissent.

The term "commutation payments" in the Dissent refers to that portion of the Global cash payments pursuant to the commutation agreements between Global and its cedents AIG and Home that were billed to Argonaut under the Retrocessional Agreements and which were the subject of the arbitration before this Panel.

1

In the insurance and reinsurance industry, commutations discharge a reinsurer's present and future obligations to its cedent with a current consideration, typically a cash payment. The Dissent reflects a conviction that Argonaut is responsible for its share of the Global "commutation payments." The Dissent did not mean that relief from that responsibility by virtue of the Panel's Award, permanently relieved Argonaut of responsibility for the actual value of AIG and Home future claim payments and settlements billed by Global pursuant to the provisions of the Retrocessional Agreements.


Richard L. White
Arbitrator


March 1, 2007

2

# EXHIBIT 9

**BUDD LARNER**

A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NJ 07078-2703
973.379.4800
FAX 973.379.7734
www.buddlarner.com

WRITER'S DIRECT DIAL: (973) 315-4434
WRITER'S DIRECT E-MAIL: jleonard@budd-larner.com

March 14, 2007

DEMAND FOR ARBITRATION

BY TELECOPIER AND CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Argonaut Insurance Co.
c/o Insurance Run-Off Consultants
8750 West Bryn Mawr, Suite 1300
Chicago, Illinois  60631

Attention:  Mr. Donald J. Buyck

      Re:  In the Matter of the Arbitration Between GLOBAL
          Reinsurance Corp. - U.S. Branch and Argonaut
          Insurance Co.
      First Surplus Contract
      Quota Share Contract

Dear Mr. Buyck:

      This firm is counsel to GLOBAL Reinsurance Corp. - U.S.
Branch ("U.S. Branch"), located at 1345 Avenue of the Americas,
New York, New York.   U.S. Branch hereby gives notice of its
intent to arbitrate against Argonaut Insurance Co. ("Argonaut")
all disputed issues relating to the following:

      1.   Whether, pursuant to the 10 January 2007 Award in the
Quota Share Arbitration between the parties, U.S. Branch is
entitled to bill Argonaut in the future as claims actually
develop on the underlying reinsurance agreements between U.S.
Branch and AIG and between U.S. Branch and Home;

      2.   Whether Argonaut is obliged to process and pay such
billings in accordance with the Protocols attached hereto; and

NEW YORK          CHERRY HILL          SHORT HILLS          PHILADELPHIA          ATLANTA

**BUDD LARNER**

A PROFESSIONAL CORPORATION

Mr. Donald J. Buyck
March 14, 2007
Page 2

3. Whether Argonaut acted in bad faith by asserting that
(a) the 10 January 2007 Award means that U.S. Branch is forever
and conclusively foreclosed from seeking any recovery from
Argonaut under the retrocessional agreements for any loss of any
kind relating to AIG or Home, and (b) it is not obliged to
process and pay AIG and Home-related billings in accordance with
the Protocols.

In addition, U.S. Branch will seek an award for the full amount
due from Argonaut at the time of hearing under the reinsurance
contracts referenced above in connection with the underlying
reinsurance agreements between U.S. Branch and AIG and between
U.S. Branch and Home, and an award of interest, attorneys' fees,
punitive damages, and other appropriate relief.

U.S. Branch hereby demands that Argonaut appoint and
identify its arbitrator within thirty (30) days. In the event
that Argonaut fails to appoint and identify its arbitrator
within that time, U.S. Branch will appoint Argonaut's arbitrator
on its behalf.

Very truly yours,

Jeffrey S. Leonard

JSL:fc
Enclosure
633495-W
cc:  Theresa W. Hajost, Esq. (by E-mail)
     Joseph J. Schiavone, Esq.
     Virginia A. Pallotto, Esq.

## PROTOCOLS FOR PROCESSING CLAIMS INVOLVING AIG AND HOME

1. The procedure for billings on a going forward basis would require Global to continue to handle claims, but this would require a "minimal" level of diligence on Global's part. Audits of Global's cedent would not be required.

2. The concept of follow the settlements would apply.

3. In order for Global to be entitled to bill Argonaut, there would be no requirement that Global pay claims with "new" money; Global would approve claims for payment but not actually pay them. If the approval was appropriate given the "minimal diligence" required of Global, then Argonaut would pay. Global would not be required to obtain bills to it from cedents with which it has commuted.

4. No cap would apply to Global's billings to Argonaut (except as set forth in the applicable retrocessional contracts). Argonaut recognizes that it took a business risk and made a business decision that it did not want the benefit or the burden of the commutation. Accordingly, if Argonaut were billed more on a particular claim than it had been billed as part of the commutation, then the larger amount would be applicable. Similarly, if a claim developed against a contract to which no commutation allocation had been made, this would not be an impediment to recovery. Nor would the total amount paid by Global be a cap on the amounts recoverable from Argonaut.

629618.W

# EXHIBIT 10

# HALLORAN
# &SAGE LLP
ATTORNEYS AT LAW

THERESA W. HAJOST  Direct 202 263-4971  hajost@halloran-sage.com
Admitted in Maryland and Washington, DC

April 11, 2007

**Via Facsimile and Email**

Jeffrey S. Leonard, Esquire
Budd Larner
150 John F. Kennedy Parkway
CN 1000
Short Hills, New Jersey  07078-0999
jleonard@budd-larner.com

Re:   In the Matter of the Arbitration Between Global Reinsurance
Corp. - U.S. Branch and Argonaut Insurance Company (First Surplus
Contract and Quota Share Contract)

Dear Mr. Leonard:

This responds to your letter dated March 14, 2007 to Argonaut Insurance
Company ("Argonaut") and your subsequent letter of March 26, 2007, apparently sent
after you realized that you had incorrectly addressed your March 14, 2007 letter.  In
responding to those letters, Argonaut does not waive any arguments with regard to the
effective date of your arbitration demand.

The "issues" that Global intends to arbitrate are not arbitrable under the
arbitration clauses of the contracts referenced in your letters.  Argonaut is appointing an
arbitrator only to preserve its rights and does not waive its right to request that a court
determine whether the "issues" listed by Global are in fact arbitrable.

Argonaut appoints Paul C. Thomson, III as its arbitrator for this matter in the
event that it proceeds to arbitration.  A copy of Mr. Thomson's ARIAS profile is attached
for your convenience.

Very truly yours,

Theresa W. Hajost

TWH/tlc

Attachment

Cc:  Paul C. Thomson, III

1730 Pennsylvania Ave. NW, Suite 800, Washington, D.C. 20006    202 496-9270    Fax 202 496-9279    www.halloran-sage.com
Washington, D.C.  /  Hartford  /  Middletown  /  Westport

ARIAS·U.S. Arbitrator

« Previous  |  282 of 321  |  Next »

### Paul C. Thomson III

**Certified Arbitrator**



**IMPROVING ARBITRATION**

#### Current Employment

Company: **Reassess, Inc.**

Position: Insurance and Reinsurance Consultant - Testimonial and consulting expert - Inspection of record and audit work - Portfolio assessment projects - Commutation and due diligent work

Address: 81 Bay Avenue
Halesite, NY 11743-1206

Phone: 631-673-1243

Fax: 631-547-8419

Email: reassess@verizon.net

Website: www.reassessinc.com

Attorney: No

#### Previous Employment

Company: **SORENA North America Reinsurance Company (Included Fulcrum Insurance Company)**

Position: Vice President, Claims Director

#### Principal Areas of Insurance/Reinsurance Experience

Claims, contract wording and legal.

#### Other Information

Approved Arbitrator - International Association of Insurance Receivers (www.IAIR.org). Approved for consulting and testimonial expert witness and audit work by the Liquidation Bureaus of California, Florida and New York. Curriculum vitae listed with the RAA Arbitrators Directory at www.reinsurancearbitrators.com

#### Years of Experience

**Insurance Company:** 6

**Reinsurance Company:** 12

**Other:** Consultant 12

#### Number of Arbitrations

As an Arbitrator: **83**

As an Umpire: 7

#### Completed Arbitrations (Award Issued)

As an Arbitrator: **23**

As an Umpire: 2

#### Search Keywords

#### Professional Background



■ Claims Department
■ Former Insurance Company Officer
■ Former Reinsurance Company Officer

**Insurance**               **Reinsurance**

■ Excess/Surplus          ■ Architects & Engineers
  Lines                   ■ Asbestos
                          ■ Directors & Officers
                          ■ Employment Practices
                            Liability
                          ■ Environmental/Pollution
                          ■ Excess/Surplus Lines
                          ■ Workers' Compensation

**site by**

Ecommerce Solutions, Shopping Cart Software, Web Content
Management, Internet Marketing

**EXHIBIT 11**

150 John F. Kennedy Parkway, CN 1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
(973) 379-7734 (Fax)



**Budd Larner, P.C.**

# Fax

| | | | |
|---|---|---|---|
| **To:** | Theresa W. Hajost, Esq. | **Fax:** | 202-496-9279 |
| **From:** | Jeffrey S. Leonard, Esq. | **Pages:** | 4 |
| **Re:** | In the Matter of the Arbitration Between GLOBAL Reinsurance Corp. – U.S. Branch and Argonaut Insurance Co. First Surplus Contract Quota Share contract | **Date:** | 4/26/2007 |

**C/M #:** 7204-31

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● **Comments:**

IF THERE ARE ANY PROBLEMS IN RECEIVING THIS TELECOPIER MESSAGE, PLEASE CALL THE FOLLOWING NUMBER:  (973) 379-4800, EXT. 8488 - Telecopier Operator.

TRANSMITTED _____ AM/PM

BY: _____

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY THE TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

625080.w

# BUDD LARNER
### A PROFESSIONAL CORPORATION
### COUNSELLORS AT LAW

150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NJ 07078-2703
973.379.4800
FAX 973.379.7734
www.buddlarner.com

WRITER'S DIRECT DIAL: (973) 315-4434
WRITER'S DIRECT E-MAIL: jleonard@budd-larner.com

April 26, 2007


BY TELECOPIER AND FIRST CLASS MAIL

Theresa W. Hajost, Esq.
Halloran & Sage, LLP
1730 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006

> Re:  In the Matter of the Arbitration Between GLOBAL
>      Reinsurance Corp. - U.S. Branch and Argonaut
>      Insurance Co.
>      First Surplus Contract
>      Quota Share Contract

Dear Ms. Hajost:

GLOBAL Reinsurance Corp. - U.S. Branch hereby appoints Richard L. White as its arbitrator in this matter. A copy of Mr. White's CV from the ARIAS website is enclosed. Mr. White will soon contact your client's appointed arbitrator, Paul Thomson, to commence umpire selection.

Very truly yours,

Jeffrey S. Leonard

JSL:fc
638369-W
cc:  Mr. Richard L. White (by E-mail)


NEW YORK        CHERRY HILL        SHORT HILLS        PHILADELPHIA        ATLANTA



## Richard L. White
### Certified Arbitrator



IMPROVING
ARBITRATION

### Personal Information

Address:  58 Pine Blvd.
Cedar Knolls, NJ 07927

Phone:  973-292-2421

### Current Employment

Company:  Integrity Insurance Company in Liquidation, MIXX Insurance Company in Rehabilitation

Position:  Deputy Liquidator/Deputy Rehabilitator - Responsible for orderly wind-up of the Estate's obligations affecting claims allowance, reinsurance collections and litigation management.

Address:  49 E. Midland Avenue Paramus, NJ 07652

Phone:  201-261-8938

Fax:  201-262-0249

Email:  deputy@iicil.org

Attorney:  No

### Previous Employment

Company:  The Resolution Group (a subsidiary of Talegen & Crum & Forster)

Position:  Sr. VP, responsible for establishing financial, systems, and human resources functions for insurance run-off organizations as a result of restructuring plan approved by Insurance Departments of all fifty states.

### Credentials

Certified Public Accountant

### Principal Areas of Insurance/Reinsurance Experience

Financial (Insurance/Reinsurance); Commutation/Collection of Reinsurance; Allocation of Reinsurance.

### Other Information

Investment Income Chapter Property-Liability Insurance Textbook, The College of Insurance 1984) Mealey's Insurance Insolvency: "Receivership: A Conventional Commitment or Expeditious Solution," June 1, 1996; Mealey's Insurance Insolvency: "Agglomerators: A Tonic for Insolvency," October 10, 1996; Mealey's Insurance Insolvency: "Truncation and Reinsurer Objections," May 7, 1997; Best's Review: What Am I Bid? - "An Endgame for Rejuvenation;" Mealey's Environmental Conference: "Insolvency Claims - 'The Emperor's Old Clothes,'" November, 1997; Mealey's Litigation Reports: "Reinsurance; Alternatives to Estimation of Claims and Acceleration of Reinsurance Recoverables," May 6, 1998; Mealey's Insurance Insolvency Conference: "Early Closing of Insolvent Insurers." Outsourcing to Guarantee Associations, May 2-3, 1999; Mealey's Reinsurance: "Hal Jodice" (under nom de plume Pollux), March 17, 2005.

### Years of Experience

Insurance Company: 13

Reinsurance Company: 2

Other: Insolvency for 11 years

### Number of Arbitrations

As an Arbitrator: 24

As an Umpire: 28

### Completed Arbitrations (Award Issued)

As an Arbitrator: 12

As an Umpire: 13



**EXHIBIT 12**

# HALLORAN &SAGE LLP

### ATTORNEYS AT LAW

THERESA W. HAJOST  Direct 202 263-4971  hajost@halloran-sage.com
Admitted in Maryland and Washington, DC

May 14, 2007

**Via Facsimile and Email**

Jeffrey S. Leonard, Esquire
Budd Larner
150 John F. Kennedy Parkway
CN 1000
Short Hills, New Jersey 07078-0999
jleonard@budd-larner.com

Re:    In the Matter of the Arbitration Between Global Reinsurance
Corp. - U.S. Branch and Argonaut Insurance Company (First Surplus
Contract and Quota Share Contract)

Dear Mr. Leonard:

I have reviewed your letter appointing Richard White as Global's arbitrator in the captioned matter.  As Mr. White served as Global's arbitrator in the matter for which Global is seeking review, it is improper for Global to also name him in this matter. Additionally, Mr. White may be called as a witness in this matter.  Therefore, Argonaut hereby demands that Global replace Mr. White within thirty (30) days from the date of this letter.  In the event that Global does not replace Mr. White, Argonaut will, consistent with the contract terms, appoint an arbitrator on Global's behalf.

As noted in my letter to you of April 11, 2007, Argonaut does not consider Global's demand to be an arbitrable matter.  Argonaut continues to reserve its right to request that a court determine whether Global's demand is in fact arbitrable.

Very truly yours,

Theresa Hajost /DAB

Theresa W. Hajost

TWH/tlc

Cc:  Paul C. Thomson, III

1730 Pennsylvania Ave. NW, Suite 800, Washington, D.C. 20006    202 496-9270    Fax 202 496-9279    www.halloran-sage.com
Washington, D.C. / Hartford / Middletown / Westport

**EXHIBIT 13**

# RECEIVED

**MAY 1 6 2007**

**ARGONAUT INS CO**

GLOBAL REINSURANCE CORPORATION - U.S. BRANCH
1345 SIXTH AVENUE, 20th FLOOR
NEW YORK, N. Y.10105    TELEPHONE NO. (212) 754-7500

## STATEMENT OF ACCOUNT

Re: Contract Description:    6103    FACULTATIVE CASUALTY FIRST SURPLUS

Accounting Period:    AIG -    May 15, 2007                    Underwriting Year:  1973 - 1980

To: ARGONAUT INSURANCE COMPANY
123 N. WACKER DRIVE,  SUITE 2210
CHICAGO, IL  60606                              Date Prepared:  May 15, 2007

| CURRENCY: U.S. $ | DEBIT | CREDIT |
|---|---|---|
| Portfolio Entry/Withdrawal | | |
| Commission on Portfolio Entry/Withdrawal | | |
| Loss Reserve Entry/Withdrawal | | |
| Premiums Written | | |
| Commission @ | | |
| Overriding Commission @ | | |
| Losses | 14,291.87 | |
| Adjustment Expenses | 2,722.66 | |
| Federal Excise Tax | | |
| Premium Reserve Deposit | | |
| Loss Reserve Deposit | | |
| Interest on Deposit | | |
| Balance Due     (O U R  F A V O R) | | 17,014.53 |
| | $17,014.53 | $17,014.53 |

| | | |
|---|---|---|
| Unearned Premium End of Period ..... | $0.00 | |
| Outstanding Losses End of Period ... | $244,758.96 | $0.00 IBNR |
| Total Deposit as of ................. | $244,758.96 | $0.00 ACR |

Please send inquiries to:  Joan Burke
Retro Account Analyst
Direct # :    (212) 821-0490
Fax # :    (212) 821-0459

and/or:    Rina Sorey - Assistant Vice President

**GLOBAL REINSURANCE CORP. U.S. BRANCH**

15-May-07

**6100**
**FACULTATIVE CASUALTY FIRST SURPLUS**
AIG · May 15, 2007

| LOSSES | YEARS | 100% |
|---|---|---|
| | 1973 | 13,098.60 |
| | 1974 | 135,413.65 |
| | 1975 | 43,997.28 |
| | 1976 | 0.00 |
| | 1977 | 0.00 |
| | 1978 | 0.00 |
| | 1979 | 0.00 |
| | 1980 | 0.00 |
| | | 192,509.53 |

| ADJUSTMENT EXPENSES | YEARS | 100% |
|---|---|---|
| | 1973 | 15,384.63 |
| | 1974 | 16,091.73 |
| | 1975 | 22,558.50 |
| | 1976 | 0.00 |
| | 1977 | 0.00 |
| | 1978 | 0.00 |
| | 1979 | 0.00 |
| | 1980 | 0.00 |
| | | 54,034.86 |

| OUTSTANDING LOSSES | YEARS | 100% |
|---|---|---|
| | 1973 | 172,286.43 |
| | | 0.00 ACR |
| | 1974 | 1,967,851.35 |
| | | 0.00 ACR |
| | 1975 | 1,925,216.08 |
| | | 0.00 ACR |
| | 1976 | 0.00 |
| | | 0.00 ACR |
| | 1977 | 0.00 |
| | | 0.00 ACR |
| | 1978 | 0.00 |
| | | 0.00 ACR |
| | 1979 | 0.00 |
| | | 0.00 ACR |
| | 1980 | 0.00 |
| | | 0.00 ACR |
| | | 4,065,353.86 |

FACULTATIVE CASUALTY FIRST SURPLUS TREATY

AMERICAN INTERNATIONAL GROUP, INC.

| Ceding Company | Insured | Certificate | Date of Loss | Claim | GLOBAL Loss this period | GLOBAL Exp this period | Treaty % | Ceded Loss | Ceded Expense | GLOBAL share of O/S Loss | GLOBAL share of O/S Exp | Ceded Reserve | Argo Loss Bill | Argo Expense Bill | Argo Reserve | Proration Cut off (w/s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LEXINGTON INS | PPG INDUSTRIES   AS | 7114387 | 09/24/1973 | 03596 | 0.00 | 8,284.64 | 0.500 | 0.00 | 4,142.32 | 200.00 | 0.00 | 100.00 | 0.00 | 310.87 | 7.50 | 1 |
| LEXINGTON INS | COMBUSTION ENGINE AS | 7115828 | 05/24/1974 | 16276 | 0.00 | 0.00 | 0.333 | 0.00 | 0.00 | 5,000,000.00 | 166,261.83 | 1,718,420.61 | 0.00 | 0.00 | 128,691.55 | 1 |
| LEXINGTON INS | FLINTKOTE COMPANY AS | 7115886 | 02/01/1974 | 04312 | 207,103.66 | 38,823.45 | 0.333 | 99,034.55 | 12,941.15 | 132,862.40 | 6,000.00 | 46,287.47 | 7,427.59 | 970.59 | 3,471.56 | 1 |
| INS CO OF STA | KAISER CEMENT & GYAS | 7205492 | 01/01/1974 | 15074 | 0.00 | 0.00 | 0.333 | 0.00 | 0.00 | 0.10 | 425.30 | 141.80 | 0.00 | 0.00 | 10.64 | 1 |
| | | | Total | | 207,103.66 | 38,823.45 | | 99,034.55 | 12,941.15 | 5,132,862.50 | 161,687.13 | 1,764,849.88 | 7,427.59 | 970.59 | 132,363.74 | |
| LEXINGTON INS | COMBUSTION ENGINE AS | 7115828 | 09/24/1975 | 16279 | 0.00 | 0.00 | 0.333 | 0.00 | 0.00 | 5,000,000.00 | 173,992.99 | 1,725,231.00 | 0.00 | 0.00 | 78,698.89 | 222/365 |
| AMERICAN HOME | CORNING GLASS WORKAS | 7115488 | 02/01/1975 | 04197 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 666.67 | 668.87 | 666.67 | 0.00 | 0.00 | 46.76 | 334/365 |
| LEXINGTON INS | FLINTKOTE COMPANY AS | 7115886 | 02/01/1975 | 04313 | 63,054.33 | 5,517.99 | 0.333 | 21,018.11 | 1,839.33 | 77,956.65 | 0.00 | 25,985.52 | 1,442.48 | 126.23 | 1,783.39 | 334/365 |
| INS CO OF STA | KAISER CEMENT & GYAS | 7205492 | 01/01/1975 | 09236 | 0.00 | 0.00 | 0.333 | 0.00 | 0.00 | 0.10 | 99.20 | 33.10 | 0.00 | 0.00 | 2.48 | 1 |
| AMERICAN HOME | WESTINGHOUSE ELEC AS | 7118738 | 01/01/1975 | 04771 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 606.24 | 1,041.53 | 822.39 | 0.00 | 0.00 | 61.75 | 1 |
| | | | Total | | 63,054.33 | 5,517.99 | | 21,018.11 | 1,839.33 | 5,079,226.66 | 177,500.38 | 1,762,739.67 | 1,442.48 | 126.23 | 80,592.27 | |
| NEW HAMPSHIRE | STATE OF CALIFORN HW | 7205425 | 09/20/1973 | 14531 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 339,000.00 | 5,372.65 | 172,186.43 | 0.00 | 0.00 | 12,913.98 | 1 |
| INS CO OF STA | TELEDYNE INC     HW | 7205472 | 11/01/1973 | 09219 | 26,197.20 | 22,484.62 | 0.500 | 13,098.60 | 11,242.31 | 0.00 | 0.00 | 0.00 | 962.40 | 843.17 | 0.00 | 1 |
| | | | Total | | 26,197.20 | 22,484.62 | | 13,098.60 | 11,242.31 | 339,000.00 | 5,372.65 | 172,186.43 | 962.40 | 843.17 | 12,913.98 | |
| LEXINGTON INS | COTTER CORP     HW | 7115152 | 01/01/1974 | 14724 | 0.00 | 0.00 | 0.250 | 0.00 | 0.00 | 100,000.00 | 21,978.09 | 30,494.52 | 0.00 | 0.00 | 2,287.09 | 1 |
| INS CO OF STA | KAISER INDUSTRIES HW | 7205559 | 01/01/1974 | 09294 | 0.00 | 0.00 | 0.333 | 0.00 | 0.00 | 6.10 | 327.90 | 111.33 | 0.00 | 0.00 | 8.35 | 1 |
| NEW HAMPSHIRE | STATE OF CALIFORN HW | 7205425 | 09/20/1974 | 14533 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 339,000.00 | 5,791.22 | 172,395.62 | 0.00 | 0.00 | 12,929.67 | 1 |
| INS CO OF STA | TELEDYNE INC     HW | 7205472 | 11/01/1974 | 09220 | 27,133.20 | 112.40 | 0.500 | 13,566.60 | 56.20 | 0.00 | 0.00 | 0.00 | 1,917.50 | 4.22 | 0.00 | 1 |
| NEW HAMPSHIRE | TEXACO INC ET AL HW | 7205521 | 01/01/1974 | 14784 | 45,625.00 | 6,188.76 | 0.500 | 22,812.50 | 3,094.38 | 0.00 | 0.00 | 0.00 | 1,710.94 | 232.09 | 0.00 | 1 |
| | | | Total | | 72,758.20 | 6,301.16 | | 36,379.10 | 3,150.58 | 439,006.10 | 28,097.22 | 203,001.47 | 2,728.43 | 236.29 | 15,225.11 | |
| INS CO OF STA | KAISER INDUSTRIES HW | 7205559 | 01/01/1975 | 15264 | 0.00 | 0.00 | 0.333 | 0.00 | 0.00 | 6.10 | 327.90 | 111.33 | 0.00 | 0.00 | 8.35 | 1 |
| NEW HAMPSHIRE | STATE OF CALIFORN HW | 7205425 | 09/20/1975 | 14535 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 339,000.00 | 5,730.15 | 172,365.08 | 0.00 | 0.00 | 3,648.00 | 103/365 |
| NEW HAMPSHIRE | TEXACO INC ET AL HW | 7205521 | 01/01/1975 | 14977 | 45,625.00 | 8,186.76 | 0.500 | 22,812.50 | 3,094.38 | 0.00 | 0.00 | 0.00 | 1,710.94 | 232.09 | 0.00 | 1 |
| INS CO OF STA | TEXAS EASTERN TRA HW | 7206100 | 12/31/1975 | 09464 | 656.67 | 70,499.16 | 0.250 | 166.67 | 17,624.79 | 0.00 | 0.00 | 0.00 | 0.03 | 3.62 | 0.00 | 1/365 |
| | | | Total | | 46,281.67 | 76,687.92 | | 22,979.17 | 20,719.17 | 339,006.10 | 6,058.05 | 172,476.41 | 1,710.97 | 235.70 | 3,656.35 | |
| | | Retro 8103 Totals | | | 505,405.06 | 158,098.77 | | 192,509.53 | 54,034.86 | 11,329,303.26 | 378,715.63 | 4,086,353.85 | 14,291.67 | 2,722.68 | 244,759.96 | |

**GLOBAL REINSURANCE CORPORATION - U.S. BRANCH**
1345 SIXTH AVENUE, 20th FLOOR
NEW YORK, N.Y.10105    TELEPHONE NO. (212) 754-7500

**STATEMENT OF ACCOUNT**

Re: Contract Description:    6103    FACULTATIVE CASUALTY FIRST SURPLUS

Accounting Period:    HOME INS.  May 15, 2007              Underwriting Year:  1973 - 1980

To: ARGONAUT INSURANCE COMPANY
123 N. WACKER DRIVE, SUITE 2210
CHICAGO, IL 60696                         Date Prepared: May 15, 2007

| CURRENCY: U.S. $ | DEBIT | CREDIT |
|---|---|---|
| Portfolio Entry/Withdrawal | | |
| Commission on Portfolio Entry/Withdrawal | | |
| Loss Reserve Entry/Withdrawal | | |
| Premiums Written | | |
| Commission @ | | |
| Overriding Commission @ | | |
| Losses | 28,031.62 | |
| Adjustment Expenses | 788.15 | |
| Federal Excise Tax | | |
| Premium Reserve Deposit | | |
| Loss Reserve Deposit | | |
| Interest on Deposit | | |
| | | |
| Balance Due        (O U R  F A V O R) | | 28,819.77 |
| | $28,819.77 | $28,819.77 |

| | | |
|---|---|---|
| Unearned Premium End of Period ..... | $0.00 | |
| Outstanding Losses End of Period ... | $56,528.03 | $0.00 IBNR |
| Total Deposit as of ................. | $56,526.03 | $0.00 ACR |

Please send inquiries to:   Joan Burke
                            Retro Account Analyst
            Direct # :      (212) 821-0490
            Fax # :         (212) 821-0459

            and/or:     Rina Sorey - Assistant Vice President

## GLOBAL REINSURANCE CORP. U.S. BRANCH

15-May-07

**6100**
**FACULTATIVE CASUALTY FIRST SURPLUS**
Home Ins. Co. -    May 15, 2007

| LOSSES | YEARS | 100% |
|---|---|---|
| | 1973 | 283,268.04 |
| | 1974 | 39,204.25 |
| | 1975 | 68,518.10 |
| | 1976 | 0.00 |
| | 1977 | 0.00 |
| | 1978 | 0.00 |
| | 1979 | 0.00 |
| | 1980 | 0.00 |
| | | 390,990.39 |

| ADJUSTMENT EXPENSES | | |
|---|---|---|
| | 1973 | 9,396.14 |
| | 1974 | 0.00 |
| | 1975 | 2,654.09 |
| | 1976 | 0.00 |
| | 1977 | 0.00 |
| | 1978 | 0.00 |
| | 1979 | 0.00 |
| | 1980 | 0.00 |
| | | 12,050.23 |

| OUTSTANDING LOSSES | | |
|---|---|---|
| | 1973 | 131,237.50 |
| | | 0.00 ACR |
| | 1974 | 272,750.65 |
| | | 0.00 ACR |
| | 1975 | 437,106.56 |
| | | 0.00 ACR |
| | 1976 | 0.00 |
| | | 0.00 ACR |
| | 1977 | 0.00 |
| | | 0.00 ACR |
| | 1978 | 0.00 |
| | | 0.00 ACR |
| | 1979 | 0.00 |
| | | 0.00 ACR |
| | 1980 | 0.00 |
| | | 0.00 ACR |
| | | 841,094.71 |

FACULTATIVE CASUALTY FIRST SURPLUS TREATY

HOME INSURANCE COMPANY

| Ceding Company | Insured | Certificate | Date of Loss | Claim | GLOBAL Loss this period | GLOBAL Exp this period | Treaty % | Ceded Loss | Ceded Expense | GLOBAL share of O/S Loss | GLOBAL share of O/S Exp | Ceded Reserve | Argo Loss Bill Expense Bill | Argo Expense Bill | Argo Reserve | Proration Cut off (wks) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HOME INSURANCE | GENERAL DYNAMICS AS | 7114028 | 07/01/1973 | 03224 | 69,937.50 | 0.00 | 0.500 | 34,968.75 | 0.00 | 220,807.00 | 0.00 | 110,303.50 | 2,622.66 | 0.00 | 8,272.76 | 1 |
| HOME INSURANCE | GENERAL DYNAMICS AS | 7114028 | 07/01/1974 | 03325 | 78,408.50 | 0.00 | 0.500 | 39,204.25 | 0.00 | 212,136.00 | 0.00 | 106,068.00 | 2,940.32 | 0.00 | 7,955.10 | 1 |
| HOME INSURANCE | GENERAL DYNAMICS AS | 7114028 | 7/1/1975 | 03326 | 69,513.00 | 0.00 | 0.500 | 34,756.50 | 0.00 | 221,031.50 | 0.00 | 110,515.75 | 1,314.08 | 0.00 | 4,176.40 | 184/365 |
| HOME INSURANCE | FLORIDA POWER AND GL | 7118306 | 05/02/1976 | 04577 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 11,232.68 | 2.21 | 5,617.44 | 0.00 | 0.00 | 421.31 | n/a |
| HOME INSURANCE | AMERICAN HOME P HW Boyle-Midway | 7114088 | 07/01/1973 | 18769 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 3,766.58 | 0.00 | 1,883.28 | 0.00 | 0.00 | 141.25 | 1 |
| HOME INSURANCE | AMERICAN HOME P HW CHEMSOL, NJ | 7114088 | 07/01/1973 | 18920 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 261.44 | 0.00 | 130.72 | 0.00 | 0.00 | 9.80 | 1 |
| HOME INSURANCE | AMERICAN HOME P HW Harmon Halador | 7114088 | 07/01/1973 | 18774 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 12,629.00 | 0.00 | 6,314.50 | 0.00 | 0.00 | 473.59 | 1 |
| HOME INSURANCE | AMERICAN HOME P HW Ninth Ave Dump | 7114088 | 07/01/1973 | 18920 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 1,368.67 | 0.00 | 684.33 | 0.00 | 0.00 | 51.33 | 1 |
| HOME INSURANCE | AMERICAN HOME P HW Tysons Lagoon | 7114088 | 07/01/1973 | 18775 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 23,842.33 | 0.00 | 11,921.17 | 0.00 | 0.00 | 894.09 | 1 |
| HOME INSURANCE | AMERICAN TEL HW - EDM | 7114186 | 10/15/1973 | 03494 | 276,827.54 | 9,736.21 | 0.200 | 55,365.51 | 1,947.24 | 0.00 | 0.00 | 0.00 | 4,152.41 | 146.04 | 0.00 | 1 |
| HOME INSURANCE | AMERICAN TEL HW - Haleva | 7114185 | 10/15/1973 | 03492 | 276,393.65 | 15,288.82 | 0.200 | 55,278.73 | 3,057.76 | 0.00 | 0.00 | 0.00 | 4,145.90 | 229.33 | 0.00 | 1 |
| HOME INSURANCE | AMERICAN TEL HW M & W | 7114185 | 10/15/1973 | 03493 | 688,275.27 | 21,955.68 | 0.200 | 137,655.05 | 4,391.14 | 0.00 | 0.00 | 0.00 | 10,324.13 | 329.34 | 0.00 | 1 |
| | Total | | | | 1,241,496.46 | 46,980.71 | | 248,299.28 | 9,396.14 | 41,868.00 | 0.00 | 20,934.00 | 18,622.45 | 704.71 | 1,570.05 | |
| HOME INSURANCE | AMERICAN HOME P HW Boyle-Midway | 7115764 | 07/01/1974 | 18768 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 3,766.58 | 0.00 | 1,883.28 | 0.00 | 0.00 | 141.25 | 1 |
| HOME INSURANCE | AMERICAN HOME P HW Chemical Centre | 7115764 | 07/01/1974 | 18922 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 1,926.67 | 0.00 | 963.35 | 0.00 | 0.00 | 72.25 | 1 |
| HOME INSURANCE | AMERICAN HOME P HW CHEMSOL, NJ | 7115764 | 07/01/1974 | 18922 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 261.44 | 0.00 | 130.72 | 0.00 | 0.00 | 9.80 | 1 |
| HOME INSURANCE | AMERICAN HOME P HW Harmon Halador | 7115764 | 07/01/1974 | 18772 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 12,629.00 | 0.00 | 6,314.50 | 0.00 | 0.00 | 473.59 | 1 |
| HOME INSURANCE | AMERICAN HOME P HW Ninth Ave Dump | 7115764 | 07/01/1974 | 18922 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 1,368.67 | 0.00 | 684.33 | 0.00 | 0.00 | 51.33 | 1 |
| HOME INSURANCE | AMERICAN HOME P HW Tysons Lagoon | 7115764 | 07/01/1974 | 18773 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 23,842.33 | 0.00 | 11,921.17 | 0.00 | 0.00 | 894.09 | 1 |
| | Total | | | | 0.00 | 0.00 | | 0.00 | 0.00 | 43,794.87 | 0.00 | 21,897.33 | 0.00 | 0.00 | 1,642.30 | |
| HOME INSURANCE | ROHM AND HAAS HW Lipari | 7116393 | 03/01/1975 | 18816 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 196,000.00 | 0.00 | 98,000.00 | 0.00 | 0.00 | 8,224.79 | 306/365 |
| HOME INSURANCE | ROHM AND HAAS HW Woodlands | 7116393 | 03/01/1975 | 18868 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 50,956.29 | 0.00 | 25,478.64 | 0.00 | 0.00 | 1,802.08 | 306/365 |
| HOME INSURANCE | ROHM AND HAAS HW Phila. | 7116393 | 03/01/1975 | 18817 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 80,707.43 | 0.00 | 40,353.71 | 0.00 | 0.00 | 2,537.31 | 306/365 |
| HOME INSURANCE | ROHM AND HAAS HW Bristol | 7116393 | 03/01/1975 | 04636 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 73,819.71 | 0.00 | 36,909.86 | 0.00 | 0.00 | 2,320.77 | 306/365 |
| HOME INSURANCE | SYNTEX CORP HW | 7114083 | 08/01/1975 | 03380 | 0.00 | 5,308.18 | 0.500 | 0.00 | 2,654.09 | 0.00 | 0.00 | 0.00 | 0.00 | 83.44 | 0.00 | 153/365 |
| | Total | | | | 0.00 | 5,308.18 | | 0.00 | 2,654.09 | 403,484.13 | 0.00 | 201,743.21 | 0.00 | 83.44 | 12,884.95 | |
| HOME INSURANCE | ASHLAND OIL & REF MT | 7114821 | 12/01/1973 | 15419 | 0.00 | 0.00 | 0.333 | 0.00 | 0.00 | 0.20 | 0.00 | 0.07 | 0.00 | 0.00 | 0.01 | 1 |
| HOME INSURANCE | ASHLAND OIL & REF MT | 7114821 | 12/01/1974 | 15420 | 0.00 | 0.00 | 0.333 | 0.00 | 0.00 | 0.20 | 0.00 | 0.07 | 0.00 | 0.00 | 0.01 | 1 |
| HOME INSURANCE | ABBOTT LABORATORI DE | 7114582 | 01/01/1974 | 03696 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 200.00 | 0.00 | 100.00 | 0.00 | 0.00 | 7.50 | 1 |
| HOME INSURANCE | SQUIBB CORP ET AL DE | 7114523 | 01/01/1974 | 03682 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 289,370.50 | 0.00 | 144,685.25 | 0.00 | 0.00 | 10,851.39 | 1 |
| | Total | | | | 0.00 | 0.00 | | 0.00 | 0.00 | 289,570.70 | 0.00 | 144,785.32 | 0.00 | 0.00 | 10,858.90 | |
| HOME INSURANCE | ASHLAND OIL & REF MT | 7118345 | 02/01/1975 | 15550 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 0.20 | 0.00 | 0.10 | 0.00 | 0.00 | 0.01 | 334/36 |
| HOME INSURANCE | ABBOTT LABORATORI DE | 7114582 | 01/01/1975 | 03696 | 0.00 | 0.00 | 0.500 | 0.00 | 0.00 | 200.00 | 0.00 | 100.00 | 0.00 | 0.00 | 7.50 | 1 |
| HOME INSURANCE | SQUIBB CORP ET AL DE | 7114523 | 01/01/1975 | 03683 | 67,523.19 | 0.00 | 0.500 | 33,761.60 | 0.00 | 236,260.13 | 0.00 | 119,130.06 | 2,532.12 | 0.00 | 8,934.75 | 1 |
| | Total | | | | 67,523.19 | 0.00 | | 33,761.60 | 0.00 | 236,460.33 | 0.00 | 119,230.16 | 2,532.12 | 0.00 | 8,942.26 | |
| | Retro 6103 Totals | | | | 1,829,879.55 | 52,268.89 | | 390,990.39 | 12,050.23 | 1,682,187.30 | 2.21 | 841,094.72 | 26,031.62 | 788.15 | 58,626.03 | |

5/14/2007 2:28 PM