JUDGE STEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 6222

---

ARGONAUT INSURANCE COMPANY,   :   CIVIL ACTION NO.
                              :
         Petitioner,          :
                              :
      v.                      :
                              :
GLOBAL REINSURANCE            :   MOTION TO FILE NOTICE
CORPORATION - U.S. BRANCH,    :   OF REMOVAL AND ALL OTHER
                              :   DOCUMENTS UNDER SEAL
         Respondent.          :
_____:

JUL 0 5 2007
S.D.N.Y.
CASHIERS

TO:  CLERK OF COURT
     United States District Court
     Southern District of New York
     Daniel Patrick Moynihan United States Courthouse
     500 Pearl Street
     New York, NY 10007-1312

PLEASE TAKE NOTICE that respondent GLOBAL Reinsurance Corporation - U.S. Branch hereby moves before the United States District Court for the Southern District of New York for an Order sealing the Notice of Removal and all other documents in this action. In support of this motion, respondent relies on

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARGONAUT INSURANCE COMPANY,             :    Docket No.
                                        :
                Petitioner,             :    DECLARATION OF
                                        :    JEFFREY S. LEONARD
- against-                              :
                                        :    **FILED UNDER SEAL**
GLOBAL REINSURANCE                      :
CORPORATION - U.S. BRANCH,              :
                                        :
                Respondent.             :
---

I, JEFFREY S. LEONARD, declare the following to be true under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. I am an attorney admitted to the bar of this Court and am a shareholder in the law firm of Budd Larner, P.C., attorneys for respondent GLOBAL Reinsurance Corporation - U.S. Branch ("Global"). I submit this Declaration to set before the Court certain facts and a true copy of a Confidentiality Order, which was entered by the Arbitration Panel in the underlying arbitration, in support of Global's motion to seal the file in this matter.

2. Global and petitioner Argonaut Insurance Company ("Argonaut") are parties to various retrocessional reinsurance contracts under which Argonaut reinsures Global. Each of the contracts contains an arbitration clause.

3.  This matter involves a Petition to Confirm an Arbitration Award issued by an Arbitration Panel and a motion ancillary to a subsequent arbitration that Global commenced to recover amounts due under the retrocessional reinsurance contracts in accordance with the Arbitral Award. The arbitrations relate to commutations that Global entered into with certain of its reinsureds.

4.  The Arbitration Award is subject to a Confidentiality Order, a copy of which is attached as Exhibit A. Under the terms of that Order, all documents produced or generated in the arbitration, including but not limited to the Arbitration Award, are required to be kept confidential. The Order further requires that, subject to court approval, all submissions to a court of arbitration-related documents shall be under seal, subject to court approval. Global and Argonaut are required under the Order to cooperate in resisting disclosure of documents and information relating to the arbitration.

5.  Documents to be filed by Global and Argonaut in this proceeding, including but not limited to the papers that Argonaut served on Global before this action was removed to this Court, contain confidential and proprietary business information concerning agreements between a reinsurer and its reinsureds and between a reinsurer and its retrocessionaires.

2

6. Documents to be filed will also contain confidential information concerning commutations and settlements that Global entered into with several of its reinsureds.

7. Global is currently engaged in commutation and settlement negotiations with other reinsureds. The release of confidential and proprietary business information about commutations and settlements that Global has already concluded with certain of its reinsureds would compromise those negotiations.

8. Global will be injured if other reinsureds or retrocessionaires have access to the confidential business information contained in the court file.

9. The public has no legitimate interest in these documents.

10. Prior to removal, Argonaut requested from the New York State court an order sealing all pleadings and papers filed or to be filed in this action. The state court issued a sealing order pending hearing on a motion for a permanent sealing order. A copy of that order is attached to the Notice of Removal as Exhibit B.

11. There is no less restrictive alternative that would be effective in preventing financial harm to Global.

3

12. I informed Argonaut's attorneys on July 4, 2007 by E-mail and telephone that Global would be moving the Court on July 5, 2007 for an Order sealing the file.

13. No prior application for the relief requested herein has been made.

14. Because this motion to seal accompanies Global's Notice of Removal, discloses information and documents relating to the underlying arbitration, and contains information the disclosure of which would be harmful to Global, this motion is not being filed electronically and should itself be filed under seal.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 5, 2007.

_____
JEFFREY S. LEONARD

645485.W

# Exhibit A

Case 1:07-cv-06222-SHS    Document 26    Filed 07/18/2008    Page 6 of 11

## Bailey, Rebecca

**From:** NANANDED@aol.com
**Sent:** Wednesday, March 29, 2006 4:47 PM
**To:** Hajost, Theresa W.; Jleonard@budd-larner.com; Vpallotto@budd-larner.com
**Cc:** abrotter@socal.rr.com; deputy@iicil.org
**Subject:** (no subject)

In the Matter of the Arbitration Between

Global Reinsurance Corporation - U.S. Branch,

      Petitioner,

 - and -

Argonaut Insurance Company,

      Respondent.

The Panel, having considered the submissions and arguments of Counsel hereby adopts the following Order:

### CONFIDENTIALITY ORDER

1. The parties bound by this Order are:

    a. Global Reinsurance Corporation - U.S. Branch ("Global") and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors.

    b. Argonaut Insurance Company ("Argonaut") and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors.

2. Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, the Panel orders that all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Order will remain in effect even after conclusion of the arbitration proceedings.

3. Disclosure of Arbitration Information may be made: (a) to the extent necessary to obtain compliance with any interim decisions or the final award herein, or to secure payment from retrocessionaires; (b) in connection with court proceedings and/or in connection with other arbitrations between the parties; (c) as is necessary in communications with auditors retained by any party, or federal or state regulators; (d) as is necessary to comply with subpoenas, discovery requests or orders of any court; and (e) to the extent Arbitration Information is already lawfully in the public domain. Any disclosures pursuant to subparagraphs (a) or (c) shall be accompanied by a copy of this Confidentiality Order and an instruction to any recipient to maintain the confidentiality of all Arbitration Information. In connection with any disclosures pursuant to subparagraph (b), the parties agree, subject to court approval, that all submissions of Arbitration Information to a court shall be sealed. If any party is requested or required under subparagraph (d) to disclose Arbitration Information, subject to any applicable legal restrictions, that party will give written notice to the other as soon as possible after the subpoena, discovery request or court order is received. In all contexts, all parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information.

4. For the purpose of conducting this arbitration, Arbitration Information may be disclosed as needed or appropriate to the following persons only:

    a. the arbitration panel, who evidence by their execution hereof their undertaking to maintain Arbitration Information in confidence as set forth herein;

    b. counsel for a party or employees of counsel's law firm who are assisting counsel;

    c. employees and agents of the parties for purposes consistent with this order;

    d. any party's deposition or trial witness;

    e. any person retained by counsel for a party to assist in this arbitration; provided, however that such person shall agree to be bound by the terms of this Confidentiality Order as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to Arbitration Information, an affidavit in the form attached hereto as Exhibit A; or

    f. any non-party deposition or trial witness; provided, however, that such person shall agree to be bound by the terms of this Confidentiality Order as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to Arbitration Information, an affidavit in the form attached hereto as Exhibit A.

5. If a party is requested or required to disclose Arbitration Information, subject to applicable legal restrictions, that Party will: 1) notify the other party in writing as soon as possible after the subpoena, request or court order is received, to permit the other party to seek legal protection against any such disclosure; and 2) tender the defense of that demand to the party that produced the Arbitration Information, or permit that party to associate in the defense of that demand. Unless the demand has been timely limited, quashed or extended, the obligated party will thereafter be entitled to comply with such demand, request or court order to the extent required by law. If requested by any other party, the obligated party will cooperate (at the expense of the requesting other party) in the defense of a demand.

6.    The Parties recognize that serious Injury could result to any Party and its business if the other Party breaches its obligation under this Order. Therefore, each Party will be entitled to seek a restraining order, injunction or other equitable relief if another Party breaches its obligations under this Order in addition to any other remedies and damages that would be available at law or equity.

Members of the Panel:

Arbitrator:    <u>Arthur Brotter</u>

Arbitrator:    <u>Richard L. White</u>

Umpire:    <u>Edmond F. Rondepierre</u>

Dated: 29 March 2006

EXHIBIT A

In the Matter of the Arbitration Between

Global Reinsurance Corporation - U.S. Branch,

                Petitioner,

- and -

Argonaut Insurance Company,

                Respondent.

## AFFIDAVIT

_____, being duly sworn, deposes and says:

1. I live at _____

2. I am employed as (position) by (name and address of employer), _____

3. I am aware that the Panel in the Matter of the Arbitration Between Global Reinsurance Corporation – U.S. Branch and Argonaut Insurance Company has entered a Confidentiality Order dated _____

I have received and read a copy of that Confidentiality Order.

4. I agree to review or otherwise use the material produced in the instant arbitration by _____ only under supervision of a party's counsel and only in connection with arbitration(s) between these parties.

5. I agree that I am bound by the terms of the Confidentiality Order as though I were a party to the arbitration, and I will not disclose or discuss material produced by _____

or _____
to or with any person other than those permitted access to such material under the Confidentiality Order.

(Signature) _____

Sworn to before me this \_\_\_\_\_ day of _____, 20\_\_\_.

                                      _____
                                      Notary Public (SEAL)

4/3/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABC CORPORATION, | CIVIL ACTION NO. |
| Petitioner, | **FILED UNDER SEAL** |
| v. | |
| XYZ CORPORATION, | |
| Respondent. | |

## MOTION TO FILE NOTICE OF REMOVAL AND ALL OTHER DOCUMENTS UNDER SEAL

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800
Attorneys for Respondent
GLOBAL Reinsurance Corporation - U.S. Branch