JUDGE STEIN

07 CV 6222

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABC CORPORATION,                    :    CIVIL ACTION NO.
                                    :
            Petitioner,             :    **FILED UNDER SEAL**
                                    :
    v.                              :
                                    :       JUL 05 2007
XYZ CORPORATION,                    :
                                    :    U.S.D.C. S.D.N.Y.
            Respondent.             :       CASHIERS
_____:

---

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL FILE

---

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800
Attorneys for Respondent
GLOBAL Reinsurance Corporation - U.S. Branch

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                      :
ARGONAUT INSURANCE COMPANY,           :   Docket No.
                                      :
            Petitioner,               :
                                      :   MEMORANDUM OF LAW
                                      :   IN SUPPORT OF MOTION
- against-                            :   TO SEAL RECORD
                                      :
GLOBAL REINSURANCE                    :   **FILED UNDER SEAL**
CORPORATION – U.S. BRANCH,            :
                                      :
            Respondent.               :
_____:

Respondent GLOBAL Reinsurance Corp. – U.S. Branch ("Global") submits this Memorandum of Law in support of its motion to seal the record in this action.

<u>Preliminary Statement</u>

Global and petitioner Argonaut Insurance Company ("Argonaut") are parties to various retrocessional reinsurance contracts under which Argonaut reinsures Global. Each of the contracts contains an arbitration clause. This matter involves a Petition to Confirm an Arbitration Award issued by an Arbitration Panel and a motion ancillary to a subsequent arbitration that Global commenced to recover amounts due under the retrocessional reinsurance contracts in accordance with the Arbitral Award. The arbitrations relate to commutations that Global entered into with certain of its reinsureds.

Good cause to seal the record exists for three reasons. First, the underlying reinsurance arbitration was conducted pursuant to a strict Confidentiality Order issued by the Arbitration Panel, which remains in effect. <u>See</u> Declaration of Jeffrey S. Leonard ("Leonard Decl."), Exhibit A at ¶2. That Order provides that all information and documents generated or produced in the arbitration are confidential, and requires that, subject to court approval, any disclosures of such information or documents to a court be sealed. <u>Id.</u> at ¶3. Indeed, the parties are obligated to cooperate in resisting disclosure of arbitration-related materials. <u>Id.</u>

Second, prior to removal, and upon Argonaut's motion, the New York State court issued an Order provisionally sealing the file. <u>See</u> Notice of Removal, Exhibit B.

Third, the public has no legitimate or real interest in the confidential arbitration documents and, as shown below, Global would be harmed if the arbitration documents and information were to be disclosed.

## ARGUMENT

### POINT I

**THE PARTIES AND THE ARBITRATION PANEL RELY ON THE CONFIDENTIAL NATURE OF ARBITRATION INFORMATION**

Reinsurance arbitrations generally are conducted on a confidential basis; that is one of the reasons why most reinsurance contracts contain arbitration clauses and why most reinsurance disputes are resolved in arbitration rather than through the courts.

The Arbitration Panel here recognized these realities when it issued a strict Confidentiality Order governing this matter. In that Order, the Panel not only required that information and documents relating to the arbitration remain confidential, but it expressly found that "serious injury" could result from any breach of confidentiality and provided a remedy for such a breach:

> The Parties recognize that serious injury could result to any Party and its business if the other Party breaches its obligation under this Order. Therefore, each Party will be entitled to seek a restraining order, injunction or other equitable relief if another Party breaches its obligations under this Order in addition to any other remedies and damages that would be available at law or equity.

Leonard Decl., Exhibit A at ¶6.

The Confidentiality Order obligates the parties to maintain the confidentiality of arbitration-related information and

3

documents, and requires that, subject to court approval, any such documents or information disclosed to a court be sealed. Further, the parties are directed by the Order to "cooperate with each other in resisting or limiting disclosure" of arbitration-related materials. Id. at ¶3. For this reason, Global does not anticipate that Argonaut will oppose this motion to seal; indeed, Argonaut is obligated by the Order to cooperate in obtaining a sealing order.

Courts in this circuit generally uphold and apply parties' confidentiality agreements in the arbitration context, recognizing that the maintenance of confidentiality advances the important public policy interest in encouraging alternative dispute resolution. "There are important policy interest [sic] involved in protecting the expectations of confidentiality belonging to parties who have chosen an alternative means of dispute resolution." Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgt., Inc., 2005 WL 1522783, at *3 (E.D.N.Y. June 28, 2005). The Second Circuit has further explained that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." Gambale v. Deutsche Bank AG 377 F.3d 133, 143 (2d Cir. 2004). These principles apply with even greater force where, as here, the requirement of confidentiality was imposed by an arbitration panel because of the deference that a court must afford to the

4

arbitrators' rulings. See Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir., 2003) (To interfere with arbitration process "would frustrate the intent of the parties, and thwart the usefulness of arbitration.")

**POINT II**

**ARGONAUT REQUESTED AND THE STATE COURT ISSUED AN ORDER SEALING DOCUMENTS IN THE STATE COURT**

As required by the Arbitration Panel's Confidentiality Order, prior to removal, Argonaut requested an order sealing all pleadings and papers filed or to be filed in this action before the New York State court.[1] See Notice of Removal, Exhibit A. The state court issued an order restricting access to "all pleadings and papers filed or to be filed with the Court in the instant action" to the parties, counsel and court personnel, pending hearing on a motion for a permanent sealing order. See Notice of Removal, Exhibit B.

---

[1] It appears that Argonaut may have publicly filed its papers with the New York court, then obtained an order sealing them. Global has reserved the right to seek relief from Argonaut and its attorneys for any injury Global may sustain in the event Argonaut initially publicly filed the papers, breaching the Confidentiality Order.

5

## POINT III

### THE PUBLIC HAS NO INTEREST IN THESE PROCEEDINGS, AND GLOBAL WOULD BE HARMED BY DISCLOSURE OF ARBITRATION INFORMATION

The documents that will be filed in this action contain confidential and proprietary information concerning agreements between a reinsurer and its reinsureds and between a reinsurer and its retrocessionaires. The public has no legitimate interest in these documents.

Further, Global will be injured if other reinsureds or retrocessionaires have access to the confidential business information contained in the documents. For example, these documents include confidential information concerning commutations and settlements that Global entered into with several of its reinsureds. Because Global is engaged in commutation and settlement negotiations with other reinsureds, the release of any of these documents would compromise those negotiations, causing injury to Global and its retrocessionaires.

## POINT IV

### THE COURT SHOULD ORDER THE RECORD SEALED

The Court should order the sealing of all pleadings and papers in this action. This is consistent with the arbitrators'

6

Order and the provisional Order entered prior to removal by the New York State court.

In Dirussa v. Dean Witter Reynolds Inc., 121 F. 2d 818 (2d Cir. 1997), the Second Circuit affirmed an order sealing the entire court file, except for the Court's opinions and orders. In that case, the parties had entered into a confidentiality agreement in the course of an arbitration. The agreement required all papers in any subsequent action to be filed under seal. Id. at 826. Here, too, the Confidentiality Order entered by the Arbitration Panel requires that "subject to court approval, ... all submissions of Arbitration Information to a court shall be sealed." Leonard Decl., Exhibit A at ¶3. In light of the strong public policy in favor of preserving the confidentiality of arbitration proceedings, the Court should seal the entire file in this action.

## CONCLUSION

For the foregoing reasons, GLOBAL requests that the Court grant its motion to seal,

Dated: Short Hills, New Jersey
       July 5, 2007

>                    Respectfully submitted,
>
>                    Attorneys for Petitioner GLOBAL
>                       Reinsurance Corporation -
>                       U.S. Branch
>
>                    BUDD LARNER, P.C.
>                    11 Penn Plaza - 5th Floor
>                    New York, New York 10001
>                    (212) 946-2798
>
>                         - and -
>
>                    150 John F. Kennedy Parkway
>                    Short Hills, New Jersey 07078
>                    (973) 379-4800
>
>
>                    BY: _____
>                         Joseph J. Schiavone (JS 7303)
>                         Jeffrey S. Leonard (JL 5931)

645526.w

8