# Exhibit H

# BUDD LARNER
A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NJ 07078-2703
973.379.4800
FAX 973.379.7734
www.buddlarner.com

WRITER'S DIRECT DIAL: (973) 315-4407
WRITER'S E-MAIL: jschiavone@budd-larner.com

February 22, 2007

Edmond F. Rondepierre
8 Linda Lane
Darien, CT 06820

Richard L. White
58 Pine Boulevard
Cedar Knolls, N.J. 07927

Arthur C. Brotter
11601 Baird Avenue
Northridge, CA 91326

RE: **In the Matter of the Arbitration Between Global Reinsurance Corp. - U.S. Branch f/k/a Gerling Global Reinsurance Corp. - U.S. Branch v. Argonaut Insurance Company (Quota Share)**

Dear Panel Members:

Argonaut's illogical reading of the Panel's award language necessitates a clarification be issued. The best reason for this Panel to clarify its award is that both parties contend that the award is "clear" and yet their understandings of what it is that the Panel decided in the award are diametrically different. If ever a situation called for clarification, this case demands it. In view of the fact that this dispute relates to the most basic meaning of the Panel's award, the doctrine of *functus officio* is simply inapplicable. But most important is that this Panel's responsibility is to adjudicate this dispute to a final conclusion, not to perpetuate further disputes as to the meaning of the award. Therefore, not only does the Panel retain the authority to clarify its own award language in this arbitration, it must do so to prevent Argonaut's manipulative interpretation from inflicting an unfair outcome upon Global.

### The Panel Always Retains the Right and Power to Clarify its Own Statements

Argonaut misapplies the doctrine of *functus officio* in its reply. Although generally an arbitration panel is barred from revising or re-examining its award under the *functus officio* doctrine, the arbitration panel may clarify final awards pursuant to a request by the parties made within a reasonable time. Brown v. Witco Corp., 340 F.3d 209, 219 (5th Cir. 2003).[1] Clarification is applicable when an award is "incomplete or ambiguous." Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir., 1987). The ambiguity of an award "may be shown not only from the

---

[1] Argonaut has not argued, nor can it argue, that the motion to clarify is untimely.

BUDD LARNER
A PROFESSIONAL CORPORATION

Edmond F. Rondepierre
Arthur C. Brotter
Richard L. White
February 22, 2007
Page 2

face of the award but from an extraneous but objectively ascertainable fact." Hyle v. Doctor's Associates, Inc. 198 F.3d 368, 371(2d Cir. 1999). The award is clear and concise and the Panel explicitly allows for the future billing of Argonaut for claims as they are reported. However, Argonaut's interpretation is completely incompatible with the language of the award when it asserts that Argonaut is free of any future liability arising from AIG and Home. Thus, an ambiguity is created by Argonaut's reading of the award.

The 2nd Circuit in Ottley noted that an arbitration panel is allowed to revisit an award "so that the court will know exactly what it is being asked to enforce." Ottley, 819 F.2d at 376. See also American Ins. Co. v. Seagull Compani Naviera, S.A., 774 F.2d 64, 68 (2d Cir. 1985). This Circuit has further stated that courts also allow arbitration panels to "clarify the meaning or effect of an award." Siegel v. Titan Indus. Corp., 779 F. 2d 891, 894 (2d Cir. 1985) (Per curiam). It is just this type of clarification that Global is seeking here and not a reformation of the contracts or a reconsideration of the award.

Judge Posner of the Seventh Circuit applies a commendable dose of logic to the doctrine of *functus officio* by noting that denying arbitrators all power to revisit their awards would "clothe arbitrators with an ill-fitting mantle of infallibility." Glass, Molders, Pottery, Plastics and Allied Workers Int'l Union v. Excelsior Foundry Co., 56 F. 3d 844, 847 (7th Cir. 1995). Judge Posner further elucidates that "[i]n recognition of the fallibility of earthly lawgivers, every court, and every administrative agency that exercises adjudicative authority, has been understood to have ... the inherent power to reconsider its decisions within a reasonable time." Id.

Although Argonaut relies on the Third Circuit case Colonial Penn Ins. Co. v The Omaha Indem. Co., 943 F.2d 327 (3d Cir. 1991), that case can be easily distinguished from this arbitration. The court in Colonial held that the arbitration panel's reliance on extraneous post-judgment facts "opened a pandora's box which could subvert the policies on which the application of *functus officio* to arbitral decisions are predicated." Here, Global is not requesting that the panel consider any extra facts, but rather is solely asking for clarification of the Panel's wording of the award.

Furthermore, Argonaut argues that "both parties must consent" for this Panel to clarify its statements. Argonaut Response February 15, 2007 at 3. However, Argonaut fails to cite to any authority to back up its assertion. Courts in this Circuit and others recognize that arbitration panels may clarify or take even more drastic actions on past awards with only the consent of one party and over the objection of the other party. See Clarendon National Insurance Co v TIG Reinsurance Co, 183 F.R.D. 112, 115 (S.D.N.Y. 1998), See also Glass, Molders, Pottery, Plastics and Allied Workers, 56 F. 3d at 847.

BUDD LARNER
A PROFESSIONAL CORPORATION

Edmond F. Rondepierre
Arthur C. Brotter
Richard L. White
February 22, 2007
Page 3

### Global is not Requesting Any Departure From the Award

Global is not asking this panel to reconsider or modify the award; instead Global seeks clarification because it has been confronted with Argonaut's misguided interpretation of the award. Judge Sweet in Clarendon National Insurance Co v TIG Reinsurance Co, 183 F.R.D. 112, 115 (S.D.N.Y. 1998), held that arbitrators could clarify their original arbitration award after its issuance, as long as it did not modify the spirit and basic effect of the award. In Clarendon, the court explained that because a clarification of an award does not "modify the effect" of an award but rather "only interpreted the arbitrators' intent," the doctrine of *functus officio* does not "bar the arbitrators' clarification of the original award after its issuance." Id. at 116; see also American Centennial Ins. Co. v. Arion Ins. Co., 190 U.S. Dist Lexis 4209, No. 88 Civ. 1665, 1990 WL 52295(S.D.N.Y. Apr. 13, 1990). Similarly, Global is not asking the panel to modify their award, but rather to clarify the award in the face of Argonaut's fanciful interpretation.

Argonaut admits in its response that the matter submitted to this arbitration was "whether Argonaut had to pay the amounts Global billed that arose from its commutations with Home and AIG." Argonaut Response February 15, 2007 pg. 2 (emphasis added). This motion is not seeking to overturn the Panel's decision with regard to payment of the amounts billed to Argonaut through the commutations. However, Argonaut's reading of the award extends the matter at hand to whether Argonaut must ever pay on its reinsurance contract relative to AIG and Home. This extension from presently billed amounts to all future amounts is a great leap which is absent in the award language. The present motion and the protocols aim simply to prevent Argonaut from making this unsubstantiated logical leap.

In fact, this leap is flatly contrary to the Panel's statement that "Argonaut's obligations under the retrocessional agreements" are not altered by the award. Panel Award at pg. 1. This statement and others contained in the award's third paragraph are ignored by Argonaut. Argonaut cannot explain why the Panel would write this third paragraph if it truly intended that any and all AIG and Home claims were foreclosed in the future. The only way for Argonaut to reconcile the third paragraph with its position would be for Argonaut to argue (untenably) that this paragraph was intended to address future billings on cedents other than AIG and Home. This interpretation would be illogical in view of the fact that no issues relating to other cedents were ever before the Panel.

Argonaut's reading of the award is contrary to the language and to the spirit of the award. Global requests that the Panel issue a clarification so that the award may be applied reasonably. Global is not seeking any new relief, but is rather asking merely for clarification of the already-issued award.

BUDD LARNER
A PROFESSIONAL CORPORATION

Edmond F. Rondepierre
Arthur C. Brotter
Richard L. White
February 22, 2007
Page 4

## The Panel Should Clarify its Award

Argonaut's interpretation of the Panel's award disavows the sworn testimony of its corporate representative, goes beyond the scope of this arbitration, seeks to substitute its witness's judgement for the Panel's judgement, and would result in an unfair windfall to Argonaut.

Argonaut now seeks to distance itself from the testimony of Ms. Ijams who led this Panel to believe that, if the present commutation claims were rejected, Argonaut would still pay the claims as they came due in the normal course. By calling this testimony "hypothetical," Argonaut seeks to "have its cake and eat it too." Miss Ijams' testimony indicates – concretely and not "hypothetically"—that, if Global reported claims as adverse development takes place, Argonaut would then pay those claims in accordance with the treaty terms. Tr. at 1500:9-15. Ms. Ijams' testimony at this point was in response to direct questioning regarding what Argonaut's actions would be when presented with a claim in the future if they were not required to make a current payment on the commutation billing. Tr. at 1499:17-1500:14. Argonaut is temporally confused in its assertion that "[a]ll of the testimony quoted by Global ... are Ms. Ijams' responses to hypothetical questions regarding arrangements that might have been worked out between the parties." Argonaut Response February 15, 2007 pg. 5. The "hypothetical" referred to by Argonaut is not from the cross examination of the witness, but rather much later in the hearing during Mr. White's questioning. Tr. at 1513:6-1518:11  In fact, not one quote offered by Global includes the "hypothetical" scenario that Argonaut seeks to impose upon all of Ms. Ijams' testimony.

Furthermore, Ms. Ijams' responses to the possible future billing scenarios were calculated to assure the Panel that Argonaut would pay the claims as they came due in the normal course of events. A portion of Global's arguments at the hearing were that fundamental unfairness would result if Argonaut were allowed to avoid any responsibility to pay now or in the future. Ms. Ijams' testimony sought to assuage this concern by stating that Argonaut would pay on future AIG and Home claims as they came due. Tr. 1505:20-1506:13. Now that the Panel has ruled in Argonaut's favor on the commutation billings, Argonaut's counsel seeks to repudiate Argonaut's own corporate representative's conciliatory testimony in an effort to obtain a forfeiture of Global's rights to recover on AIG and Home in the future.

Additionally, Argonaut's own interpretation of the Panel's award goes beyond the scope of the matter submitted. Argonaut asserts that Global is permanently barred from seeking any payment on the AIG and Home claims. This issue was never raised by Argonaut; indeed, Argonaut argued that AIG and Home claims would be paid as they developed. Global's

BUDD LARNER
A PROFESSIONAL CORPORATION

Edmond F. Rondepierre
Arthur C. Brotter
Richard L. White
February 22, 2007
Page 5

protocols would clarify the narrow ruling on the issue of commutation billings that is before this Panel.

To affirm Argonaut's interpretation would result in an unfair windfall to Argonaut. Permanently precluding Global from collecting payment from Argonaut on AIG and Home as required under the retrocessional agreements would be punitive. Nothing in this Panel's award indicates that Global's actions should result in a punitive judgment. Argonaut in its opposition brief repeatedly cites its own witnesses' self-serving testimony regarding bad faith, apparently in an effort to imply that the Panel found that Global had acted in bad faith. Argonaut's Response February 15, 2007. However, there is no mention of bad faith or any similar censure in the award. Argonaut's interpretation seeks to penalize Global by precluding future payment, but offers no basis in the award language to justify such a punitive action. Therefore, the panel should clarify its award to forestall this unjust result.

Respectfully submitted,

*Schiavone*

JOSEPH J. SCHIAVONE

JJS:mis
enclosures
631053.W

cc:  Theresa W. Hajost, Esq.
     Daniel Blumenthal, Esq.
     Jeffrey S. Leonard, Esq.
     Virginia A. Pallotto, Esq.