# Exhibit J

# BUDD LARNER
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NJ 07078-2703
973.379.4800
FAX 973.379.7734
www.buddlarner.com

WRITER'S DIRECT DIAL: (973) 315-4434
WRITER'S DIRECT E-MAIL: jleonard@budd-larner.com

March 14, 2007

DEMAND FOR ARBITRATION

BY TELECOPIER AND CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Argonaut Insurance Co.
c/o Insurance Run-Off Consultants
8750 West Bryn Mawr, Suite 1300
Chicago, Illinois 60631

Attention: Mr. Donald J. Buyck

Re: In the Matter of the Arbitration Between GLOBAL
Reinsurance Corp. - U.S. Branch and Argonaut
Insurance Co.
First Surplus Contract
Quota Share Contract

Dear Mr. Buyck:

This firm is counsel to GLOBAL Reinsurance Corp. - U.S. Branch ("U.S. Branch"), located at 1345 Avenue of the Americas, New York, New York. U.S. Branch hereby gives notice of its intent to arbitrate against Argonaut Insurance Co. ("Argonaut") all disputed issues relating to the following:

1. Whether, pursuant to the 10 January 2007 Award in the Quota Share Arbitration between the parties, U.S. Branch is entitled to bill Argonaut in the future as claims actually develop on the underlying reinsurance agreements between U.S. Branch and AIG and between U.S. Branch and Home;

2. Whether Argonaut is obliged to process and pay such billings in accordance with the Protocols attached hereto; and

BUDD LARNER

A PROFESSIONAL CORPORATION

Mr. Donald J. Buyck
March 14, 2007
Page 2

3. Whether Argonaut acted in bad faith by asserting that (a) the 10 January 2007 Award means that U.S. Branch is forever and conclusively foreclosed from seeking any recovery from Argonaut under the retrocessional agreements for any loss of any kind relating to AIG or Home, and (b) it is not obliged to process and pay AIG and Home-related billings in accordance with the Protocols.

In addition, U.S. Branch will seek an award for the full amount due from Argonaut at the time of hearing under the reinsurance contracts referenced above in connection with the underlying reinsurance agreements between U.S. Branch and AIG and between U.S. Branch and Home, and an award of interest, attorneys' fees, punitive damages, and other appropriate relief.

U.S. Branch hereby demands that Argonaut appoint and identify its arbitrator within thirty (30) days. In the event that Argonaut fails to appoint and identify its arbitrator within that time, U.S. Branch will appoint Argonaut's arbitrator on its behalf.

Very truly yours,

Jeffrey S. Leonard

JSL:fc
Enclosure
633495-W
cc: Theresa W. Hajost, Esq. (by E-mail)
    Joseph J. Schiavone, Esq.
    Virginia A. Pallotto, Esq.

## PROTOCOLS FOR PROCESSING CLAIMS INVOLVING AIG AND HOME

1. The procedure for billings on a going forward basis would require Global to continue to handle claims, but this would require a "minimal" level of diligence on Global's part. Audits of Global's cedent would not be required.

2. The concept of follow the settlements would apply.

3. In order for Global to be entitled to bill Argonaut, there would be no requirement that Global pay claims with "new" money; Global would approve claims for payment but not actually pay them. If the approval was appropriate given the "minimal diligence" required of Global, then Argonaut would pay. Global would not be required to obtain bills to it from cedents with which it has commuted.

4. No cap would apply to Global's billings to Argonaut (except as set forth in the applicable retrocessional contracts). Argonaut recognizes that it took a business risk and made a business decision that it did not want the benefit or the burden of the commutation. Accordingly, if Argonaut were billed more on a particular claim than it had been billed as part of the commutation, then the larger amount would be applicable. Similarly, if a claim developed against a contract to which no commutation allocation had been made, this would not be an impediment to recovery. Nor would the total amount paid by Global be a cap on the amounts recoverable from Argonaut.

629618.W