```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                        :
In the Matter of the Arbitration        :   Docket No. 07 CV 6222(SHS)
Between:                                :
                                        :
ABC CORPORATION,                        :
                                        :
                                        :
        Petitioner,                     :
                                        :
                                        :
- against -                             :
                                        :
XYZ CORPORATION,                        :
                                        :   FILED UNDER SEAL
                                        :
        Respondent/                     :
        Counter-Petitioner,             :
                                        :
- against -                             :
                                        :
DEF CORP. AND GHI,                      :
                                        :
        Respondents on                  :
        Counter-Petition                :
_____ :
```

---

RESPONSE TO "MOTION" TO STAY ARBITRATION
OR FOR ALTERNATIVE RELIEF

---

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800
Attorneys for Respondent/Counter-Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In the Matter of the Arbitration Between: | Docket No. 07 CV 6222(SHS) |
| ABC CORPORATION, | |
| Petitioner, | |
| - against - | |
| XYZ CORPORATION, | **FILED UNDER SEAL** |
| Respondent/ Counter-Petitioner, | |
| - against - | |
| DEF CORP. AND GHI, | |
| Respondents on Counter-Petition | |

---

RESPONSE TO "MOTION" TO STAY ARBITRATION
OR FOR ALTERNATIVE RELIEF

---

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800
Attorneys for Respondent/Counter-Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In the Matter of the Arbitration Between | : Docket No. 07 CV 6222(SHS) |
| Argonaut Insurance Company, | : |
| Petitioner, | : RESPONSE TO "MOTION" TO STAY |
| | : ARBITRATION OR FOR |
| - against - | : ALTERNATIVE RELIEF |
| GLOBAL Reinsurance Corporation - U.S. Branch, | : |
| | : **FILED UNDER SEAL** |
| Respondent/ Counter-Petitioner, | : |
| - against - | : |
| Argonaut Insurance Company and Ronald S. Gass, | : |
| Respondents on Counter-Petition. | : |

---

Respondent GLOBAL Reinsurance Corporation - U.S. Branch ("Global") responds to the "Motion To Stay Arbitration Or For Alternative Relief"[1] filed by Petitioner Argonaut Insurance Company ("Argonaut") as follows:

---

[1] Argonaut's purported "Motion" is not in the proper form for a motion in the court in which it filed this proceeding nor is it in the proper form for a motion in this Court. However, without waiving its rights, in order to fully address the positions asserted by Argonaut in this proceeding, Global responds to the "Motion" as though it were a pleading.

## Nature of the Proceeding

1. The allegations contained in paragraph 1 of the "Motion" set forth legal conclusions as to which it is not necessary to plead. To the extent a responsive pleading is required, Global denies that Argonaut's "Motion" is in the proper form for a motion, denies that Argonaut is entitled to a permanent stay of the arbitration commenced by Global under the broad arbitration clause of the parties' retrocessional reinsurance contracts (the "Contracts"), denies that Argonaut is entitled to an order declaring that the arbitration proceed before Respondent Ronald S. Gass, who has served in the last four years as a party-appointed arbitrator adverse to Global on at least twelve occasions, rather than before Global's duly appointed arbitrator, Richard L. White. Global further states that it is entitled to an order (a) compelling Argonaut to proceed with the arbitration that Global commenced on March 14, 2007 (the "March 14, 2007 Arbitration"), (b) upholding Global's appointment of White as its arbitrator, (c) enjoining Argonaut and Gass from taking any action to proceed with umpire selection or the arbitration before a panel that includes Gass, and (d) requiring Argonaut to proceed, with White, in the selection of an umpire and in the arbitration pursuant to the terms of the Contracts.

Parties, Jurisdiction and Venue

2.   Global denies the allegations contained in paragraph 2 of the "Motion," except admits that it is a branch of a foreign reinsurance company organized under the laws of Germany, with its principal place of business in Cologne, Germany, and admits that the branch office is located at 1345 Avenue of the Americas, New York, New York.

3.   Global denies for lack of knowledge or information the allegations contained in paragraph 3 of the "Motion," except admits upon information and belief that Argonaut is a corporation organized under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois. Global also states that while Argonaut's "Motion" asserts that its domicile and principal place of business are in Illinois, its Petition (allegedly filed contemporaneously with the "Motion") asserts that its domicile and principal place of business are in California.

4.   The allegations contained in paragraph 4 of the "Motion" set forth legal conclusions as to which it is not necessary to plead. To the extent a responsive pleading is required, Global (a) denies that its principal place of business is in New York County, (b) denies that CPLR 7501 is applicable to this reinsurance arbitration that is subject to the Federal Arbitration Act, 9 U.S.C. §1 et seq., (c) denies that the "first

3

arbitration hearing" took place in Manhattan, and (d) admits that the hearing in the separate arbitration that resulted in the award that is the subject of Argonaut's Petition and Global's Counter-Petition to Confirm (the "10 January 2007 Award") took place in Manhattan.

5. The allegations contained in paragraph 5 of the "Motion" set forth legal conclusions as to which it is not necessary to plead. To the extent a responsive pleading is required, Global denies the allegations for lack of knowledge or information, except (a) denies that Global's principal place of business is in New York County, (b) denies that the "first arbitration hearing" took place in Manhattan, (c) admits that the hearing in the separate arbitration that resulted in the 10 January 2007 Award took place in Manhattan, and (d) admits that one of the Contracts provides for arbitration to take place in New York, New York or such other place as the parties may agree, and the other Contract provides for arbitration to take place in New York, New York.

### Factual Background

6. Global denies the allegations contained in paragraph 6 of the "Motion," except admits (a) that Argonaut and Global entered into quota share retrocessional reinsurance contract no. 4158, effective July 26, 1963 through December 31, 1965, and first surplus retrocessional reinsurance contract no. 6103,

4

effective July 1, 1973 through December 31, 1975, and (b) that portions of those contracts are attached as Exhibits B and C to the "Motion."

7.  Global denies the allegations contained in paragraph 7 of the "Motion," except admits that the paragraph accurately quotes from a portion of the arbitration clause (Article IX) of contract no. 4158.

8.  Global denies the allegations contained in paragraph 8 of the "Motion," except admits that the paragraph accurately quotes from a portion of the arbitration clause (Article IX) of contract no. 6103.

9.  Global admits the allegations contained in paragraph 9 of the "Motion."

10. Global denies the allegations contained in paragraph 10 of the "Motion," except admits (a) that it issued to Argonaut a Demand For Arbitration dated December 30, 2004 and an Amended Demand For Arbitration dated January 10, 2005, and (b) that the demands sought to recover outstanding retrocessional balances owed to Global by Argonaut in connection with Global's commutations with its cedents, the American International Group Companies ("AIG") and Home Insurance Company ("Home").

11. Global denies the allegations contained in paragraph 11 of the "Motion," except (a) admits that in addition to the arbitration that resulted in the 10 January 2007 Award, Argonaut

5

and Global are or have been engaged in four other arbitrations in which Global sought or seeks to recover, among other things, outstanding retrocessional balances owed to Global by Argonaut in connection with Global's commutations with AIG, Home, and other cedents, (b) admits that Global has named White as its party-appointed appointed arbitrator in each of those five arbitrations, (c) states that Argonaut has appointed the same individual as its arbitrator in two of the arbitrations, and (d) states that Argonaut included the same individual, Edmond F. Rondepierre, as an umpire nominee in at least two of the arbitrations, and that Rondepierre served as the umpire in those two arbitrations, including the arbitration that resulted in the 10 January 2007 Award.

12. Global admits the allegations contained in paragraph 12 of the "Motion."

13. Global admits the allegations contained in paragraph 13 of the "Motion."

14. Global admits the allegations contained in paragraph 14 of the "Motion," and states that pursuant to the 10 January 2007 Award, as losses emanating from Home and AIG actually develop, Argonaut may be required to pay Global's on-going billings for those losses in the form required by the Contracts.

15. Global admits the allegations contained in paragraph 15 of the "Motion."

16. Global denies the allegations contained in paragraph 16 of the "Motion," except (a) admits that on February 12, 2007, it submitted to the Arbitration Panel a Motion to Clarify the 10 January 2007 Award, (b) alleges that Argonaut opposed the motion on the purported grounds that Global's motion sought new relief not requested in the arbitration and that the Panel was without power to act on the motion under the functus officio doctrine, (c) admits that the Panel majority concluded that the Panel was without authority to act because the majority found no mistake or ambiguity in the Award, (d) admits that White issued a dissent to the 10 January 2007 Award and Response to the majority's conclusion on the Motion For Clarification, and (e) admits that a copy of the Panel majority's and White's responses to the Motion For Clarification are attached to the Petition as Exhibit E.

17. In response to paragraph 17 of the "Motion," Global (a) denies that on March 14, 2007, or any other date, it again demanded arbitration regarding recoverability of a portion of the commutation payments that it made to AIG and Home, and (b) denies the remaining allegations contained in the paragraph, except (c) states that by letter dated March 14, 2007, Global demanded arbitration against Argonaut to recover the amount due from Argonaut under the Contracts at the time of hearing in respect of claims emanating from Home and AIG, in accordance

7

with the 10 January 2007 Award, and (d) admits that the paragraph accurately quotes from a portion of Global's March 14, 2007 letter and respectfully refers the Court to the letter for its content.

18. In response to paragraph 18 of the "Motion," Global admits that by letter dated April 11, 2007, Argonaut again appointed Paul C. Thomson, III as its arbitrator, and Global denies the remaining allegations of the paragraph, except (a) admits that Argonaut purported in the letter to reserve its rights, (b) states that the March 14, 2007 Arbitration is arbitrable, and (c) states that Thomson served as Argonaut's party-appointed arbitrator adverse to Global on at least two other occasions within the last year, including one arbitration concerning the recoverability of commutation-related billings under retrocessional reinsurance contracts by which Argonaut reinsured Global.

19. Global denies the allegations contained in paragraph 19 of the "Motion," except admits that Global timely and in good faith appointed White as its arbitrator by letter dated April 26, 2007.

20. Global denies the allegations contained in paragraph 20 of the "Motion," except (a) admits that by letter dated May 14, 2007, Argonaut asserted that White cannot properly serve as Global's arbitrator and demanded that Global appoint a

8

replacement within 30 days, (b) admits that the letter asserted that Argonaut would appoint an arbitrator for Global if Global did not do so, purportedly in accordance with the contract terms, and (c) admits that the letter purported to continue to reserve Argonaut's rights as to arbitrability. Global asserts that (i) White is qualified to serve as Global's arbitrator, (ii) Argonaut has no right to unilaterally declare that White is not an "appropriate" selection, (iii) Argonaut has no right to demand that Global replace White, (iv) Argonaut has no right to challenge White prior to the issuance of a final award, (v) Argonaut has no right under the Contracts or otherwise to appoint an arbitrator for Global where Global timely appointed White, and (vi) the March 14, 2007 Arbitration is arbitrable.

21. Global denies the allegations contained in paragraph 21 of the "Motion," except admits that Global did not appoint an arbitrator in place of White and that by letter dated June 15, 2007, Argonaut purported to appoint Gass as Global's party-appointed arbitrator. Global asserts that Argonaut had no right under the Contracts or otherwise to appoint Gass on Global's behalf and that its purported appointment of Gass is a nullity. Global further asserts that Gass has served as a party-appointed arbitrator adverse to Global on at least 12 occasions over the last four years.

22. Global denies for lack of knowledge or information the allegations contained in paragraph 22 of the "Motion," except denies that Argonaut filed any motion in a form required by this Court or by the court from which this proceeding was removed, admits that Argonaut filed a Petition to confirm the 10 January 2007 Award under CPLR Article 75, denies that Argonaut is entitled to confirmation of the Award under CPLR Article 75, and states that Global has filed a Counter-Petition to confirm the 10 January 2007 Award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 et seq.

WHEREFORE, Global requests that the relief sought by Argonaut be denied in its entirety with costs[2] and that Global be awarded the relief requested in its Counter-Petition.

Dated: Short Hills, New Jersey
       July 16, 2007

                              BUDD LARNER, P.C.
                              150 John F. Kennedy Parkway
                              Short Hills, New Jersey 07078
                              (973) 379-4800
                              Attorneys for Respondent
                              GLOBAL Reinsurance
                              Corporation - U.S. Branch

BY: _____
     Joseph J. Schiavone (JS 7303)
     Jeffrey S. Leonard (JL 5931)

646186w

---

[2] Global notes that Argonaut's "Wherefore" clause states that its Memorandum in Support of the Motion was filed concurrently with the motion. Global does not know whether this is true, but Argonaut failed to comply with the Order to Show Cause it obtained from the New York State court, because it did not serve Global with its Memorandum and with numerous exhibits to its "motion" papers at the time it provided its "motion" to Global.

11