UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In the Matter of the<br>Arbitration Between | * | Docket No. 07 CV 6222(SHS) |
| ARGONAUT INSURANCE COMPANY, | * | |
| Petitioner, | * | |
| - against - | * | **FILED UNDER SEAL** |
| GLOBAL REINSURANCE CORPORATION<br>- U.S. Branch, | * | |
| Respondent/<br>Counter-Petitioner, | * | |
| - against - | * | |
| ARGONAUT INSURANCE COMPANY | * | |
| Respondent on<br>Counter-Petition. | * | |

### AFFIDAVIT OF DAN. E. LABELLE IN SUPPORT OF ARGONAUT INSURANCE COMPANY'S MOTION TO REMAND

**DAN E. LABELLE**, being duly sworn, deposes and states as follows:

1.    I am a partner with the law firm of Halloran & Sage LLP and

counsel for the Petitioner, Argonaut Insurance Company. I am an

attorney admitted to the New York Bar and before the United States

District Court for the Southern District of New York.

2.    Attached hereto as Exhibit 1 is a true and correct copy of the

Counter-Petition in Alternative to Confirm Arbitral Award in

Employers' Surplus Lines Insurance Company v. Global

Reinsurance Corporation – United States Branch (f/k/a Gerling

Global Reinsurance Corporation – United States Branch), Civil

Action No. 07 Civ. 2521 (HB).

3.     Attached hereto as Exhibit 2 is a true and correct copy of the

Response to Petition to Confirm in Part and Vacate in Part Arbitral

Award in Employers' Surplus Lines Insurance Company v. Global

Reinsurance Corporation – United States Branch (f/k/a Gerling

Global Reinsurance Corporation – United States Branch), Civil

Action No. 07 Civ. 2521 (HB).

4.     Attached hereto as Exhibit 3 is a true and correct copy of the

Summons and Complaint filed in Global Reinsurance Corporation –

United States Branch f/k/a Gerling Global Reinsurance Corporation

– United States Branch v. Equitas LTD.; Equitas Reinsurance LTD.;

and Equitas Policyholders Trustee LTD, Index No. 600815/07.


_____
Dan E. LaBelle


Sworn to before me
this 3rd day of August, 2007

_____
Leslie E. Grodd
Commissioner of Superior Court

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EMPLOYERS' SURPLUS LINES INSURANCE COMPANY,<br><br>          Petitioner and Counter-Respondent,<br><br>         - against -<br><br>GLOBAL REINSURANCE CORPORATION - UNITED STATES BRANCH (f/k/a Gerling Global Reinsurance Corporation - United States Branch),<br><br>          Respondent and Counter-Petitioner. | Civil Action No.<br>07 Civ. 2521 (HB)<br><br>**COUNTER-PETITION IN ALTERNATIVE TO CONFIRM ARBITRAL AWARD** |

Respondent GLOBAL Reinsurance Corporation – United States Branch ("GLOBAL"), alleges as follows:

    1.    This is a counter-petition in the alternative pursuant to 9 U.S.C. § 9 to confirm in part the Partial Final Award and Statement of Reasons (the "Award") issued by Michael D. Young on December 29, 2006, in an arbitration captioned Employers' Surplus Lines Insurance Company v. GLOBAL Reinsurance Corporation – United States Branch. *See* Affidavit of R. Patrick Bedell (1) In Support of Respondent and Counter-Petitioner's Opposition to Petition to Confirm in Part and Vacate in Part Arbitral Award and (2) In Support of Respondent and Counter-Petitioner's Counter-Petition in Alternative to Confirm Arbitral Award, sworn to April 10, 2007 ("Bedell Aff."), Ex. G.

    2.    As set forth more fully in GLOBAL's Memorandum of Law filed herewith, the Award is not subject to judicial review at this time because the Award is not final. For that reason, GLOBAL seeks to have the Petition filed by Employers' Surplus Lines Insurance Company ("ESLIC") dismissed as premature. However, if the Court determines to entertain

petitions to confirm or vacate the Award at this time, GLOBAL hereby submits this Counter-Petition in Alternative.

3.    This action arises under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, as the reinsurance contract at issue (1) is a contract evidencing a transaction involving commerce between GLOBAL, the United States branch of a German corporation, and ESLIC, a Massachusetts entity, and (2) calls for arbitration in New York.

4.    GLOBAL is the United States branch office of a German corporation, with its principal place of business at 1345 Avenue of the Americas, New York, New York.

5.    ESLIC is a Massachusetts company, with its principal place of business in Boston, Massachusetts.

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

7.    Venue is proper in this District under 9 U.S.C. § 9 and 28 U.S.C. § 1391(c).

8.    GLOBAL issued the reinsurance contract at issue, Certificate of Facultative Reinsurance number 71-9312, effective July 1, 1969 – July 1, 1972, and extended to January 1, 1973 (the "Certificate"), to ESLIC. *See* Bedell Aff., Ex. A.

9.    Paragraph 9 of the Certificate provides that:

> [T]he liability of the Reinsurer specified in Section IV of 5 above shall follow that of the Company and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

*See* Bedell Aff., Ex. A at ¶ 9.

10.    The Certificate provides the following arbitration clause:

> Should an irreconcilable difference of opinion arise as to the interpretation of this Contract, it is hereby mutually agreed that, as a condition precedent

to any right of action hereunder, such difference shall be submitted to arbitration, on arbiter to be chosen by the Company, one by the Reinsurer, and an umpire to be chosen by the arbiters before they enter upon arbitration...The decision of the arbiters shall be final and binding upon both parties, but failing to agree they shall call in the umpire and the decision of the majority shall be final and binding upon both parties. Each party shall bear the expense of its own arbiter, and shall jointly and equally bear with the other the expense of the umpire and of the arbitration. In the event that the two arbiters are chosen by one party, as above provided, the expense of the arbiters, the umpire, and the arbitration shall be equally divided between the two parties.

Any such arbitration shall take place at New York, N.Y., unless some other location is mutually agreed upon by the two parties in interest.

*See* Bedell Aff., Ex. A at ¶ 16.

11.    Paragraph 11 of the Certificate provides, in relevant part, as follows:

All claims involving this reinsurance, when settled by the company [sic], shall be binding on the reinsurer [sic], who shall be bound to pay its portion of such settlement [sic], and in addition thereto, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment, its proportion of expenses ...

*See* Bedell Aff., Ex. A at ¶ 11.

12.    In the Fall of 2006, ESLIC and GLOBAL were involved in a series of arbitrations, one of which arose out of payments that ESLIC made to one of its policyholders, The Coca-Cola Company, on account of underlying asbestos bodily injury claims and for which ESLIC was seeking reinsurance reimbursement from GLOBAL under the Certificate. *See* Bedell Aff. at ¶ 2.

13.    Arbitration hearings were held before Arbitrator Young in New York, New York on November 6-8, 2006, during which time GLOBAL and ESLIC submitted argument, witness testimony and exhibits. *See* Bedell Aff., Ex. C.

14.    On December 29, 2006, Arbitrator Young issued a "Partial Final Award and Statement of Reasons" (the "Award"). The Award found that:

As indicated above, paragraph 9 of the Certificate creates a presumption of concurrency, except as otherwise specifically provided. The Arbitrator concludes that the language of Paragraph 11 specifically rebuts the presumption of payment of all expenses coming within the definition of "ultimate net loss" as found in the underlying policy, whether or not there has been an indemnity payment... In reaching this conclusion that defense costs in the absence of an indemnity payment are not covered, the Arbitrator also found persuasive the facultative certificates entered into evidence which contained both similar language as in Paragraph 11 with respect to calculating expenses but also language specifically addressing the payment of defense costs in the absence of indemnity payments.

*See* Bedell Aff., Ex. G.

15.    Pursuant to 9 U.S.C. § 9, GLOBAL is entitled to confirmation of Arbitrator Young's ruling that "defense costs in the absence of an indemnity payment are not covered" under the Certificate.

WHEREFORE, in accordance with the terms of the Partial Final Award and 9 U.S.C. § 9, GLOBAL requests that this Court (1) confirm Arbitrator Young's ruling that the Certificate does not provide coverage for defense expenses for a claim where there was no indemnity payment, and (2) grant such other and further relief as the Court may deem just and proper.

Dated: April 11, 2007
       New York, New York          Respectfully submitted,

                                   Joseph J. Schiavone (JS7303)
                                   Vincent J. Proto (VP7016)
                                   BUDD LARNER, P.C.
                                   11 Penn Plaza, 5th Floor
                                   New York, New York 10001
                                   (212) 946-2798

                                           - and -

                                   150 John F. Kennedy Parkway
                                   CN1000
                                   Short Hills, NJ  07078
                                   (973) 379-4800

636832                             4

*Of Counsel:*

Robert J. Bates, Jr.
Mark G. Sheridan
R. Patrick Bedell
BATES & CAREY LLP
191 North Wacker Drive - Suite 2400
Chicago, Illinois 60606
(312) 762-3100

*Attorneys for Respondent and Counter-Petitioner*
*GLOBAL Reinsurance Corporation, U.S. Branch*

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMPLOYERS' SURPLUS LINES INSURANCE
COMPANY,

            Petitioner and Counter-Respondent,

            - against -

GLOBAL REINSURANCE CORPORATION - UNITED
STATES BRANCH (f/k/a Gerling Global Reinsurance
Corporation - United States Branch),

            Respondent and Counter-Petitioner.

Civil Action No.
07 Civ. 2521 (HB)

**RESPONSE TO PETITION TO
CONFIRM IN PART AND
VACATE IN PART
ARBITRAL AWARD**

---

        GLOBAL Reinsurance Corporation, United States Branch ("GLOBAL"), as and for its

answer to Petitioner and Counter-Respondent's Petition to Confirm in Part and Vacate in Part

Arbitral Award ("Petition"), states as follows:

## NATURE OF THE PROCEEDING

        1.     This is a petition pursuant to 9 U.S.C.§§ 9 and 10 to confirm in part and vacate in
part the Partial Final Award and Statement of Reasons (the "Award") issued by Michael D.
Young, Esq. on December 29, 2006, in an arbitration captioned *Employers' Surplus Lines
Insurance Company v. GLOBAL Reinsurance Corporation – United States Branch.* A true and
correct copy of Mr. Young's Final Award is annexed hereto as Exhibit A.

        **ANSWER:**    GLOBAL admits the allegations contained in Paragraph 1 of the Petition.

        2.     This action arises under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, as the
reinsurance contract at issue (i) is a contract evidencing a transaction involving commerce
between Employers, a Massachusetts entity, and Gerling Global Reinsurance Corporation,
United States Branch ("Global"), the United States branch of a German corporation, with its
principal place of business in New York, and (ii) calls for arbitration in New York.

        **ANSWER:**    GLOBAL states that the allegations contained in Paragraph 2 of the

Petition state a legal conclusion to which no response is required.

## PARTIES, JURISDICTION AND VENUE

3.      Global is the United States branch office of a German corporation, with its principal place of business at 1345 Avenue of the Americas, New York, New York.

**ANSWER:**    GLOBAL admits the allegations contained in Paragraph 3 of the Petition.

4.      Employers is a Massachusetts company, with its principal place of business in Boston, Massachusetts.

**ANSWER:**    GLOBAL states that it is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 4 of the Petition.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

**ANSWER:**    GLOBAL states that the allegations contained in Paragraph 5 of the

Petition state a legal conclusion to which no response is required.

6.      Venue is proper in this District under 9 U.S.C. § 9 and 28 U.S.C. § 1391(c).

**ANSWER:**    GLOBAL states that the allegations contained in Paragraph 2 of the

Petition state a legal conclusion to which no response is required.

## FACTUAL BACKGROUND

### The Indemnity and Expense Paid by Employers to Aqua-Chem

7.      Employers issued an umbrella insurance policy to The Coca Cola Company ("Coca Cola") and its subsidiaries (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit B. Under the Policy, Employers agreed to pay up to $20 million in "ultimate net loss" arising out of liability claims against Coca Cola and its subsidiaries, including a subsidiary know as Aqua-Chem, Inc. (the "Insured"). Exhibit B at Definitions, ¶ 5.

**ANSWER:**    GLOBAL admits that Employers' Surplus Lines Insurance Company

("Employers") issued an umbrella insurance policy to Coca Cola and its subsidiaries. GLOBAL

denies the remaining allegations contained in Paragraph 7 of the Petition to the extent those

allegations are inconsistent with the terms and conditions of that umbrella policy.

8.    It is undisputed that Employers' loss payments under the Policy include both indemnity payments made on behalf of the insured, as well as expense payments made to the insured. *Id.* Thus, the $20 million Policy limits have been, and continue to be, expended (or in insurance parlance, "eroded") by Employers' payments of both indemnity and expense.

**ANSWER:**    GLOBAL denies the allegations contained in Paragraph 8 of the Petition.

**The Reinsurance Contract**

9.    The reinsurance contract at issue is a Certificate of Facultative Reinsurance numbered 71-9312, originally effective July 1, 1969 through July 1, 1972 and later extended to January 1, 1973 (the "Certificate"). A true and correct copy of the Certificate is attached hereto as Exhibit C.

**ANSWER:**    GLOBAL admits the allegations contained in Paragraph 9 of the Petition.

10.    Under the terms of the Certificate, Global agreed to indemnify Employers for 20% of Employers losses above $5 million, up to Employers' $20 million limit. Exhibit C. Expressed in reinsurance terms, Global agreed to reinsure "$3 million part of $15 million excess of $5 million." Global's reinsurance obligation begins after Employers pays $5 million of loss, and thus the $5 million level is know as the "Attachment Point" (because that is the point at which Global's liability "attaches").

**ANSWER:**    GLOBAL admits that it issued a reinsurance certificate to Employers. GLOBAL denies the remainder of the allegations contained in Paragraph 10 of the Petition to the extent those allegations are inconsistent with the terms of that reinsurance certificate.

11.    Paragraph 9 of the Certificate contains a standard "follow the form" clause:

> [T]he liability of the Reinsurer specified in Section IV of 5 above shall follow that of the Company and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy.

Exhibit C at ¶ 9.

**ANSWER:**    GLOBAL admits that the reinsurance certificate issued to Employers contains the above quoted language. GLOBAL denies the remainder of the allegations contained in Paragraph 11.

12.    The Facultative Certificate contains an arbitration clause that provides that any arbitration award shall be final and binding upon the parties:

Should an irreconcilable difference of opinion arise as to the interpretation of this contract [sic], it is hereby mutually agreed that, as a condition precedent to any right of action hereunder, such difference shall be submitted to arbitration, on arbiter to be chosen by the Company, one by the Reinsurer, and an umpire to be chosen by the arbiters before they enter upon arbitration. In the event that either party should fail to choose an arbiter within sixty days following a written request by the other party to enter upon arbitration, the requesting party may choose two arbiters who shall in turn choose an umpire before entering upon arbitration. Each party shall present its case to the arbiters within sixty days following the date of their appointment. The decision of the arbiters shall be final and binding upon both parties, but failing to agree they shall call in the umpire and the decision of the majority shall be final and binding upon both parties. Each party shall bear the expense of its own arbiter, and shall jointly and equally bear with the other the expense of the umpire and of the arbitration. In the event that the two arbiters are chosen by one party, as above provided, the expense of the arbiters, the umpire, and the arbitration shall be equally divided between the two parties.

Any such arbitration shall take place at New York, N.Y., unless some other location is mutually agreed upon by the two parties in interest.

*Id.* at ¶ 16.

**ANSWER:**    GLOBAL admits that the reinsurance certificate contains the above quoted language. GLOBAL denies the remainder of the allegations contained in Paragraph 12. GLOBAL further states that nothing in the language of the reinsurance certificate quoted in Paragraph 12 of the Petition prohibits or prevents an arbitrator from bifurcating the issues of liability and damages.

13.    Paragraph 11 of the Certificate provides in relevant part: "All claims involving this reinsurance, when settled by the company [sic], shall be binding on the reinsurer [sic], who shall be bound to pay its portion of such settlement [sic], and in addition thereto, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment, its proportion of expenses ..." *Id.* at ¶ 11.

**ANSWER:**    GLOBAL states that the reinsurance certificate contains the following language: "All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, who shall be bound to pay its proportion of such settlements, and in addition thereto, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss

payment, its proportion of expenses ..." GLOBAL denies the allegations contained in Paragraph 13 of the Petition to the extent they are inconsistent with the language herein quoted by GLOBAL.

**The Arbitration Proceeding**

14.    By Demand dated July 8, 2005, Employers initiated arbitration seeking to recover a 20% share of Employers' loss payments above $5 million. A true and correct copy of the Demand for Arbitration is attached hereto as Exhibit D.

**ANSWER:**    GLOBAL admits that on July 8, 2005, Employers initiated arbitration in this matter and that a true and correct copy of the arbitration demand is attached as Exhibit D to the Petition. GLOBAL denies the remainder of the allegations contained in Paragraph 14 of the Petition to the extent they are inconsistent with the July 8, 2005 demand for arbitration.

15.    Pursuant to related proceedings before the Honorable Harold Baer, Jr., the parties agreed to proceed with the arbitration before a sole arbitrator, Michael D. Young, Esq. In a post-mediation order, Judge Baer maintained jurisdiction over the related arbitrations, including this arbitration. A true and correct copy of Judge Baer's order is attached hereto as Exhibit E.

**ANSWER:**    GLOBAL admits the allegations contained in Paragraph 15 of the Petition.

16.    Hearings were held in New York, New York on November 6-8, 2006, during which both parties submitted argument, witness testimony and exhibits to the Arbitrator concerning the issues in dispute.

**ANSWER:**    GLOBAL admits the allegations contained in Paragraph 16 of the Petition.

17.    At the hearing, Employers stressed to the Arbitrator that, given that the definition of loss contained in the Policy included both indemnity and expense, there was no logical basis to "split the baby" and reject one of Global's defenses while accepting the other:

> A consistent ruling here requires that you find one way or the other on both issues.... Mr. Young, to decide this the right way, you to either determine that this facultative certificate is non-concurrent, and then we lose both issues, or you have to decide that all the words, aggregate and ultimate net loss, are read into this policy.

Hearing Tr. At 1142-43. A true and correct copy of a portion of the November 8, 2006 Hearing Transcript is attached hereto as Exhibit F.

**ANSWER:**    GLOBAL admits that a true and correct copy of a portion of the November 8, 2006 Hearing Transcript is attached to the Petition as Exhibit F. GLOBAL denies the remainder of the allegations contained in Paragraph 17 of the Petition to the extent they are inconsistent with the Hearing Transcript. GLOBAL specifically denies that the Employers policy at issue defines "loss" to include both indemnity and expense.

18.    On December 29, 2006, the Arbitrator issued a "Partial Final Award and Statement of Reasons." Exhibit A. Consistent with Employers' position, the Award declared that the Certificate was presumptively concurrent with Employers' underlying Policy. *Id.* at 2-3. Despite expressing acknowledgment of Employers' concern about an "illogical" result (*id.* at 4), the Award both declared that the Certificate covered "losses" but did not cover certain expenses:

> The Certificate is construed to cover <u>losses</u> incurred on an aggregate basis by Employers pursuant to its underlying excess umbrella insurance policy with the Coca-Cola Company (including Aqua-Chem) but not to cover the payment of defense costs by Employers to the underlying insured when there was no indemnity payment made by the underlying insured to a third party claimant.

Exhibit A. at p. 5 (emphasis added).

**ANSWER:**    GLOBAL admits that on December 29, 2006, Arbitrator Young issued a "Partial Final Award and Statement of Reasons," attached as Exhibit A thereto. GLOBAL denies the remainder of the allegations contained in Paragraph 18 to the extent they are inconsistent with the Arbitrator's "Partial Final Award and Statement of Reasons."

19.    Rather than applying the presumption of concurrency to the second ruling regarding expenses, the Arbitrator ruled that Global's obligation for expenses under the Certificate should be calculated according to "the ratio that the Reinsurer's [Global's] loss payment bears to the Company's [Employers'] gross loss payment." Exhibit C at ¶ 11.

**ANSWER:**    GLOBAL admits that Arbitrator Young issued a ruling but denies the remainder of the allegations contained in Paragraph 19 to the extent inconsistent with that ruling.

20.    If "loss" is defined as "indemnity plus expense," then the second ruling is redundant to the first ruling. If "loss" is not defined as "indemnity plus expense," then the second ruling is inconsistent with the first ruling.

**ANSWER:**    GLOBAL denies the allegations contained in Paragraph 20 of the Petition.

21.    The Arbitrator did not himself attempt to calculate Global's obligation under these two inconsistent rulings, but instead directed Employers to attempt to calculate Global's liability. *Id.* at 5.

**ANSWER:**    GLOBAL admits that Arbitrator Young issued a ruling but denies the remainder of the allegations contained in Paragraph 21 to the extent inconsistent with that ruling.

GLOBAL specifically denies that Arbitrator Young's ruling is in any way inconsistent.

22.    The Arbitrator's ruling was made without any evidence that Employers ever tracked indemnity and expense information as the second ruling seems to contemplate.

**ANSWER:**    GLOBAL denies the allegations contained in Paragraph 22 of the Petition.

23.    Employers has been studying the Award to determine whether there is any way – as a matter of logic and as a matter of mathematics – to reconcile the Arbitrator's first ruling with the Arbitrator's second ruling.

**ANSWER:**    GLOBAL states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Petition.

24.    Employers has expressed to the Arbitrator and Global its view that there is no way to reconcile the two rulings contained within the Award.

**ANSWER:**    GLOBAL admits the allegations contained in Paragraph 24 of the Petition.

GLOBAL denies that there is no way to reconcile the rulings contained in Arbitrator Young's Award.

25.    Global itself has written to Employers and the Arbitrator and asked that, rather than attempt to apply the Award, Employers should apply a "proxy" calculation in lieu of the calculation required by the Award. A true and correct copy of Global's March 5, 2007 letter is attached hereto as Exhibit G.

**ANSWER:**    GLOBAL admits that the March 5, 2007 letter written by GLOBAL attached to the Petition is a true and accurate copy of that letter. GLOBAL denies the remainder of the allegations contained in Paragraph 25 to the extent they are inconsistent with GLOBAL's March 5, 2007 letter.

**The Award Rendered by Judge Wolin**

26.    This Court recently confirmed an arbitration award rendered by Judge Alfred M. Wolin (retired) between the same parties and concerning the same contract form and same issues (the "Wolin Award").  A true and correct copy of the Wolin Award is attached hereto as Exhibit H.

**ANSWER:**    GLOBAL admits that a true and correct copy of the Award issued by Judge Wolin is attached to the Petition.  GLOBAL denies the remainder of the allegations contained in Paragraph 26 to the extent they are inconsistent with the Award issued by Judge Wolin.  GLOBAL specifically denies that the hearing record forming the basis for Judge Wolin's Award was even remotely similar to the record supporting Arbitrator Young's Award.

27.    The Wolin Award considered the same form of Certificate but avoided the inconsistency found in the Award at issue here.

**ANSWER:**    GLOBAL denies the allegations contained in Paragraph 27 of the Petition.

28.    Like the sole Arbitrator in the instant matter, Judge Wolin recognized the significance of the follow-the-form clause: "Generally, follow-the-form clauses as interpreted by black letter law presume that the reinsurance will dovetail with the cedent's policy of liability reinsurance." *Id.* at 10.

**ANSWER:**    GLOBAL admits that Judge Wolin issued an Award containing the above quoted language.  GLOBAL denies the remainder of the allegations contained in Paragraph 28 of the Petition to the extent they are inconsistent with either the Award issued by Arbitrator Young or the Award issued by Judge Wolin.

29.    Judge Wolin likewise applied the presumption of concurrency to Paragraph 11 of the Certificate and rejected Global's interpretation of that provision:

> The first sentence in its pertinent part provides "All claims involving this reinsurance, when settled by the company, shall be binding on the reinsurer, who shall be bound to pay its portion of such settlement..." This is typical language of ultimate net loss and the term 'settlement' is sufficiently broad to include indemnity payments and costs of defense. Therefore, paragraph 11 as constituted follows-the-form and creates a presumption of concurrence between the certificate and Employers' policy."

*Id.* at 10.

**ANSWER:**    GLOBAL admits that Judge Wolin issued an Award containing the above

quoted language.  GLOBAL denies the remainder of the allegations contained in Paragraph 29 of

the Petition to the extent they are inconsistent with the Award issued by Judge Wolin.

30.    Judge Wolin's Award was confirmed by this Court, by Judgment dated January

11, 2007.  A true and correct copy of the Judgment is attached hereto as Exhibit I.

**ANSWER:**    GLOBAL admits the allegations contained in Paragraph 30 of the Petition.

**Petition for Relief**

31.    Employers is entitled to confirmation of the arbitrator's rulings in the Final Award

that the Facultative Certificate is presumptively concurrent and covers Employers' losses under

the Policy presented on an aggregate basis, and entry of judgment on these issues under 9 U.S.C.

§ 9.

**ANSWER:**    GLOBAL denies the allegations contained in Paragraph 31 of the Petition.

32.    The portion of the Final Award that holds that Global is only obligated to pay for

expenses associated with a particular indemnity payment but fails to determine that amount of or

a method for calculating the damages should be vacated under 9 U.S.C. § 10(a)(4) because the

Arbitrator so imperfectly executed his powers that a mutual, final, and definite award upon that

subject matter was not made, and because this holing renders the Final Award contradictory,

internally inconsistent and unworkable.

**ANSWER:**    GLOBAL denies the allegations contained in Paragraph 32 of the Petition.

WHEREFORE, GLOBAL requests that this Court (1) deny ESLIC's Petition because it

is premature and this Court does not the power to hear the Petition, or, (2) in the alternative, if

this Court determines that it may hear ESLIC's Petition, (a) deny the portion of ESLIC's Petition

seeking to vacate in part Arbitrator Young's Partial Final Award, and (b) confirm Arbitrator

Young's ruling that the Certificate of Facultative Reinsurance numbered 71-9312, effective July

1, 1969 through July 1, 1972 and later extended to January 1, 1973, provides coverage for

ESLIC's expenses in connection with an underlying claim only where ESLIC makes on

indemnity payment.

Dated: April 11, 2007
New York, New York

Respectfully submitted,

Joseph J. Schiavone (JS7303)
Vincent J. Proto (VP7016)
BUDD LARNER, P.C.
11 Penn Plaza, 5th Floor
New York, New York 10001
(212) 946-2798

- and -

150 John F. Kennedy Parkway
CN1000
Short Hills, NJ 07078
(973) 379-4800

*Of Counsel:*

Robert J. Bates, Jr.
Mark G. Sheridan
R. Patrick Bedell
BATES & CAREY LLP
191 North Wacker Drive - Suite 2400
Chicago, Illinois 60606
(312) 762-3100

*Attorneys for Respondent and Counter-Petitioner*
*GLOBAL Reinsurance Corporation, U.S. Branch*

636822                     10