UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the<br>Arbitration Between<br><br>ARGONAUT INSURANCE COMPANY,<br><br>Petitioner,<br><br>- against -<br><br>GLOBAL REINSURANCE CORPORATION<br>- U.S. Branch,<br><br>Respondent/<br>Counter-Petitioner,<br><br>- against -<br><br>ARGONAUT INSURANCE COMPANY<br><br>Respondent on<br>Counter-Petition. | Docket No. 07 CV 6222(SHS)<br><br><br><br>**FILED UNDER SEAL** |

# MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO REMAND

**Introduction**

Respondent Global Reinsurance Corporation – U.S. Branch ("Global") has removed this matter from the state court based on this Court's diversity jurisdiction stating that it is an alien company with a principal place of business in Germany. However, in its most recent pleadings in this District (other than this matter), Global represented that its principal place of business is in New York, New York. As a proponent of removal, Global bears the burden of establishing that it has properly removed this matter. Given its contradictory pleadings,

Global has failed to sustain its burden and remand to the state court is warranted.

**Procedural Posture**

On or about June 18, 2007, Petitioner Argonaut Insurance Company ("Argonaut") filed a Petition to Confirm Arbitral Award and a Motion for an Order to Stay Arbitration or for Alternative Relief, against Respondent Global Reinsurance Corporation – U.S. Branch ("Global") in the Supreme Court of the State of New York, County of New York, under Index No. 602016/2007. Pursuant to an Order to Show Cause, Judge Herman Cahn of the New York Supreme Court held a hearing and issued an order temporarily sealing the record in that matter. Judge Cahn's order also set a hearing on the matter for July 16, 2007. [The Order to Show Cause is attached to Global's Notice of Removal as Exhibit B.] On or about July 5, 2007, Global removed that action to this Court.

**Global's Ground for Removal**

Global's Notice of Removal was filed pursuant to 28 U.S.C. § 1441. [See Global Notice of Removal page 1 and ¶ 5.] The subject matter jurisdiction Global relies on for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332. [See Global Notice of Removal ¶¶ 5, 10.] Global's Notice of Removal states that the proceeding filed by Argonaut in state court "ancillary to an arbitration is between a citizen of a state and a foreign corporation." [See Global Notice of Removal ¶ 7.] Global then states that Argonaut is a citizen of Illinois. [See Global Notice of Removal ¶ 8.] Global goes on to describe itself as "an alien

2

company" with its principal place of business in Germany. [See Global Notice of Removal ¶ 9.]

Global's notice of removal in this matter is inconsistent with Global's most recent pleadings in the Southern District of New York, which for the purposes of diversity jurisdiction therein, describe Global as having "its principal place of business at 1345 Avenue of the Americas, New York, New York." See Affidavit of Dan E. LaBelle (hereinafter "LaBelle Aff."), Exhibit 1 ¶ 3 Global's Counter-Petition in Alternative to Confirm Arbitral Award filed in 07 Civ. 2521 (HB) on April 11, 2007 and LaBelle Aff., Exhibit 2 ¶ 3 to Global's Response to Petition to Confirm in Part and Vacate in Part Arbitral Award, filed on the same date in the same matter. Similarly, in a recent state court filing, Global also represented itself as having its principal place of business at 1345 Avenue of the Americas, New York, New York. LaBelle Aff., Exhibit 3 ¶ 14.

The removal statute provides that under diversity jurisdiction removal is allowed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). If Global has its principal place of business in New York, as it alleged in the case pending before Judge Baer, it improperly removed this action. As a citizen of the forum, "the defendant has no interest recognized by a federal statute in a federal forum." *Trask v. Kasenetz*, 818 F. Supp. 39, 44-45 (E.D.N.Y. 1993). "Allowing removal in cases involving a local defendant would defeat the purpose of diversity jurisdiction which is to protect out-of-state defendants from local prejudice." *Vasura v. AC and S*, 84 F. Supp. 2d 531, 538 (S.D.N.Y. 2000).

3

*See also Zuurbier v. Medstar Health, Inc.*, 306 F. Supp.2d 1, 7 (D.D.C. 2004)(remanding where the "driving concerns behind allowing non-local defendants to remove cases to federal court, *i.e.*, favoritism and unfairness a foreign defendant might face in the state court, are no longer present in this case.")

### The Removal Statute is to be Construed Narrowly by the Courts

Federal courts should construe the removal statute narrowly, "resolving any doubts against removability." *Lupo v. Human Affairs Int'l Inc.*, 28 F3d 269, 274 (2d Cir. 1994)(citations omitted). "The language of the Act of 1887 evidence[d] the Congressional purpose to restrict the jurisdiction of the federal courts on removal, [and] the policy of the successive acts of Congress regulating the jurisdiction of federal courts... call[s] for the strict construction of such legislation." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 85 L. Ed. 1214, 61 S. Ct. 868 (1941). The right to remove a state court action to federal court on diversity grounds is statutory "and must therefore, be invoked in strict conformity with statutory requirements." *Lupo*, 28 F3d at 274(citations omitted). Due to these considerations, "the party requesting removal carries a heavy burden to demonstrate that the removal was proper." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

Global's Notice of Removal was filed under 28 U.S.C. § 1441; in it Global states that the basis for the Court's jurisdiction is diversity. Local Civil Rule 81.1(a) requires that "If the court's jurisdiction is based upon diversity of

citizenship ... the notice of removal shall set forth (1) in the case of each individual named as a party, the states of citizenship and residence and the address of that party, (2) in the case of each corporation named as a party, the state of incorporation and of its principal place of business, and (3) the date on which each party that has been served was served."

"In order for removal to be considered proper, the removing party must demonstrate that this Court is endowed with the requisite subject mater jurisdiction." *Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.,* 2004 WL 2360033 at *2 (S.D.N.Y. October 19, 2004) (internal quotations and citations omitted). Indeed, if the Court lacks subject matter jurisdiction or if the removal process was defective, the plaintiff is entitled to move the district court to have the matter remanded back to State court. 28 U.S.C. § 1447(c).[1] "In resolving a motion to remand, courts must be mindful of considerations of federalism and the limited jurisdiction conferred on subject matter jurisdiction courts and should strictly construe the federal removal statute, resolving all doubts in favor of remand." *Vasura*, 84 F. Supp. 2d at 533 (internal quotations and citations omitted). Further, it is the "party invoking the Court's removal jurisdiction [that] bears the burden of establishing subject matter jurisdiction on a motion to remand." *Vasura*, 84 F. Supp. 2d at 533 (internal quotations and citations omitted); *see also Phoenix Global*, 2004 WL 2360033 at *2. The proponent of removal must demonstrate the existence of subject matter jurisdiction by a

---

[1] A motion to remand based upon any defect other than subject matter jurisdiction must be made within 30 days after the filing of defendant's notice of removal. 28 U.S.C. § 1447(c). As Global's notice of removal was filed on or about July 5, 2007, Argonaut's motion to remand is timely.

5

preponderance of the evidence. *Eugenia VI Venture Holdings, Ltd. v. Chabra*, 419 F. Supp. 2d 502, 505 (S.D.N.Y. 2005).

In the instant case a remand to the state court is necessitated because the removal in itself was defective. Defendant Global – U.S. Branch is a citizen of New York State, the state in which the action was brought. "[A]n action is not removable on the basis of diversity unless the defendants overcome an additional hurdle not applicable when a complaint is filed in the first instance in federal court: none of the defendants may be a citizen of the forum state. 28 U.S.C. § 1441(b)." *Vasura*, 84 F. Supp. 2d at 535. As discussed in more detail below, Global is a citizen of the forum state, New York. Thus, this Court should remand this case to the New York State court from whence it came. *Vasura*, 84 F. Supp. 2d at 538.

**Global Has Not Satisfied Its Burden of Proof for Removal**

The Second Circuit has stated that "the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2nd Cir. 1979)(citations omitted). Where there is doubt as to the basis for removal, the motion for remand should be granted. *Shamrock Oil Corp*, 313 U.S. at 108-09.

Global's Notice of Removal recites that Global is "an alien company organized under the laws of Germany, with its principal place of business at Im Mediapark 4b, Cologne, Germany." [See Global Notice of Removal ¶ 9.] However, such a recitation is not proof. *See, e.g., Leiblinger v. Saks Fifth Avenue*, 612 F. Supp. 872, 874 (N.D. Ohio 1985)(statement of counsel regarding

6

principal place of business insufficient to meet burden for removal; granting remand motion)[2]; *Jerro v. Home Lines, Inc.*, 377 F. Supp. 670, 672 (S.D.N.Y. 1974)(unsupported conclusions by counsel insufficient to establish principal place of business other than forum state; granting remand motion).

Global's failure to sustain its burden of proof is especially glaring in this instance where its same counsel in this same district less than 3 months earlier in order to establish diversity jurisdiction stated that Global's "principal place of business" is "1345 Avenue of the Americas, New York, New York." [See Affidavit of Dan E. LaBelle (hereinafter "LaBelle Aff."), Exhibit 1 ¶ 3 Global's Counter-Petition in Alternative to Confirm Arbitral Award filed in 07 Civ. 2521 (HB) on April 11, 2007; see also Exhibit 2 ¶3 to Global's Response to Petition to Confirm in Part and Vacate in Part Arbitral Award, filed on the same date in the same matter.]

### Any Attempt by Global to Cure the Substantive Defects in its Notice of Removal Would Be Untimely

As of the date of Argonaut's Motion for Remand, Global has not amended its Notice of Remand to assert additional bases for removal, such as the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, et seq. (the "New York Convention"). To the extent that it may now seek to do so; such amendment would be untimely. *See, e.g., Pan Atlantic Group, Inc. v. Republic Ins. Co.*, 878 F. Supp. 630, 643 (S.D.N.Y. 1995)(holding attempted removal under New York Convention untimely); *Employers Ins. of*

---

[2] Also noting that court was not reluctant to remand to state court as "Congress' intent in creating dual citizenship for corporations under 28 U.S.C. § 1332(c) was to reduce the number of cases coming to the federal courts on diversity grounds." *Kelly v. United States Steel Corp.*, 284 F.2d 850, 852 (3rd Cir. 1960.)" *Id.*

*Wausau v. Certain Underwriters at Lloyd's, London,* 787 F. Supp. 165, 169 (W.D.Wis. 1992)(refusing to allow untimely amendment of removal notice where New York Convention could have been used as basis for removal in first instance; motion to remand granted).

The federal cases that have refused to allow untimely substantive amendments to a removal petition are myriad. *Brown v. Alter Barge Line, Inc.*, 461 F. Supp. 2d 781, 785 (S.D.Ill. 2006) (refusing to allow amendment to original notice of removal to add new basis for removal after diversity destroyed where, "[b]oth the notice of removal and the amended notice of removal in this case allege only diversity as the basis for the Court's subject matter jurisdiction.") *Bova v. U.S. Bank, N.A.*, 446 F. Supp.2d 926, 936 (S.D.Ill.2006) (quoting *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp.2d 838, 844 n. 2 (S.D.Ill.2006)). ("A notice of removal may be amended more than thirty days after the time to remove has expired ... only to set out more specifically the grounds for removal that already have been stated albeit imperfectly, in the original notice.... Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however.") See also *Gray v. Remley No.*, 2004 WL 951485, at *5-6 (M.D.N.C. Apr. 30, 2004) (refusing to permit amendment of a notice of removal to allege federal bankruptcy jurisdiction, where the original notice of removal contained no such allegations, and the time to remove had expired); *Briarpatch Ltd., L.P. v. Pate,* 81 F. Supp.2d 509, 517-18 (S.D.N.Y.2000) (in a case originally removed based on diversity jurisdiction, failure to assert federal question jurisdiction is a substantive defect which a defendant cannot cure by

8

amendment after expiration of the thirty-day time limit for removal); *Schepis v. Local Union No. 17, United Bhd. Of Carpenters & Joiners of Am.*, 989 F.Suppp. 511, 516 (S.D.N.Y. 1998) ("[W]hile [a] defendant is free to amend [a] removal petition within [the] 30-day statutory removal period to add additional grounds, a wholly absent basis for removal cannot supplied after the 30-day period has run."); *Lowes v. Cal Dive Int'l, Inc.*, No. 97-407, 1997 WL 178825, at *1-2 (E.D.La. Apr. 7, 1997) (in a case originally removed based on federal question jurisdiction, the failure to assert diversity jurisdiction was a substantive defect that the defendants could not cure by amendment after expiration of the thirty-day time limit); *Energy Catering Servs., Inc. v. Burrow,* 911 F. Supp. 221, 223 (E.D.La.1995) (the defendant could not amend his notice of removal to assert admiralty jurisdiction where his original notice focused solely on diversity jurisdiction); *Iwag v. Geisel Compania Maritima, S.A.*, 882 F. Supp. 597, 601 (S.D.Tex. 1995) (the removal defendants' supplementary notice of removal suggesting that the plaintiff seamen's petition included a separate and independent penalty wage claim under a federal statute governing seamen's entitlement to wages was a suggestion not contained in the original notice of removal, and therefore would not be considered by the court as a basis for subject matter jurisdiction); *Holt v. Lockheed Support Sys., Inc.*, 835 F. Supp. 325 F. Supp. 325, 327-28 (W.D.La. 1993) (denying amendment of a notice of removal to assert federal question jurisdiction, where the original notice of removal asserted only diversity and supplemental jurisdiction and the thirty-day time for removal had passed); *Yorkshire Pioneer Central School District v.*

*Travelers Property Cas.*, No. 02-CV-0525E, 2002 WL 31194561 (W.D.N.Y. Sept. 17, 2002)(remanding case; refusing to allow untimely amendment to cure substantive pleading defect).

**Any Doubts As to Removal Must Be Construed Against Global**

Assuming that Global will argue that its principal place of business is not New York, as it has previously stated, but is in Germany, it will no doubt cite to *Colonia Ins., A.G. v. D.B.G. Property Corp.*, No. 89-8640, 1992 U.S. Dist. Lexis 12265 (S.D.N.Y. Aug. 7, 1992), as bearing on the status of a U.S. branch of an alien insurance company for diversity purposes. However, that case is distinguishable from the instant matter on several bases. First, unlike the insurance company in *Colonia*, Global's Notice of Removal does not actually state that it is a corporation, but that it is an "alien company." [Global Notice of Removal ¶ 9.] Nor is the corporate status of Global's U.S. Branch clear from Global's pleading.

Second, there is no indication in the *Colonia* facts that Colonia had been representing that its principal place of business was the address of its U.S. Branch, as Global has done on at least one occasion. [See Exs. 1 and 2 to LaBelle Aff.] [See also Ex. 3 to LaBelle Aff.]

Further, there are several post-*Colonia* cases where the US Branch operations of foreign insurance companies were treated as "adopted domestics" and New York residents for purposes of application of New York law. *See Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.*, 84 N.Y.2d 309, 317-318 (1994);

10

*Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.*, 193 A.D.2d 1, 6 (App. Div. 1st Dep't 1993).

Global's US Branch was set up under New York's Insurance Laws to allow it to issue insurance and reinsurance in New York. [See, e.g., McKinney's Insurance Law § 1320.] The seminal New York case describing the legislative purpose for allowing the establishment of US branches by alien reinsurers stated as follows:

> The Insurance Law requires that before a foreign insurance corporation is permitted to do business here there must be a definite separation and division of its property and even of its juristic personality. 'The Insurance Law as now written and as an entirety indicates a purpose and policy in dealing with foreign insurance companies doing business in this country which are so definite and plain that they fix upon the words under consideration an interpretation which cannot be fairly avoided. We think that the legislature in allowing these foreign companies to do business in this State and country intended to treat the domestic agency largely as a complete and separate organization, to place it on a parity with domestic corporations, to supervise and regulate it as such and to require it by the deposit of prescribed assets to set up within this country a capital corresponding to that of domestic corporations and which should be security for business transacted by it here and not elsewhere.' *Quoting Matter of People [Norske Lloyd Ins. Co.]*, 242 N.Y. 148, 158 (1926).

*Moscow Fire Ins. Co. v. Bank of New York & Trust Co.*, 280 N.Y. 286, 20 N.E. 2d 758, *reargument denied* 280 N.Y. 848, *cert. granted*, 308 U.S. 542, *aff'd*, 309 US 624, *reh'g denied*, 309 U.S. 697 (construing insurance law that is currently McKinney's Insurance Law § 1320, Deposits by alien insurers.)[3]

---

[3] Section 1320 (a) provides: "No alien insurer authorized to do an insurance business in this state shall do business unless it shall have securities deposited (for the benefit of all its policyholders, or all its policyholders and creditors, in the United Sates) with the superintendent or with proper state officers of other state, or held as trusteed assets..."

11

In this action, Global's Notice of Removal recites that Global is "an alien company organized under the laws of Germany, with its principal place of business at Im Mediapark 4b, Cologne, Germany." [See Global Notice of Removal ¶ 9.] However, it is unclear from the petition which "Global" has its principal place of business in Germany. The "Global" entity which is a party to the reinsurance contracts under which Global now seeks to proceed is "Global – US Branch." [See, e.g., contracts attached as Exhibits B and C to Argonaut's Petition to Confirm Arbitral Award filed in Index No. 602016/2007.] Each of the reinsurance contracts identify Global's address as "New York, New York." [Id.]

As noted above, in order to establish diversity jurisdiction, Global has previously represented that its "principal place of business" is "1345 Avenue of the Americas, New York, New York." [See LaBelle Aff., Exhibit 1 ¶ 3 Global's Counter-Petition in Alternative to Confirm Arbitral Award filed in 07 Civ. 2521 (HB) on April 11, 2007; see also Exhibit 2 ¶3 to Global's Response to Petition to Confirm in Part and Vacate in Part Arbitral Award, filed on the same date in the same matter.]

Furthermore, based on its residency in New York, Global avails itself of the New York state court system, when advantageous. [See, e.g., Summons and Complaint in Global Reinsurance Corporation – US Branch v. Equitas, et al., Index No. 600815/07, Supreme Court, New York County, filed March 14, 2007; copy attached hereto as Exhibit 3 to LaBelle Aff.] In paragraph 14 of that complaint Global again alleges that it has "a principal place of business in the

County of New York at 1345 Avenue of the Americas, New York, New York, 10105." [*Id.*]

**Conclusion**

Global's conflicting representations in its other court filings raise a serious question regarding its representation in the removal papers in the instant case regarding its principal place of business. In light of its conflicting statements regarding its principal place of business and hence its citizenship for purposes of invoking the removal statute, Global cannot sustain its burden of proving the basis for removal. The Court should resolve all questions regarding removal against Global and remand this matter to the New York Supreme Court, New York County.

Dated:    Westport, CT
          August 3, 2007

                                        HALLORAN & SAGE LLP

                                        _____
                                        Dan E. LaBelle, DL2779
                                        HALLORAN & SAGE LLP
                                        315 Post Road West
                                        Westport, CT 06880
                                        (T)   (203) 227-2855
                                        (F)   (203) 227-6992
                                        labelle@halloran-sage.com

13

*Of counsel:*
Theresa W. Hajost
Daniel A. Blumenthal
HALLORAN & SAGE LLP
1730 Pennsylvania Avenue, NW
Suite 800
Washington, DC  20006
(T)	(202) 496-9270
(F)	(202) 496-9279

Counsel for Defendant Argonaut
    Insurance Company

14

CERTIFICATION OF SERVICE

    This is to certify that the foregoing Memorandum of Law was sent, via FedEx, on this 3rd day of August, 2007, to the following counsel of record:

Joseph J. Schiavone, Esq.
Jeffrey S. Leonard, Esq.
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey  07078

Dan E. LaBelle

1020590-1(HSFP)

1015985