**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————

In the Matter of the          Docket No. 07-CV-6222 (SHS)
Arbitration Between

Argonaut Insurance Company,

      Petitioner,          ANSWER OF PETITIONER
ARGONAUT INSURANCE
COMPANY TO RESPONDENT
vs.          GLOBAL REINSURANCE CORP -
U.S. BRANCH'S AMENDED
Global Reinsurance Corp. – U.S. Branch          COUNTER-PETITION TO
CONFIRM ARBITRAL AWARD
      Respondent / Counter-Petitioner          AND FOR RELIEF IN AID OF
ARBITRATION
vs.

Argonaut Insurance Company,          **FILED UNDER SEAL**

      Respondent on Counter-Petition

————————————————————

      Petitioner Argonaut Insurance Company ("Argonaut") responds to the Counter-

Petition of Respondent Global Reinsurance Corp. – U.S. Branch ("Global") against all

Defendants as follows:

## NATURE OF THE COUNTER-PETITION

      1.     The allegations of Paragraph 1 of the Amended Counter-Petition

constitute Global's characterization of its Counter-Petition and various legal conclusions

to which no response is required. To the extent a response is required, Argonaut admits

that an award in a prior arbitration between the parties was issued on January 10, 2007

and that Global served an arbitration demand by letter dated March 14, 2007 and later

purported to appoint Richard L. White as its arbitrator. Argonaut denies that Global has

correctly invoked the jurisdiction of this Court. Argonaut denies the remaining allegations of Paragraph 1.

2.      The allegations of Paragraph 2 of the Amended Counter-Petition constitute Global's characterization of this action to which no response is required as the pleadings herein speak for themselves. To the extent a response is required, Argonaut has insufficient knowledge or information upon which to either admit or deny the allegations of Paragraph 2 of the Amended Counter-Petition and, therefore, denies same.

3.      Argonaut is without sufficient information to admit or deny the allegations contained in Paragraph 3. Argonaut is also unable to admit or deny the allegations in Paragraph 3 to the extent that they are ambiguous. On information and belief, Global's principal place of business is New York, New York.

4.      Admitted.

5.      Argonaut is without sufficient information to admit or deny the allegations contained in Paragraph 5.

6.      Argonaut admits that the retrocessional contracts between Argonaut and Global contain arbitration clauses and are commercial agreements. Argonaut admits on information and belief that the United States and Germany are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. The remaining allegations in Paragraph 6 set forth conclusions of law, to which no response is required. To the extent a response is required, on information and belief, Argonaut denies the remaining allegations in Paragraph 6.

7.      The allegations in Paragraph 7 set forth conclusions of law, and no response is required. To the extent a response is required, on information and belief, Argonaut denies the allegations in Paragraph 7.

8.      Argonaut denies that Global's removal was proper. Argonaut admits that the 10 January 2007 Award was made in the Court's district and that contracts between Global and Argonaut provide for arbitrations to take place in New York, New York. The remaining allegations in Paragraph 8 set forth conclusions of law to which no response is required. To the extent a response is required, on information and belief, Argonaut denies the remaining allegations in Paragraph 8.

9.      The allegations of Paragraph 9 are characterizations and legal conclusions to which no response is required. To the extent that a response is required, Argonaut denies that Global's descriptions are complete.

10.     The allegations of Paragraph 10 are characterizations and legal conclusions to which no response is required. To the extent that a response is required, Argonaut denies that Global's descriptions are complete.

11.     Admitted that Global and Argonaut entered into the Quota Share Contract and First Surplus Contract. Argonaut does not admit or deny the remaining allegations, as the language of the contracts speaks for itself. Argonaut denies that Global has attached accurate or complete copies of the contracts to its Counter-Petition.

12.     Admitted that the language quoted by Global in Paragraph 12 appears as part of Article IX to the Quota Share Contract, as defined by Global.

13.     Admitted that the language quoted by Global in Paragraph 13 is part of Article IX of the Quota Share Contract as defined by Global. The remaining allegations

of Paragraph 13 are characterizations and legal conclusions to which no response is required. To the extent a response is required, denied.

14.    Admitted that the language quoted by Global in Paragraph 14 appears as part of Article XIII to the First Surplus Contract, as defined by Global.

15.    Admitted that the language quoted by Global in Paragraph 15 is part of Article XIII of the First Surplus Contract as defined by Global. The remaining allegations of Paragraph 15 are characterizations and legal conclusions to which no response is required. To the extent a response is required, denied.

16.    Admitted that Global sent a letter December 30, 2004 demanding arbitration and amended its demand in a letter dated January 10, 2005. Admitted that the language quoted, ending with the designation "('Home')" in Paragraph 16, is found in both Global's December 30, 2004 and January 10, 2005 letters. The remaining allegations in Paragraph 16 set forth conclusions of law to which no response is required. To the extent a response is required, Argonaut denies the remaining allegations in Paragraph 16.

17.    Admitted that an arbitration between Argonaut and Global proceeded before the panel listed in Paragraph 17.

18.    Admitted.

19.    Admitted that billings from Global cedents other than Home and AIG were not at issue in the December 11-15, 2006 arbitration, and that Argonaut did not use the term "rescinded" with respect to the Contracts. Argonaut denies the remaining allegations of Paragraph 19.

20.     Admitted that portions of the transcript are attached to the Counter-Petition.  The remainder of the allegations of Paragraph 20 are mischaracterizations and legal argument to which no response is required.  To the extent that a response is required, denied.

21.     Admitted.

22.     Admitted that Global has accurately reproduced a portion of the 10 January 2007 Award.  The remaining allegations of Paragraph 22 are denied.

23.     Admitted that Global has accurately reproduced a portion of the 10 January 2007 Award.  Argonaut denies the remaining allegations contained in Paragraph 23.

24.     Argonaut denies that Global's characterizations and arguments, set forth as allegations in Paragraph 24, are accurate.

25.     Admit that Global submitted to the panel a motion purportedly seeking clarification of the 10 January 2007 Award.  Global's motion speaks for itself, and therefore Argonaut neither admits nor denies Global's characterizations thereof.  Argonaut denies the remaining allegations in Paragraph 25.

26.     Admit that Argonaut opposed Global's motion.  Argonaut's opposition speaks for itself, and therefore Argonaut neither admits nor denies Global's characterizations thereof.  Argonaut denies the remaining allegations in Paragraph 26.

27.     Admit that Global submitted a reply in support of its purported clarification motion.  Argonaut denies the remaining allegations in Paragraph 27.

28.     Admit that the Panel majority concluded that there was no mistake or ambiguity in its order.  Admit that Global attached a copy of the Panel's decision with

regard to Global's motion, but without the dissenting opinion of Richard L. White, a copy of which is attached to the Affidavit of Christopher Hollender in support of Argonaut's Motion to Stay Arbitration or for alternative relief as Exhibit 8 thereto. Argonaut denies the remaining allegations in Paragraph 28.

29.    Admit that Global demanded arbitration by letter dated March 14, 2007. Global's letter speaks for itself, and therefore Argonaut neither admits nor denies Global's characterizations thereof. The remaining allegations in Paragraph 29 set forth conclusions of law to which no response is required. To the extent a response is required, Argonaut denies the remaining allegations in Paragraph 29.

30.    Argonaut is without sufficient information to determine whether specific claims have developed and been reserved by Home and AIG. Argonaut admits that Global has sent Argonaut bills that Argonaut has refused to pay. Argonaut denies the remaining allegations in Paragraph 30.

31.    Admit that Argonaut appointed Paul C. Thomson, III as its arbitrator in a letter dated April 11, 2007. Admit that Thomson has served as Argonaut's party-appointed arbitrator adverse to Global on two occasions, one of which included commutation billings tendered by Global to Argonaut. Argonaut denies the remaining allegations in Paragraph 31.

32.    Admit that Global purported to appoint Richard L. White as its arbitrator by letter dated April 26, 2007. The remainder of Global's allegations are characterizations and legal conclusions to which no response is required. To the extent a response is required, Argonaut denies the remaining allegations in Paragraph 32.

6

33.    Admit that Argonaut sent Global a letter dated May 14, 2007. Argonaut's May 14, 2007 letter speaks for itself, and therefore Argonaut neither admits nor denies Global's characterizations thereof. Admit that Argonaut sent a letter dated June 15, 2007. Argonaut's June 15, 2007 letter speaks for itself, and therefore Argonaut neither admits nor denies Global's characterizations thereof. Upon information and belief gained subsequent to Argonaut's June 15, 2007 letter, Argonaut admits that Gass has served as a party-appointed arbitrator adverse to Global on at least 12 occasions. Argonaut denies the remainder of the allegations in Paragraph 33.

34.    Admit that Argonaut maintains the position that the arbitration demand from Global is inappropriate as the issues it purports to arbitrate are not arbitrable. Argonaut admits that to the extent that a court finds them to be any arbitrable issues, it is not proper or appropriate for Mr. White to serve as Global arbitrator. Admitted that Argonaut requested that Mr. Thomson not work with Mr. White to select an umpire in light of Argonaut's positions. Argonaut denies the remaining allegations in Paragraph 34.

Count I

35.    Argonaut incorporates by reference each of its responses to Paragraphs 1-34 above.

36.    Admitted.

37.    Argonaut admits that the January 10, 2007 Award should be confirmed, and denies the remaining allegations in Paragraph 37.

Count II

7

38.     Argonaut incorporates by reference each of its responses to Paragraphs 1-37 above.

39.     Denied.

40.     Argonaut admits that it refuses to arbitrate as Global's arbitration demand is barred and its not within the scope of the contracts, Argonaut denies the remaining allegations of Paragraph 40.

41.     Admitted that Global purported to designate White as its arbitrator. Argonaut denies the remaining allegations in Paragraph 41.

42.     Admitted that Global purported to designate White as its arbitrator. Paragraph 42 contains legal conclusions to which Argonaut is not required to respond. To the extent a response is required, denied.  Argonaut denies the remaining allegations in paragraph 42.

43.     Paragraph 43 is a legal conclusion to which Argonaut is not required to respond.  To the extent a response is required, denied.

## AFFIRMATIVE DEFENSES

1.     The arbitration that Global seeks to compel is barred by the doctrine of res judicata.

2.     The arbitration that Global seeks to compel is barred by the doctrines of collateral estoppel and issue preclusion.

3.     The arbitration that Global seeks to compel does not involve the contracts, the provisions of which Global relies upon.  The contracts' arbitration clauses only apply to disputes arising out of the contracts.  Global's demand is for extra-contractual relief

and extra-contractual payments that it claims arise out of an arbitration award. The Amended Counter-Petition does not allege that the billings at issue relate to amounts ceded to Global, and the contract does not apply to claims of companies who are no longer Global's cedents and who did not actually cede specific claims to Global.

4.    Venue is not proper before this Court because, on information and belief, Global is a citizen of the State of New York, and thus improperly removed this case.

5.    There is not Federal Question jurisdiction, as alleged by Global, because, on information and belief, Global is a citizen of the State of New York, and thus the Convention on Recognition and Enforcement of Foreign Arbitral Awards does not apply.


Dated: August 3, 2007                           Respectfully submitted,


                                                Dan E. LaBelle,
                                                DL2779
                                                HALLORAN & SAGE LLP
                                                315 Post Road West
                                                Westport, CT  06880
                                                (T)    (203) 227-2855
                                                (F)    (203) 227-6992
                                                Counsel for Defendant Argonaut
                                                    Insurance Company


*Of counsel:*
Theresa W. Hajost
Daniel A. Blumenthal
HALLORAN & SAGE LLP
1730 Pennsylvania Avenue, NW
Suite 800
Washington, DC  20006
(T)    (202) 496-9270
(F)    (202) 496-9279

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of August, 2007, a copy of the foregoing Answer of Petitioner Argonaut Insurance Company to Verified Amended Petition to Confirm Arbitral Award and for Relief in Aid of Arbitration was sent via FedEx to the following counsel of record:

> Jeffrey S. Leonard, Esquire
> Budd Larner
> 150 John F. Kennedy Parkway
> CN 1000
> Short Hills, NJ 07078-0999
> *Counsel for Global Reinsurance Corporation – U.S. Branch*

Dan E. Labelle

1020985-1(HSFP)

10