UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between<br><br>Argonaut Insurance Company,<br><br>    Petitioner/ Respondent on Counter Petition,<br><br>- against -<br><br>GLOBAL Reinsurance Corporation - U.S. Branch,<br><br>    Respondent/<br>    Counter-Petitioner. | Docket No. 07 CV 6222(SHS)<br><br><br><br><br><br><br>**FILED UNDER SEAL** |

## DECLARATION OF VIRGINIA A. PALLOTTO

I, VIRGINIA A. PALLOTTO, declare the following to be true under the penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. I am an attorney at law admitted to the bars of the State of New Jersey, the Commonwealth of Pennsylvania, the U.S.District Court for the District of New Jersey, the U.S. District Court for the Eastern District of Pennsylvania and Third Circuit. I have a pending application for pro hac vice admission in this case before this Court. I am a shareholder in the law firm of Budd Larner, P.C., attorneys for Respondent/Counter-Petitioner, Global Reinsurance Corporation - U.S. Branch ("Global"). I submit this Declaration to set before the Court certain facts and true copies of certain documents referenced in Global's Reply Brief.

2. For the convenience of the Court, I am attaching hereto as Exhibit A Section 21:2 of the Law of Reinsurance by Graydon S. Staring.

2

3. By letter dated August 21, 2007, Argonaut attempted to replace its alleged party appointed arbitrator for Global by substituting Peter H. Bickford for Ronald S. Gass.

I declare under perjury that the foregoing is true and correct. Executed on August 30, 2007.

*[signature]*
VIRGINIA A. PALLOTTO

# EXHIBIT A

REINSUR S 21:2                                                                                         Page 1
Law of Reinsurance § 21:2

Law of Reinsurance § 21:2

Law of Reinsurance
Database updated April 2007

Graydon S. Staring

Part V. LOSSES, LIABILITIES AND CLAIMS
Chapter 21. Arbitration and Arbitrators; Fundamentals

Summary

§ 21:2. Governing Law and Policy

The United States Arbitration Act (or Federal Arbitration Act, "FAA")[FN4] provides for the enforcement of arbitration agreements and awards in connection with maritime transactions and contracts in the interstate or foreign commerce of the United States. Since marine reinsurance is a maritime transaction and reinsurance is "commerce,"[FN5] an arbitration clause in any marine reinsurance contract and in any non-marine contract between parties in different states or territories of the United States,[FN6] or in a state or territory and a foreign state, is enforceable under the Act. Although the Act has procedural features in connection with enforcement, it is essentially a statute of substantive law, validating and giving force to the arbitration provisions of contracts to which it applies and therefore displacing inconsistent state law in whatever court, federal or state, the issue arises.[FN7] This does not prevent the parties from incorporating state arbitration law explicitly, or by a broad interpretation of a proper law clause in the contract, which then becomes part of the contract to be enforced under the federal Act.[FN8] Since the Act does not itself confer jurisdiction over the contracts to which it applies,[FN9] federal jurisdiction must therefore be found elsewhere, usually in admiralty or diversity of citizenship.

The United States is a party to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, of June 10, 1958 (the "New York Convention").[FN10] Notwithstanding the limitation of its title, it provides for the enforcement of arbitration agreements, as well as awards, between parties of different nations. It applies to commercial transactions only and overrides state laws generally,[FN11] and the FAA has been amended to implement it.[FN12] It collides with the McCarran-Ferguson Act, however, when a state prohibition of arbitration is adjudged to be a law regulating the business of insurance; it has been held inapplicable in that case because the Convention is not self-executing but requires an act of Congress to make it effective and the amendment to the FAA to do so is itself qualified by the limitation in McCarran-Ferguson.[FN13]

There is also an Inter-American Convention on International Commercial Arbitration, made applicable by 9 U.S.C.A. §§ 301 to 304. It was compared with the New York Convention, in a reinsurance case to which both applied, and the court considered that decisions under the latter applied to similar provisions of the former and that different words used in the two conventions to describe an enforceable arbitration agreement did not indicate any substantial difference.[FN14] Both conventions authorize states parties to impose requirements for pre-judgment security, and it is held that a party to either of the conventions waives its sovereign immunity as to such security.[FN14.10]

Although the FAA lacks any general jurisdictional provision, it provides specially for federal jurisdiction, including removal jurisdiction, "at any time before trial," in actions involving arbitration subject to the New York Convention.[FN15] Thus it is free of the time limit under the general removal statute.[FN16] Questions have arisen over how far the removal provision is affected by the general law of removal and, in the enforcement of this distinction in the Fifth Circuit in connection with a reinsurance arbitration,[FN17] a comparison has been drawn between this removal provision and that in the Foreign Sovereign Immunities Act.[FN18] The question was presented whether the parallel between the two acts extends so far as to allow less than all the defendants to remove an arbitration case under the FAA, as a single foreign sovereign defendant is allowed to do. This question

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw

was answered in the negative, on the basis that the arbitration statute provides for removal by "the defendant or defendants," and thus tracks the wording of the general removal statute and is distinguishable from the wordings of the Foreign Sovereign Immunities Act and other special removal statutes, which allow removal by "any" persons in specified capacities or by "any defendant."[FN19] It has also been held that a service of suit clause does not waive removal to federal court[FN20] of an action involving arbitration under the New York Convention, unless the waiver is explicit.[FN21]

The FAA and the New York Convention are consistently held to express a very strong policy in favor of arbitration,[FN22] and state policies may be found to agree.[FN22.10] It will be observed that this policy weighs heavily in decisions on arbitrability, supporting even arbitration abroad of issues arising under United States laws expressing strong American public policy.[FN23]

It may be fairly assumed that most reinsurance contracts to which companies in the United States are parties cross state lines or international borders, and therefore that their arbitration clauses will fall under the FAA or under the New York Convention and the FAA together.

The states have their own arbitration acts, many of which are based on the Uniform Arbitration Act,[FN24] while others are similar, some of which have, however, acquired a mossy accretion of procedural features, such as provisions for discovery, stays in favor of related litigation, and interim relief.[FN25] The state acts are seldom applicable to reinsurance contracts, since the FAA usually applies, for the reasons mentioned above. Where the FAA would otherwise directly apply, the parties may adopt a state act by the terms of their contract. If they mean to do so, they should do it explicitly and, if they do not, they should be careful about the use of a choice of law clause adopting the law of a specific state, without making clear whether the adoption includes the state's arbitration law, since a general clause may be interpreted as doing so and may thus bring into the arbitration process unintended procedural features of the state law.[FN26]

Arbitration of reinsurance disputes under the FAA has been resisted in a few instances, and from varying motives, on the ground that its application was barred generally by the McCarran-Ferguson Act, the purpose of which is to reserve the regulation of insurance to the states.[FN27] A challenge on that general ground has been successful at least once,[FN28] but the weight of authority is probably otherwise. In the leading case, the court said:

The McCarran Act does not ... exempt the business of insurance from the coverage of all federal statutes which do not specifically state that their provisions are applicable to insurance....

To avail itself of the McCarran Act, then, appellant must show that the application of the Federal Arbitration Act would "invalidate, impair or supersede any law enacted by the State for the purpose of regulating the business of insurance." 15 U.S.C. § 1012(b).

It is quite plain that arbitration statutes, including those of Texas and New York, are not statutes regulating the business of insurance, but statutes regulating the method of handling contract disputes generally.[FN29]

The objection to the FAA falls into better focus when there is a state statute invalidating arbitration clauses in insurance contracts. The objection on that ground has been successful where a state arbitration statute contains an exception for insurance contracts and the exception is interpreted as regulation of the business of insurance,[FN30] but elsewhere the FAA has been imposed by virtue of supremacy and objections based on the McCarran-Ferguson Act overridden.[FN31] In one instance a federal court also restricted the application of the exception for insurance in the state arbitration statute to direct policies but, on appeal, the exception was treated as regulation of insurance business and held to apply to reinsurance treaties, disregarding a distinction previously made in the same state between contracts of insurance and contracts for insurance.[FN32]

Receivers and liquidators have also challenged the Federal Arbitration Act as conflicting with their state liquidation statutes, with notable success in New York,[FN33] and failure in Pennsylvania, where the decision of the New York Court of Appeals was distinguished on the basis of the New York statute,[FN34] and in other later

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



REINSUR S 21:2                                                                                          Page  3

decisions. These cases are discussed elsewhere.[FN35]

[FN4] See 9 U.S.C.A. §§ 1 et seq.

[FN5] See Chapter 3.

[FN6] See Mutual Reinsurance Bureau v. Great Plains Mut. Ins. Co., 750 F. Supp. 455 (D. Kan. 1990), rev'd on other grounds, 969 F.2d 931 (10th Cir. 1992), cert. denied, 506 U.S. 1001, 113 S. Ct. 604, 121 L. Ed. 2d 540 (prop.-cas. re.), analyzing a transaction between a reinsurer in Illinois and a reinsured in Kansas to establish that interstate commerce was involved.

[FN7] Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); Southland Corp. v. Keating, 465 U.S. 1, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984); Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 882, 8 B.N.A. I.E.R. Cas. 1645 (9th Cir. 1993) (Section 10 of FAA providing that U.S. court "may make an order vacating the award" provides no jurisdiction); Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995), on remand, 684 So. 2d 102 (Ala. 1995) (FAA broadly interpreted to include all transactions actually in interstate commerce regardless of parties' contemplation and override state anti-arbitration statutes in such cases).

[FN8] Volt Information Sciences, Inc. v. Board of Trustees, 489 U.S. 468, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989).

[FN9] Mutual Reinsurance Bureau v. Great Plains Mut. Ins. Co., 750 F. Supp. 455 (D. Kan. 1990), rev'd on other grounds, 969 F.2d 931 (10th Cir. 1992) (prop.-cas. re.); Wisconsin Comm'r of Ins. v. California Reinsurance Mgt. Corp., 819 F. Supp. 797, (E.D. Wis. 1993) (re.: despite its wording, FAA does not confer federal jurisdiction over motions to confirm any more than over motions to compel); related proceeding, Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau, 1994 WL 262691 (D. Kan. 1994) (prop.-cas. re.); Zurich Ins. Co. v. Ennia General Ins. Co., 882 F. Supp. 1438 (S.D.N.Y. 1995) (mar. re.).

[FN10] See 9 U.S.C.A. § 201.

See generally Lathrop, Insurance Implications of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 1 J. of Ins. Coverage 30 (1998).

[FN11] See Hartford Fire Ins. Co. v. Lloyd's Syndicate 0056 ASH, Docket No. 3:97CV00009, 8 Mealey's Reins Rep, No. 5, I (D. Conn.1997) (re.; arbitrators permitted to award indemnity for punitive damages under extra contractual obligations clause notwithstanding state laws to contrary); but see Corcoran v. Ardra Ins. Co., 77 N.Y.2d 225, 566 N.Y.S.2d 575, 567 N.E.2d 969 (1990), cert. denied, 111 S. Ct. 2260, 114 L. Ed. 2d 712 (U.S.), later proceeding 176 App. Div. 2d 508, 574 N.Y.S.2d 702 (1st Dept) (re.). In this decision New York liquidation law ultimately prevails over the Convention and the FAA. Diaconis, *Corcoran v Ardra*: The Impact of Insolvency on International Reinsurance Arbitration, 28 Tort & Ins. L. J. 109 (1992) discusses the decision critically against a background of arbitration law and other New York decisions.

[FN12] See 9 U.S.C.A. §§ 201 to 208.

[FN13] Stephens v. American Int'l Ins. Co., 66 F.3d 41 (2d Cir. 1995), subsequent app, remanded sub nom Stephens v. National Distillers & Chem. Corp., 70 F.3d 10 (2d Cir.) (Ky. provision not within McCarran-Ferguson Act as not "protecting policyholders" as against cedents' demands for arbitration.); Transit Casualty Co. v. Certain Underwriters at Lloyd's, Docket No. 96-4173-CV-2, 7 Mealey's Reins Rep, No. 10, E (W.D. Mo. 1996) (re.); contra, McDermott Int'l Inc. v. Underwriters at Lloyd's, 1991 WL 121216 (E.D. La. 1991), summary in 7 Mealey's Reins Rep, No. 10, p. 14 (re.; arbitration ordered; Convention given preemptive force and Stephens criticized).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619 (8th Cir. 1997), related reference, 1997 WL 854496 (W.D. Mo. 1997), cert. denied, 118 S. Ct. 852, 139 L. Ed. 2d 753 (1998), related reference, 963 S.W.2d 392 (Mo. Ct. App. W.D. 1998), reh'g and/or transfer denied, (Mar. 3, 1998) and transfer denied, (Apr. 21, 1998) (liab. re.; appeal from remand dismissed for lack of jurisdiction because remand itself based on lack of jurisdiction because Convention inapplicable); accord Transit Casualty Co. v. Certain Underwriters at Lloyd's of London, Docket No. 99-4266-CV-C-5, 10 Mealey's Reins Rep, No. 18, D (W.D. Mo. 2000), recon. denied, 10 Mealey's Reins Rep, No. 22, B (2000) (re.); Safety National Casualty Corp. v. Certain Underwriters at Lloyd's, Docket No. 99-4276-CV-C-5, 10 Mealey's Reins Rep, No. 22, C (W.D. Mo. 2000) (re.)

[FN14] Progressive Casualty Ins. Co. v. C.A. Reasseguardora Nacional de Venezuela, 802 F. Supp. 1069, 1993 A.M.C. 532, [1993] 2 Re L.R. 1992 (S.D.N.Y. 1992), rev'd on other grounds, 991 F.2d 42, 1993 A.M.C. 2916 (2d Cir. 1993) (mar. re.).

Accord, Employers Ins. of Wausau v. Banco Seguros Del Estado, 34 F. Supp. 2d 1115 (E.D. Wis. 1999), aff'd, 199 F.3d 937 (7th Cir. 1999), reh'g and reh'g en banc denied, (Jan. 19, 2000) and cert. denied, 530 U.S. 1215, 120 S. Ct. 2218, 147 L. Ed. 2d 251 (2000), (liab. re.; Inter-American Convention interpreted same as New York Convention), further proceedings, 12 Mealey's Reins Rep No. 12, D (W.D. Wis. 2001) (enforcement of judgment).

[FN14.10] International Ins. Co. v. Caja Nacional De Ahorro y Seguro, 293 F.3d 392 (7th Cir. Ill. 2002) (re.; New York Convention); accord, Banco de Seguros del Estado v. Mutual Marine Offices, Inc., 230 F.Supp.2d 362 (S.D.N.Y. 2002) (re.; Interamerican Convention) Banco de Seguros del Estado v. Mutual Marine Offices, Inc., 344 F.3d 255, (2nd Cir. 2003)

[FN15] See 9 U.S.C.A. §§ 203, 205; Zurich Ins. Co. v. Ennia General Ins. Co., 882 F. Supp. 1438 (S.D.N.Y. 1995) (mar. re.); see Pan Atlantic Group, Inc. v. Republic Ins. Co., 878 F. Supp. 630, 5 Mealey's Reins Rep, No. 19, D (S.D.N.Y. 1995), corrected opinion, 5 Mealey's Reins Rep, No. 21, E (re.; remand for untimely removal after arbitration award holding state court order to arbitrate equivalent to trial for purpose of timeliness).

[FN16] See 28 U.S.C.A. § 1441(b).

[FN17] McDermott Int'l, Inc. v. Lloyds Underwriters of London, 944 F.2d 1199 (5th Cir. 1991), reh, en banc, denied, 947 F.2d 1489 (5th Cir.), further proceedings, 120 F.3d 583, Mealey's Reins Rep, No. 9, K (5th Cir. La. 1997) (policy not delivered in La. and so arbitration clause not barred by La. law; award properly confirmed).

[FN18] See 28 U.S.C.A. § 1441(d).

[FN19] In re Robin A.G. Jackson, 964 F.2d 706, [1993] 2 Re LR 9 (7th Cir. 1992) (liab. re.). The three reinsurers that did not join in removal also did not appear at all. Their names indicate aliens and suggest that they did not do so on the ground of lack of personal jurisdiction and there is no indication of a resolution of that question. Query: do "defendants" not within the jurisdiction of the court have to join in a valid removal?

[FN20] See Chapter 3.

[FN21] McDermott Int'l, Inc. v. Lloyds Underwriters of London, 944 F.2d 1199 (5th Cir. 1991), reh, en banc, denied, 947 F.2d 1489 (5th Cir. La.), further proceedings, 120 F.3d 583, Mealey's Reins Rep, No. 9, K (5th Cir. La. 1997) (policy not delivered in La. and so arbitration clause not barred by La. law; award properly confirmed); contra, Travelers Ins. Co. v. Keeling, 1993 WL 33635, [1993] 2 Lloyd's Rep. IR [Re LR] 148, 3 Mealey's Reins Rep, No. 19, B (S.D.N.Y. 1993) appeal dismissed 996 F2d 1485, [1994] 2 Lloyd's Rep. IR [Re LR] 404 (2d Cir. 1993) (liab. re.); related proceedings, Travelers Ins. Co. v. Keeling, Docket No. 24376/91-002 & -003, 4 Mealey's Reins Rep, No. 19, C (Sup. Ct. N.Y. Co. 1994); Wellborn v. Classic Syndicate, Inc., Docket No. ST-C-91-121-MU, 3 Mealey's Reins. Rep, No. 19, C (W.D. N.C. 1992) (liab. re.).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Suter v. Munich Reinsurance Co., 233 F.3d 150 (3d Cir. 2000) (liab. re.)

See also Security Life Ins. Co. v. Hannover Life Reassurance Co. of America, 167 F. Supp. 2d 1086 (D. Minn. 2001) (life re.).

[FN22] E.g., Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); Mutual Ben. Life Ins. Co. v. Zimmerman, 783 F. Supp. 853 (D.N.J. 1992), reconsideration denied, stay denied, 787 F. Supp. 71 (D.N.J.), aff'd without opinion, 970 F.2d 899 (3d Cir. 1992) (health re.); Houston General Ins. Co. v. Realex Group, N.V., 776 F.2d 514 (5th Cir. 1985) (prop. re.); Tulsa General Ins. Agency, Inc. v. CIGNA Reinsurance Co., Docket No. 92-457, 3 Mealey's Reins Rep, No. 23, B (E.D. Okla. 1993) (auto re.); Meadows Indem. Co. v. Baccala & Shoop Ins. Services, Inc., 760 F. Supp. 1036 (E.D.N.Y. 1991) (re.; "liberal federal arbitration policy 'applies with special force in the field of international commerce.'").

[FN22.10] Industrial Risk Insurers v. Hartford Steam Boiler Inspection & Ins. Co., 258 Conn. 101, 779 A.2d 737 (Conn. 2001) (prop.-cas. re.).

[FN23] E.g., Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 109 S. Ct. 1917, 104 L. Ed. 2d 526, CCH Fed Secur L Rep ¶94407 (1989) (violation of securities laws); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 105 S. Ct. 3346, 87 L. Ed. 2d 444, 1985-2 CCH Trade Cases ¶ 66669 (1985) (violation of antitrust laws).

[FN24] 7 U.L.A. 1 (1985).

[FN25] E.g., California, where formal discovery is provided in some instances, Code of Civ. Proc. §§ 1283.05, 1283.1, an arbitration may be stayed, id. § 1281.4, and the UNCITRAL Rules have been enacted, for international arbitrations, providing a number of devices not otherwise common in American arbitration, id. §§ 1297.11.

[FN26] Volt Information Sciences, Inc. v. Board of Trustees, 489 U.S. 468, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989).

Accord Security Ins. Co. of Hartford v. TIG Ins. Co., 360 F.3d 322 (2d Cir. 2004), cert. denied, 543 U.S. 871, 125 S. Ct. 90, 160 L. Ed. 2d 118 (U.S. 2004) (re.; general choice of Calif. law imported Calif. arbitration law including stay of arbitration for related litigation); but see Certain Underwriters at Lloyd's v. Argonaut Insurance Co., 2003 U.S. Dist. LEXIS 8796, 14 Mealey's Reins Rep No. 3, B (N.D. Cal. 2003) (re.; choice of state venue is not choice of state arbitration law over FAA).

[FN27] See Chapter 3.

[FN28] Booth v. Seaboard Fire & Marine Ins. Co., 285 F. Supp. 920 (D. Neb. 1968), rev'd in part on other grounds, 431 F.2d 212 (8th Cir. 1970) (auto. ins.).

Accord Davister Corp. v. United Republic Life Ins. Co., 152 F.3d 1277 (10th Cir. 1998), cert. denied, 119 S. Ct. 1112, 143 L. Ed. 2d 108 (1999) (pre-liquidation non-insurance contract; arbitration demand barred by Utah statute staying all claims against the insurer held intended to protect policyholders and so for purpose of regulating the business of insurance).

[FN29] Hamilton Life Ins. Co. v. Republic Nat'l Life Ins. Co., 408 F.2d 606 (2d Cir. 1969)(life re.; arbitration as to fraudulent inducement resisted by reinsurer); accord, Miller v. National Fidelity Life Ins. Co., 588 F.2d 185 (5th Cir. 1979) (disability ins.; arbitration resisted by disabled individual); Hart v. Orion Ins. Co., 453 F.2d 1358 (10th Cir. Colo. 1971) (disability ins.; arbitration resisted by disabled individual); Phillips v. Lincoln Nat. Health & Casualty Ins. Co., 774 F Supp 1297 (D. Colo. 1991) (health re.; arbitration resisted by receiver of reinsured).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



REINSUR S 21:2 Page 6

See Nichols v. Vesta Fire Ins. Corp., 56 F. Supp. 2d 778 (E.D. Ky. 1999) (re.; dispute with retrocessionaire is ordinary common law breach of contract action and should be referred to arbitration); mot. to alter or amend denied, 10 Mealey's Reins Rep, No. 11, D (Sept. 30, 1999).

[FN30] Mutual Reinsurance Bureau v. Great Plains Mut. Ins. Co., 969 F.2d 931 (10th Cir. 1992), cert. denied, 113 S. Ct. 604, 121 L. Ed. 2d 540 (U.S.) (prop-cas. re.); related proceeding, Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau, 1994 WL 262691, 5 Mealey's Reins Rep, No. 3, B (D.C. Kan. 1994) (prop.-cas. re.; unsuccessful attempt to assert invalidated arbitration clause as element in damages claim); Stephens v. American Int'l Ins. Co., 66 F.3d 41 (2d Cir. 1995) (re.; Ky. insurance liquidation law overriding arbitration clauses is protected by McCarran-Ferguson Act from preemption by FAA) Oil Ins. Asso. v. Royal Indem. Co., 519 S.W.2d 148 (Tex. Civ. App. Houston 14th Dist. 1975), writ ref n r e (Jun 25, 1975) (fire re.); Federated Rural Elec. Ins. Co. v. Nationwide Mut. Ins. Co., 874 F. Supp. 1204 (D. Kan. 1995), related proceeding, 884 F. Supp. 439 (D.C. Kan.) (liab. re.; Kan. law would prevent compelling arbitration but contract governed by law of Ohio where made and case transferred there where no obstacle foreseen); accord Federated Rural Elec. Ins. Co. v. International Ins. Co., 884 F. Supp. 439 (D. Kan. 1995) (liab. re.). The Kansas statute excluding insurance from arbitration has been amended in 1995 to state that reinsurance is not excluded; see St. Paul Fire & Marine Ins. Co. v. Employers Reinsurance Corp., 919 F. Supp. 133 (S.D.N.Y. 1996) (re.; fraudulent inducement arbitrable).

[FN31] Quackenbush v. Allstate Ins. Co., 121 F.3d 1372, 97 C.D.O.S. 6959 (9th Cir. 1997) (re.; no Cal. statute); Hamilton Life Ins. Co. v. Republic Nat. Life Ins. Co., 291 F. Supp. 225 (S.D.N.Y. 1968), aff'd 408 F.2d 606 (2d Cir. 1969) (life re.); Ainsworth v. Allstate Ins. Co., 634 F. Supp. 52 (W.D. Mo. 1985) (re.); Organ v. Conner, 792 F. Supp. 693 (D. Alaska 1994) (mar. ins.; London arbitration under P&I rules ordered; disputed claim not business of insurance and state statute not preemptive).

[FN32] Mutual Reinsurance Bureau v. Great Plains Mut. Ins. Co., 750 F. Supp. 455 (D. Kan. 1990), rev'd on other grounds, 969 F.2d 931 (10th Cir. 1992) (prop.-cas. re.); related proceeding, Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau, 1994 WL 262691, 5 Mealey's Reins Rep, No. 3, B (D. Kan. 1994) (prop.-cas. re.; unsuccessful attempt to assert invalidated arbitration clause as element in damages claim); accord Friday v. Trinity Universal of Kansas, 22 Kan. App.2d 935, 924 P.2d 1284 (1996) (fire ins.).

[FN33] Corcoran v. Ardra Ins. Co., 77 N.Y.2d 225, 566 N.Y.S.2d 575, 567 N.E.2d 969 (1990), cert. denied, 111 S. Ct. 2260, 114 L. Ed. 2d 712 (U.S.), later proceeding, 176 App. Div. 2d 508, 574 N.Y.S.2d 702 (1st Dept.) (re.); Skandia America Reinsurance Corp. v. Schenck, 441 F. Supp. 715 (S.D.N.Y. 1977) (liab. re.).

[FN34] Foster v. Philadelphia Mfrs., Docket No. 3483 C.D. 1986, 2 Mealey's Reins Rep, No. 3, C (1991) (re.).

[FN35] See Chapter 19.
© 2007 Thomson/West

REINSUR § 21:2

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Westlaw

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Arbitration  :  Docket No. 07 CV 6222(SHS)
Between:                          :
                                  :
ABC CORPORATION,                  :
                                  :
     Petitioner/Respondent        :
       on Counter-Petition,       :
                                  :
- against -                       :
                                  :
XYZ CORPORATION,                  :
                                  :  **FILED UNDER SEAL**
     Respondent/Counter-Petitioner :
                                  :

---

### DECLARATION OF VIRGINIA A. PALLOTTO

---

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800
Attorneys for Respondent/Counter-Petitioner XYZ Corporation