UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
In the Matter of the Arbitration Between          :          Docket No. 07 CV 6222(SHS)

Argonaut Insurance Company,                        :
                                                                     :
      Petitioner/ Respondent on Counter           :
              Petition,                          :
                                                                     :
- against -                                                    :
                                                                     :          **FILED UNDER SEAL**
GLOBAL Reinsurance Corporation - U.S.        :
Branch,                                                        :
                                                                     :
      Respondent/                                         :
      Counter-Petitioner.                             :
                                                                     :
———————————————————————

MEMORANDUM OF LAW OF RESPONDENT/COUNTER-PETITIONER GLOBAL
REINSURANCE CORP. – U.S. BRANCH IN OPPOSITION TO PETITIONER'S MOTION
TO REMAND

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 3

    The Underlying Arbitration-Related Dispute And Procedural History ...................... 3

    Global Is a Foreign Corporation With Its Principal Place of Business In Germany ................. 5

ARGUMENT ............................................................................................................ 7

POINT I ................................................................................................................... 7

THE COURT HAS FEDERAL QUESTION JURISDICTION UNDER THE NEW
YORK CONVENTION ............................................................................................. 7

    A. The New York Convention Applies .............................................................. 7

    B.  Removal is Governed By Section 205 of the New York Convention, Which Permits
       Removal At Any Time Prior to Trial ............................................................ 8

POINT II ................................................................................................................. 12

THE COURT ALSO HAS ALIENAGE JURISDICTION ........................................... 12

    A. A Corporation Can Have Only One Principal Place Of Business, Which For
       Global Is In Germany ................................................................................. 12

    B.   Global Has Met Its Burden of Proving that It is a German Corporation
       with Its Principal place of business in Cologne, Germany .............................. 15

    C. Principles of Estoppel Do Not Apply to Determinations of Subject Matter
       Jurisdiction ............................................................................................... 17

POINT III ............................................................................................................... 19

GLOBAL HAS A RIGHT TO HAVE THIS INTERNATIONAL ARBITRATION
DISPUTE HEARD IN FEDERAL COURT ............................................................... 19

CONCLUSION ....................................................................................................... 20

# TABLE OF AUTHORITIES

**Page**

Allstate Ins. Co. v. Longwell, 735 F.Supp. 1187 (S.D.N.Y. 1990)...............................................19

Arab International Bank & Trust Co. v. National Westminster Bank, Ltd., 463 F. Supp. 1145, 1147 (S.D.N.Y. 1979)................................................................................................................13

Augienello v. Fed. Deposit Ins. Corp., 310 F. Supp. 2d 582, 590 (S.D.N.Y. 2004).....................15

Bailey v. Grand Trunk Lines New England, 805 F.2d 1097, 1100 (2d Cir. 1986) .......................12

Beiser v. Weyler, 284 F.3d 665, 669 (5th Cir. 2002) .......................................................................8

Bova v. U.S. Bank, N.A., 446 F.Supp.2d 838 (S.D.Il. 2006).........................................................10

Briarpatch Ltd., L.P. v. Pate, 81 F.Supp. 2d 509 (S.D.N.Y. 2000) ...............................................10

Brown v. Alter Barge Line, Inc. 461 F.Supp. 2d 781 (S.D. Il. 2006) ............................................10

Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co., 264 F. Supp. 2d 926 (N.D.Cal. 2003) ...................................................................................................................................8

Colonia Ins. A.G. v. D.B.G. Property Corp., 1992 U.S. Dist. Lexis 12265, 14 (S.D.N.Y. 1992)............................................................................................................13, 14

Creaciones Con Idea, S.A. v. Mashreqbank PSC, 232 F.3d 79, 82 (2d Cir. 2000).......................17

Credit Suisse First Boston, LLC. v. Padilla, 326 F.Supp.2d 508, 511 (S.D.N.Y. 2004)................7

Eisenberg v. Commercial Union Assur. Co., 189 F.Supp. 500 (S.D.N.Y. 1960) .........................12

Employers Ins. Co. of Wausau v. Certain Underwriters at Lloyd's, London, 787 F.Supp. 165 (W.D.Wis. 1992) ....................................................................................................................11

Energy Catering Srvs., Inc. v. Burrow, 911 F.Supp. 221 (E.D.La. 1995)....................................10

Gray v. Remley, 2004 WL 951485 (M.D.N.C. Apr. 30, 2004).....................................................10

Holt v. Lockheed Support Sys., Inc., 835 F.Supp. 325 (W.D.La. 1993)........................................10

Huangyan Imp. & Exp. Corp. v. Nature's Farm Prods., Inc., 2000 U.S. Dist. LEXIS 12335, No. 99 Civ. 9404, 2000 WL 1224814, at *2 (S.D.N.Y. 2000).............................................................12

In re Southwestern Bell Telephone Co., 535 F.2d 859, 861 (5th Cir. 1976), aff'd en banc, 542 F.2d 297 (5th Cir. 1976), rev'd on other grounds, Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723, 52 L. Ed. 2d 1, 97 S. Ct. 1439 (1977)..................................................................................17

Island Global Yachting, Ltd. v. Poole Capital, S.A., 438 F. Supp. 2d 310, 311 (S.D.N.Y. 2006)......................................................................................................................12

Iwag v. Geisel Compania Maritima, S.A., 882 F.Supp. 597, 601 (S.D.Tex. 1995)......................10

Jerro v. Home Lines, Inc., 377 F. Supp 670, 672(S.D.N.Y. 1974) ................................................16

Law Enforcement Ins. Co. v. Corcoran, 807 F.2d 38 (2d Cir. 1986)...........................................19

Leiblinger v. Saks Fifth Avenue, 612 F. Supp 872, 874 (N.D. Ohio 1985)...................................16

Lowes v. Cal Dive Int'l. Inc., 1997 WL 178825 (E.D.La. Apr. 7, 1997).......................................10

Merced v. City of New York, 1991 WL 222152 (S.D.N.Y. Oct. 22, 1991) ...................................19

Mercy Hosp. Assoc. v. Micco, 604 F.Supp. 1177 (E.D.N.Y. 1985) .............................................19

Moscow Fire Ins. Co. v. Bank of New York & Trust Co., 280 N.Y. 286(1939) ...........................14

Pan Atlantic Group, Inc. v. Republic Insurance Co., 878 F.Supp. 630, 638(S.D.N.Y. 1995) ......11

Phoenix Four, Inc. v. Strategic Res. Corp., 446 F. Supp. 2d 205, 213 (S.D.N.Y. 2006) ..............12

Reiff v. Convergent Technologies, 1995 WL 619944, *3 (D.N.J.,1995).......................................16

Schepis v. Local Union No. 17, United Bhd. Of Carpenters & Joiners of Am., 989 F.Supp. 511 (S.D.N.Y. 1998)........................................................................................................................10

Scot Typewriter Co. v. Underwood Corp., 170 F. Supp. 862, 865 (S.D.N.Y. 1959)....................15

Sheinberg v. Princess Cruise Lines, Ltd., 269 F.Supp. 2d 1349 (S.D.Fla. 2003) ...........................9

Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 92 (2d Cir. 1999) (citing Ledee v. Ceramiche Ragno, 684 F.2d 184, 186-87 (1st Cir. 1982) .............7

Theobald v. IFS Int'l Holdings, Inc., 443 F. Supp. 2d 556, 557 (S.D.N.Y. 2006) ........................12

United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) .................................................................10

York Hannover Holding A.G. v. American Arbitration Association, 794 F. Supp. 118, 120 (S.D.N.Y. 1992).................................................................................................................................8

Yorkshire Pioneer Central School District v. Travelers Property Cas., 2002 WL 31194561
 (W.D.N.Y. Sept. 17, 2002) ................................................................................................ 11

Zurich Ins. Co. v. Shearson Lehman Hutton, Inc., 84 N.Y.2d 309, 317-18 (1994) ...................... 14

## STATUTES

9 U.S.C. § 1 *et seq.* ...................................................................................................................... 1

9 U.S.C. §201 .............................................................................................................................. 1

9 U.S.C. §202 .............................................................................................................................. 7

9 U.S.C. §203 .............................................................................................................................. 7

9 U.S.C. §205 ........................................................................................................................... 8, 9

28 U.S.C. §1331 ...................................................................................................................... 1, 7

28 U.S.C. §1332 ..................................................................................................................... 1, 12

28 U.S.C. §1441 .......................................................................................................................... 8

28 U.S.C. §1446 ....................................................................................................................... 9, 10

## OTHER AUTHORITIES

Wright & Miller, Federal Practice and Procedure §3623 ............................................................ 13

## PRELIMINARY STATEMENT

This is an action under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. § 201 *et seq.* and the Federal Arbitration Act ("FAA"), 9 U.S.C. §1 *et seq.* to confirm an arbitration award and in aid of arbitration. Because the New York Convention applies here, this court has federal question jurisdiction under 28 U.S.C. §1331. The Court also has alienage jurisdiction under the diversity statute, 28 U.S.C. §1332(a)(2), because Respondent GLOBAL Reinsurance Corp. - U.S. Branch ("Global") is a foreign corporation, organized under the laws of Germany, with its principal place of business in Cologne, Germany, and Petitioner Argonaut Insurance Company ("Argonaut") is a citizen of Illinois, with its principal place of business in Chicago, Illinois. Global submits with this Memorandum of Law the Declaration of two of its officers, establishing that it is a German corporation and that its principal place of business is in Germany.

Argonaut has been a retrocessionaire of Global for over thirty years and is fully familiar with Global's foreign status. Yet, it has chosen to ignore Global's foreign citizenship along with the facts establishing jurisdiction set forth in Global's Answer and Verified Counter-Petition and Verified Amended Counter-Petition. Argonaut's motion for remand is based primarily on allegations in pleadings filed by Global in an unrelated case, Employers' Surplus Lines Ins. Co. v. Global Reinsurance Corporation – United States Branch ("ESLIC"). Argonaut argues that those pleadings somehow show that Global's principal place of business is in New York.

Argonaut's arguments are nonsensical. The ESLIC pleadings, read in proper context, indicate that Global is a German company with a principal place of business "in the United States" in New York, New York. The omission of the phrase "in the United States" is inconsequential because there was no dispute in ESLIC with respect to jurisdiction. Argonaut also ignores other

pleadings in other cases filed by Global which clearly indicate that its principal place of business is in Cologne, Germany, including Global's complaint against Equitas, cited by Argonaut.

Moreover, jurisdiction cannot be established or defended by estoppel. Where, as here, subject matter jurisdiction is shown to exist, a court is obliged to hear the case and is without discretion to remand.

Argonaut incorrectly implies that proof of jurisdiction is somehow required with a Notice of Removal. There is no such requirement, but in any event, Global filed verified pleadings clearly showing that "Global is a branch of a foreign reinsurance company organized and existing under the laws of Germany, with its principal place of business in Cologne, Germany."

Argonaut also attempts to draw a distinction, where none exists, between Global Reinsurance Corporation and its U.S. branch office. The U.S. Branch is not a separate legal entity, but merely a branch office of Global. Globale Rueckversicherungs-Aktiengesellschaft is the official corporate name for Global. In the United States, Globale Rueckversicherungs-Aktiengesellschaft uses the English translation of its name with a designation of the local branch: "Global Reinsurance Corporation -- U.S. Branch." Global's reinsurance business has worldwide operations and offices Argonaut ignores these facts in an effort to confuse what is very simple, namely, that Global's U.S. operations, based in New York, are only a small part of its overall operations around the world and that Global's principal place of business is in its home office in Cologne, Germany. It is well-established that subject matter jurisdiction turns on an alien corporation's worldwide principal place of business, not on its principal place of business within the United States.

Argonaut also tries to make much of the fact that Global's Notice of Removal did not expressly invoke federal question jurisdiction although it asserts the facts necessary to support federal question jurisdiction under the New York Convention and Global's Verified Amended

2

Counter-Petition clearly states that the New York Convention applies to this dispute and that the court has both federal question and alienage jurisdiction. Argonaut argues that Global is precluded from amending its Notice of Removal and implies that it would be untimely, but under the New York Convention, removal is timely at any time prior to trial. Here, Global entered no pleading in the state court action, nor did any trial commence in state court. Instead, Global promptly removed this action. Should the Court determine that a formal amended Notice of Removal is needed, Global is prepared to submit it.

## STATEMENT OF FACTS

### The Underlying Arbitration-Related Dispute And Procedural History

For the sake of brevity, Global relies on the facts set forth in its Memorandum of Law in Support of its Counter-Petition, dated July 23, 2007, and its Reply Brief in Further Support of its Counter-Petition, dated August 30, 2007. [1] The pertinent additional facts and procedural history are as follows.

Global and Argonaut are parties to various retrocessional reinsurance contracts under which Argonaut reinsures Global. The dispute concerns confirmation of an arbitration award, dated 10 January 2007, and a "motion" by Argonaut to permanently stay another arbitration (the "March 2007 Arbitration") concerning different claims and bills than those that were at issue in the prior arbitration or, in the alternative, to disqualify Global's duly appointed party arbitrator, Richard White, for alleged partiality and to replace him with an arbitrator of Argonaut's choosing, now Peter H. Bickford. [2]

---

[1] As these briefs and related declarations are already before the Court, we are not re-submitting them here unless requested.

[2] Argonaut originally purported to appoint Ronald S. Gass as Global's arbitrator. He declined the appointment, and Argonaut recently purported to appoint Bickford in his place. See Global's Reply

This action was commenced by Argonaut on or about June 15, 2007, when it filed its Petition to confirm the 10 January 2007 Award in New York state court under CPLR Article 75. On the same date, it also filed a purported "Motion to Stay Arbitration or For Alternative Relief" with a Memorandum of Law and related Affidavits. Argonaut provided some of these documents to Global's counsel on the evening of June 18, 2007. After several requests, Argonaut provided a complete copy of the papers it had filed in state court to Global's counsel by E-mail on June 29, 2007, and delivered a hard copy on July 2, 2007.

On July 5, 2007, Global removed the action to this Court because it is between Argonaut, an Illinois citizen, and Global, a German corporation with its principal place of business in Cologne, Germany.  See Declaration of Dan F. Corrigan dated August 30, 2007 ("Corrigan Decl."), Exh. C.

On July 16, 2007, Global filed its Answer and Verified Counter-Petition to confirm the 10 January 2007 Award under the Federal Arbitration Act, 9 U.S.C. §1 et seq. ("FAA"), and for relief in aid of the March 2007 Arbitration, ordering Argonaut to proceed with the March 2007 Arbitration before White as Global's party-appointed arbitrator. Corrigan Decl., Exh. D.  In its Verified Counter-Petition (as well as in its Answer), Global pleaded it was a foreign reinsurance company organized and existing under the laws of Germany, with its principal place of business in Cologne, Germany, and that it maintained a place of business in New York, New York.  Answer at ¶¶3, 5, 6; Verified Counter-Petition at ¶¶3, 6.  Global also pleaded that this dispute was governed not by New York law but by the FAA and that the Court had jurisdiction under 28 U.S.C. §1332. Id.

On July 20, 2007, Global served a Verified Amended Counter-Petition, reiterating that Global is a German citizen that has its principal place of business in Germany, and asserting that

---

Brief in further support of Counter-Petition and Declaration of Virginia A. Pallotto dated August 30, 2007, ¶3.

Global, as a foreign citizen, also is entitled to relief under Chapter 2 of the FAA, 9 U.S.C. §201 et seq. (the "New York Convention"), and that the Court has both federal question jurisdiction under 28 U.S.C. §1331 and alienage jurisdiction under the diversity statute, 28 U.S.C. §1332. Corrigan Decl., Exh. E, ¶¶3, 6, 7.

On July 23, 2007, Global filed its Memorandum of Law in Support of its Verified Amended Counter-Petition and a supporting declaration. These documents show that under the New York Convention and the FAA, it is for the arbitrators, not the Court, to decide Argonaut's defenses to the March 2007 Arbitration of res judicata and collateral estoppel, and show that the Court cannot decide Argonaut's groundless pre-award challenge to Global's duly appointed arbitrator.

Argonaut filed its Brief in Opposition to the Counter-Petition on August 7, 2007.

On August 30, 2007, Global filed its Reply Brief in Further Support of its Amended Counter-Petition.

**Global Is a Foreign Corporation With Its Principal Place of Business In Germany**

Global's German name is Globale Rueckversicherungs-Aktiengesellschaft. It is in the business of reinsurance throughout the world, and for its operations within the United States it designates and goes by the English translation of its German corporate name, GLOBAL Reinsurance Corporation - U.S. Branch. Declaration of Thomas Freudenstein dated August 27, 2007 ("Freudenstein Decl."), at ¶4; Declaration of Barry Keogh dated August 27, 2007 ("Keogh Decl.") at ¶3. The United States branch office of Global is not a separate legal entity. Freudenstein Decl., ¶3; Keogh Decl., ¶3.

Global is organized and exists under the laws of Germany, and has its headquarters in Cologne, Germany. Freudenstein Decl., ¶6; Keogh Decl., ¶5; Corrigan Decl., Exh. H (2005 Annual Report). Both Global and its parent, WINSOR Verwaltungs-Atkiengesellschaft, f/k/a Gerling-

5

Konzern Versicherung Beteiligungs-Atkiengesellchaft, are both German corporations with their principal place of business in Cologne, Germany. A majority of the meetings of the board of directors of Global are conducted in the Cologne, Germany office. Freudenstein Decl., ¶8. Policy directives for Global originate in the home office in Cologne, Germany and emanate to its various branch offices located around the world. Id. at ¶7; Keogh Decl., ¶8; see also Corrigan Decl., Exh. G (listing offices from Global's website). The U.S. branch office receives direction, supervision and oversight from the home office in Cologne, Germany. Freudenstein Decl. ¶¶6, 8, 10; Keogh Decl. ¶¶5-10. From its principal place of business in Germany, Global also supervises and controls its other offices around the world. Id. The United States Branch of Global is not a distinct legal entity. It manages only Global's operations within the United States and has no input on any of Global's others operations or offices around the world. Freudenstein Decl. ¶¶9-10; Keogh Decl., ¶¶5, 7, 10. Although Global has an office have in New York City, that office is not Global's principal place of business. Id.

Argonaut should be well aware of Global's foreign status from Global's verified pleadings in this case, as well as from a prior action between the parties in this Court. In that prior action, Global pleaded that it is a foreign citizen organized under the laws of Germany with its principal place of business in Germany, and that the Court also has federal question jurisdiction under the New York Convention. Corrigan Decl., Exh. F, ¶¶2, 4.

# ARGUMENT

# POINT I

# THE COURT HAS FEDERAL QUESTION JURISDICTION UNDER THE NEW YORK CONVENTION

### A. The New York Convention Applies

This Court has federal question jurisdiction over this action under 28 U.S.C. §1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The New York Convention expressly provides that any "action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States" and that "the district courts of the United States shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. §203.

Whether an arbitration is within the scope of the New York Convention is determined by 9 U.S.C. §202, which states in pertinent part as follows:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in Section 2 of this title, falls under the [New York] Convention ....

9 U.S.C. §202.

The New York Convention and the implementing provisions of the FAA set forth four basic requirements for the New York Convention to apply: (1) there must be a written agreement; (2) it must provide for arbitration in the territory of a signatory of the convention; (3) the subject matter must be commercial; and (4) it cannot be entirely domestic in scope. Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 92 (2d Cir. 1999); Credit Suisse First Boston, LLC. v. Padilla, 326 F.Supp.2d 508, 511 (S.D.N.Y. 2004) ("[i]f the four basic requirements

7

are met, the action falls under the Convention"); see also Certain Underwriters at Lloyd's, London v.

Argonaut Ins. Co., 264 F.Supp.2d 926, 931-32 (N.D. Cal. 2003)(reinsurance is a commercial matter

under the New York Convention).

The reinsurance contracts ("Contracts") here satisfy those requirements. The Contracts are

written commercial agreements that provide for arbitration in New York, New York and the United

States is a signatory to the Convention. Because Global is a German citizen, the agreements are not

entirely domestic in scope. Therefore, this arbitration is governed by the New York Convention.

### B. Removal is Governed By Section 205 of the New York Convention, Which Permits Removal At Any Time Prior to Trial

Because the 10 January 2007 Award and the March 2007 Arbitration are subject to the New

York Convention, "removal of the action from state to federal court is governed not by the general

removal statute, 28 U.S.C. §1441 *et seq.*, but by 9 U.S.C. §205 ...." York Hannover Holding A.G. v.

American Arbitration Association, 794 F. Supp. 118, 120 (S.D.N.Y. 1992). Removal from state

court is appropriate whenever "the subject matter of an action or proceeding pending in a state court

relates to an arbitration agreement or award falling under the Convention." Id. §205.

The standard for demonstrating removal jurisdiction under the Convention is lenient:

> [w]henever an arbitration agreement falling under the Convention could conceivably affect
> the outcome of the plaintiff's case, the agreement "relates to" the plaintiff's suit. Thus the
> district court will have jurisdiction under §205 over just about any suit in which a defendant
> contends that an arbitration clause falling under the Convention provides a defense. As long
> as the defendant's assertion is not completely absurd or impossible, it is at least conceivable
> that the arbitration clause will impact the disposition of the case. That is all that is required
> to meet the low bar of "relates to."

Beiser v. Weyler, 284 F.3d 665, 669 (5th Cir. 2002) (emphasis original). The phrase "'relates to'

generally conveys a sense of breadth." Id. This removal standard is very different from the rule of

strict construction of the general removal statute, 28 U.S.C. §1441 *et seq.*, that Argonaut discusses in

its Memorandum of Law. The Fifth Circuit held that "[i]n allowing removal whenever the

arbitration clause could conceivably impact the disposition of the case, we make it easy not hard, for defendants to remove … easy removal is exactly what Congress intended in §205." Id. at 674.

Argonaut argues that Global's Notice of Removal does not expressly include a citation to the New York Convention or federal question jurisdiction and that Global is somehow precluded from amending it to include such references because, in Argonaut's view, any amendment now would be "untimely" as being over the thirty day time limit for removal generally set forth in 29 U.S.C. §1446(b). Even assuming for the moment that Argonaut is correct that an amendment to the Notice would not relate back to the date of filing of the Notice and that the Notice is somehow deficient, which it is not, Argonaut's argument is fatally flawed because the time limit of Section 1446(b) does not apply here. The New York Convention has its own time period for removal: "the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States …." 9 U.S.C. §205 (emphasis added).

Sheinberg v. Princess Cruise Lines, Ltd., 269 F.Supp.2d 1349 (S.D. Fla. 2003), aptly illustrates that when the New York Convention controls, the 30-day time limitation under 28 U.S.C. 1446 does not apply. There, defendant Princess removed the case to federal court on diversity and federal question grounds, but did not allege in either its original or corrected notice that federal question jurisdiction was based on the New York Convention, citing instead to the FAA generally. Id. at 1353. Plaintiff moved to remand, arguing that a second defendant had failed to "timely" consent to removal and that the corrected notice of removal was therefore invalid. Id. at 1352-53. The court rejected plaintiff's arguments, holding that the removal notices were sufficient to place plaintiff on notice of the basis of removal and that the 30-day period for removal did not apply to an action under the New York Convention. Id. Thus, contrary to Argonaut's assertions, amendments to a notice of removal or the development of a further record to support jurisdiction are permitted. See,

9

e.g., United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301-06 (2d Cir. 1994) (Second Circuit instructed to develop the record and allow defendants to correct a failure to allege the amount in controversy in removal notice).

Accordingly, contrary to Argonaut's assertion, an amendment to the Notice of Removal to specifically assert the New York Convention would be timely because no trial commenced in state court.[3] If, therefore, the Court were to require a formal amendment to the Notice of Removal to specifically assert the New York Convention, there would be no impediment to such an amendment. Moreover, Argonaut knew that Global was proceeding under the New York Convention, because Global's Verified Amended Counter-Petition served and filed on July 20, 2007 specifically pleaded the subsections of the New York Convention.

The cases cited by Argonaut in support of its contention that removal would be untimely, which are predominantly from outside of this District, relate to the general removal statute, 28 U.S.C. 1446(b), which is not relevant here. See Brown v. Alter Barge Line, Inc. 461 F.Supp. 2d 781 (S.D. Il. 2006); Bova v. U.S. Bank, N.A., 446 F.Supp.2d 838 (S.D.Il. 2006); Gray v. Remley, 2004 WL 951485 (M.D.N.C. Apr. 30, 2004); Briarpatch Ltd., L.P. v. Pate, 81 F.Supp. 2d 509 (S.D.N.Y. 2000); Schepis v. Local Union No. 17, United Bhd. Of Carpenters & Joiners of Am., 989 F.Supp. 511 (S.D.N.Y. 1998); Lowes v. Cal Dive Int'l. Inc., 1997 WL 178825 (E.D.La. Apr. 7, 1997); Energy Catering Srvs., Inc. v. Burrow, 911 F.Supp. 221 (E.D.La. 1995); Iwag v. Geisel Compania Maritima, S.A., 882 F.Supp. 597, 601 (S.D.Tex. 1995); Holt v. Lockheed Support Sys., Inc., 835

---

[3] Argonaut may argue that because a show cause hearing was scheduled to take place in state court on July 16, 2007, amendment of Global's removal notice somehow would be untimely. However, that hearing never took place, because Global properly removed this action on July 5, 2007. In any event, the aborted hearing was not a "trial."

F.Supp. 325 (W.D.La. 1993); Yorkshire Pioneer Central School District v. Travelers Property Cas., 2002 WL 31194561 (W.D.N.Y. Sept. 17, 2002).

Argonaut's citation to Pan Atlantic Group, Inc. v. Republic Ins. Co., 878 F.Supp. 630 (S.D.N.Y. 1995), and Employers Ins.of Wausau v. Certain Underwriters at Lloyds, London, 787 F.Supp. 165 (W.D. Wis. 1992), are also inapposite. In Pan Atlantic, removal was found to be untimely because it would give the remover an "unfair tactical advantage" in light of the fact that the state court trial had already begun and partial judgment had been rendered before the defendant removed. Pan Atlantic, 878 F.Supp. at 640. The court held that because a state court ruling on "substantive and dispositive issues" signaled the end of the statutory period "before trial," defendant's removal after that partial judgment was untimely. Id.

Argonaut mischaracterizes Wausau by asserting that the court refused to allow an amendment of the removal notice. However, the court in Wausau refused to allow a "second attempt to remove this case" when the case had already been removed and then remanded to state court. 787 F.Supp. at 166. The prior remand order was determinative because a remand order is "deemed conclusive as to matters that were adjudged or could have been presented at that time as a basis for removal." Id. at 169.

In this case, because there has been no trial on the merits of this case in the state court, any amendment to Global's Notice of Removal would be timely. However, such an amendment should not be necessary because the Notice of Removal asserts all the facts necessary to sustain federal question jurisdiction under the New York Convention. Further, Global has already specifically pleaded, through its Verified Amended Counter-Petition, the applicability of the New York Convention and that this Court has both federal question jurisdiction as well as alienage jurisdiction.

## POINT II

## THE COURT ALSO HAS ALIENAGE JURISDICTION

### A.    A Corporation Can Have Only One Principal Place Of Business, Which For Global Is In Germany

The citizenship of a corporation for diversity purposes is governed by 28 U.S.C. § 1332(c), which states in pertinent part: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).[4]

In the Second Circuit, a "corporation may have only one principal place of business." Bailey v. Grand Trunk Lines New England, 805 F.2d 1097, 1100 (2d Cir. 1986). In Bailey, the Second Circuit held that the "plain meaning of the concept of a *principal* place of business" indicated that it was the worldwide principal place of business that was important for purposes of diversity jurisdiction rather than a company's "principal place of business *within* the United States." Id. (emphasis in original). "[A]n alien corporation's worldwide principal place of business, and not its principal place of business within the United States is controlling" in determining citizenship of a corporation under 28 U.S.C. §1332(c). Id. at 1100-01.

---

[4] There is some question within this District and elsewhere as to whether §1332(c) even applies to corporations incorporated in foreign states.  See Phoenix Four, Inc. v. Strategic Resources, Corp., 446 F.Supp.2d 205 (S.D.N.Y. 2006); Huangyan Imp. & Exp. Corp. v. Nature's Farm Prods., Inc., 2000 U.S. Dist. LEXIS 12335, No. 99 Civ. 9404, 2000 WL 1224814, at *2 (S.D.N.Y. 2000)(holding that §1332(c) applies to foreign corporations); and compare Theobald v. IFS Int'l Holdings, Inc., 443 F. Supp. 2d 556, 557 (S.D.N.Y. 2006) (court found that a "corporation that is incorporated in a foreign state is an alien for purposes of diversity jurisdiction"); Island Global Yachting, Ltd. v. Poole Capital, S.A., 438 F. Supp. 2d 310, 311 (S.D.N.Y. 2006) (holding that even if a corporation incorporated in a foreign state "does business in New York [that] does not alter the corporation's status as an alien"); Eisenberg v. Commercial Union Assur. Co., 189 F.Supp. 500 (S.D.N.Y.1960). Because some decisions in this Court indicate that §1332(c) can apply to a corporation incorporated in a foreign country, this brief will assume application of §1332(c) to alien corporations.

12

This Court has reinforced the decision in <u>Bailey</u> by stating that "[f]or purposes of diversity jurisdiction a corporation may have only one principal place of business." <u>Colonia Ins. A.G. v. D.B.G. Property Corp.</u>, 1992 U.S. Dist. Lexis 12265, 14 (S.D.N.Y. 1992). The facts in <u>Colonia</u> are remarkably similar to the case at bar. Colonia Insurance was a "corporation organized and existing under the laws of the Federal Republic of Germany with its worldwide principal place of business in Cologne." <u>Id.</u> at *16-17. Colonia, like Global, was an "alien insurer" that in accordance with New York Insurance Law established a "United States branch" in New York for the purpose of transacting insurance business in New York. <u>Id.</u> at *17. Like Global's United States branch, the United States branch of Colonia was not incorporated under the laws of New York, and conducted business as a domestic branch of Colonia. <u>Id.</u> The defendants alleged that Colonia's U.S. Branch rendered it a citizen of the State of New York, so that there was not complete diversity. <u>Id.</u> at *13-14.

The <u>Colonia</u> court rejected the argument that an alien insurer is considered a citizen of the state in which it had established a United States branch. <u>Id.</u> at *19. In so holding, this Court looked to another Southern District of New York case that held that the "general rule is that if the corporation merely is licensed to do business in the second state, but the relevant legislation of that state requires less than local incorporation, it does not become a citizen of the second state for diversity purposes." <u>Arab International Bank & Trust Co. v. National Westminster Bank, Ltd.</u>, 463 F. Supp. 1145, 1147 (S.D.N.Y. 1979); <u>see also</u> 13 Wright & Miller, <u>Federal Practice and Procedure</u> §3623.

Accordingly, Global is not a New York citizen merely because it is licensed to transact certain reinsurance business in New York. Rather, Global's foreign citizenship is derived from its

place of incorporation in Germany and from its principal place of business in Cologne, Germany. Thus, Global is a German citizen for jurisdictional purposes.

Argonaut's attempts to distinguish <u>Colonia</u> from the case at hand are illogical and meaningless. Argonaut tries to place special significance on Global's use of the term "German company" to describe itself, while the insurer in <u>Colonia</u> referred to itself as a "German corporation." This is a distinction without difference. The German word "Aktiengesellschaft" translates into "corporation." <u>See</u> Freudenstein Decl. ¶4; Keogh Decl. ¶3. Argonaut knows full well from Global's pleadings here and in another action filed by Global against Argonaut that Global is a corporate entity organized and existing under the laws of Germany with its principal place of business in Germany. <u>See</u> Corrigan Decl., Exh. C, ¶9 ("Respondent Global is an alien company organized under the laws of Germany, with its principal place of business at Im Mediapark 4b, Cologne, Germany"); Exh. D, Verified Counter-Petition, ¶3 ("Global is a branch of a foreign reinsurance company organized and existing under the laws of Germany, with its principal place of business in Cologne, Germany"); Exh. E, Verified Amended Counter-Petition, ¶3; Exh. F, ¶¶2, 4.

Argonaut's reliance on <u>Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.</u>, 84 N.Y.2d 309, 317-18 (1994), and <u>Moscow Fire Ins. Co. v. Bank of New York & Trust Co.</u>, 280 N.Y. 286 (1939), is misplaced. Neither of these decisions, which were decided by New York state courts based on New York law, has anything to do with whether a federal court has federal question or alienage jurisdiction over an alien insurer that operates a U.S. branch. Indeed, Argonaut's arguments concerning licensing and insurance regulations were rejected by this Court in <u>Colonia</u>.

14

**B.**      **Global Has Met Its Burden of Proving that It is a German Corporation with Its Principal place of business in Cologne, Germany**

Although Argonaut asserts in conclusory fashion that Global has its principal place of business in New York, Argonaut makes no effort to apply the tests required in this Circuit to determine the location of a party's principal place of business. Two tests are usually employed to determine a corporation's principal place of business. See Augienello v. Fed. Deposit Ins. Corp., 310 F. Supp. 2d 582, 590 (S.D.N.Y. 2004). The "nerve center" test defines the principal place of business as "the nerve center from which [a corporation] radiates out to its constituent parts and from which its officers direct, control and coordinate all activities without regard to locale, in the furtherance of the corporate objective." Id., citing Scot Typewriter Co. v. Underwood Corp., 170 F. Supp. 862, 865 (S.D.N.Y. 1959). Under this test, courts "focus on those factors that identify the place where the corporation's overall policy originates." Augienello, 310 F. Supp. 2d at 590. The second test is the "place of operations" or "locus of operations" test. There, the effort is to identify the place in which a corporation conducts its principal operations. Id. at 591. Courts generally apply the "nerve center" test when a corporation's operations are geographically widespread, and the "locus of operations" test when a corporation is centralized. See Augienello, 310 F. Supp. 2d at 590-91.

Global's reinsurance operations are, as its name would indicate, "global" in nature and therefore geographically very widespread. Because Global's operations are so widespread, with operations and offices in countries around the world, the "nerve center" test is the preferred test to apply. See Corrigan Decl., Exh. G (listing of various offices from Global's website); Freudenstein Decl., ¶¶4, 6, 10. However, under either test, the result is the same, namely that Global's principal place of business is in Germany.

As stated in the Declaration of Thomas Freudenstein, a Senior Vice President of Global working at its headquarters in Germany, and in the Declaration of Barry Keogh, a Senior Vice President for Global working in its local New York office, Global's headquarters are undoubtedly in Germany where the corporation's overall policy originates. Freudenstein Decl. ¶¶1, 4, 6-10; Keogh Decl., ¶¶1, 2, 3, 5-10. The U.S. branch office in New York takes its directions from the head office in Germany where overall corporate policy is formulated. Id. Although the branch office in New York may implement this policy, under the "nerve center" approach the determinative factor is the location from which the policy is formulated and originates. Additionally, the plain reading of "branch office" plainly indicates that it is not the "nerve center" for Global's worldwide operations.

Argonaut incorrectly argues that the statements of Global's counsel are the sole proof offered by Global to show the existence of subject matter jurisdiction. There is no requirement that a Notice of Removal be verified or be submitted with "proof" as to the facts contained therein. Even if there were such a requirement, Global submitted a Verified Counter-Petition and a Verified Amended Counter-Petition attesting to the facts that Global is a foreign reinsurance company organized and existing under the laws of Germany with its principal place of business in Cologne, Germany, and an office in New York.[5] Although courts have held that "mere assertions by counsel" are inadequate, sworn statements of a corporate officer are adequate proof of a corporation's principal place of business. Reiff v. Convergent Technologies, 1995 WL 619944, *3 (D.N.J. 1995). Thus, the

---

[5] Argonaut cites Leiblinger v. Saks Fifth Avenue, 612 F.Supp. 872, 874 (N.D. OH 1985), to support its assertion that Global has not met its burden of proof. However, Leiblinger denied jurisdiction because the removing party had "failed to produce any affidavits of officers, directors or employees" to support its citizenship claim. Global has provided the very documents that the Leiblinger court required, by previously providing verifications to its pleadings as well as by submitting declarations from Global's officers with this Brief. Similarly, Jerro v. Home Lines, Inc., 377 F.Supp. 670, 672 (S.D.N.Y. 1974), cited by Argonaut, also is inapplicable because the affidavit in that case was not signed by a person with actual knowledge.

16

Verified Counter-Petition and Verified Amended Counter-Petition, in and of themselves, are adequate to establish jurisdiction.  In an effort to lay to rest Argonaut's unsubstantiated arguments, Global has submitted the Declarations of Messrs. Fruendenstein and Keogh, which detail Global's foreign status and show that its principal place of business is in Germany.

### C.    Principles of Estoppel Do Not Apply to Determinations of Subject Matter Jurisdiction

Argonaut contends that Global's pleadings in an unrelated action, ESLIC, somehow preclude a finding by this court that subject matter jurisdiction exists in this case.  This apparent estoppel argument is unsound for several reasons.  Under Second Circuit law, "'principles of estoppel do not apply' to questions of subject matter jurisdiction."  Creaciones Con Idea, S.A. v. Mashreqbank PSC, 232 F.3d 79, 82 (2d Cir. 2000).  In Creaciones, the Second Circuit held that a party's "assertions about its corporate citizenship in unrelated cases" could not preclude either that party from arguing, or the district court from concluding, that diversity jurisdiction was absent.  Id.

In re Southwestern Bell Telephone Co., 535 F.2d 859, 861 (5th Cir. 1976), aff'd en banc, 542 F.2d 297, rev'd on other grounds, Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723, 97 S. Ct. 1439 (1977),  which was favorably cited to in Creaciones, rejected an argument similar to the one advanced by Argonaut, holding that an inconsistent pleading regarding the state of incorporation of a party in a previous unrelated suit could not negate the statutory or constitutional "right to resort to the federal courts."  Id. at 861.

Here, Argonaut argues that the statements of Global's counsel in ESLIC should somehow deprive this Court of jurisdiction. However, Argonaut takes the pleadings (attached as Exhibits 1 and 2 to the Affidavit of Dan E. Labelle) out of context.  The inadvertent omission of the phrase "in the United States" from the statement that Global's principal place of business is in New York, New York was unintentional and inconsequential.  There was no dispute or issue with respect to

17

jurisdiction in that action, which was filed by ESLIC in this Court, and Global pleaded that it is a "German corporation." Affidavit of Dan E. Labelle, Exh. 1, ¶3, 4; Exh. 2, ¶3.

Argonaut also completely mischaracterizes the allegations in Global's state court complaint against Equitas (attached as Exhibit 3 to the Affidavit of Dan E. Labelle). In the section of the Complaint headed "The Parties," Global clearly and accurately pleaded that "Global is a branch of a foreign reinsurance company organized under the laws of Germany, with its principal place of business in Cologne, Germany ... and it maintains a place of business at 1345 Avenue of the Americas, New York, New York." Affidavit of Dan E. Labelle, Exh. 3, ¶7. However, Argonaut myopically looks only at the "venue" allegation that reiterates that Global is a foreign corporation "with a principal place of business in the County of New York at 1345 Avenue of the Americas ...." Id., at ¶14 (emphasis added). Paragraph 14 is not inconsistent, because it relates to the exact location of Global's place of business in the County of New York, and Global previously indicated that its principal place of business was in Germany, and that it merely maintained a place of business in New York. Argonaut also argues that Equitas shows Global is content to file actions in state court when that suits its interest. But, the Equitas Complaint had to be filed in state court because Equitas, like Global, is an alien, and the federal courts do not have jurisdiction over actions between aliens.

In any event, Argonaut is in no position to complain about inconsistent jurisdictional allegations. In the context of its pleadings in this case, Argonaut is "confused" about its own citizenship, pleading that it is a citizen of Illinois at the same time it pleads that it is a citizen of California. Compare Corrigan Decl., Exh. B, ¶3 with Exh. A, ¶4.

## POINT III

### GLOBAL HAS A RIGHT TO HAVE THIS INTERNATIONAL ARBITRATION DISPUTE HEARD IN FEDERAL COURT

Argonaut suggests that Global would suffer no harm if this matter were remanded to state court because Global has filed actions there.  Argonaut also implies that its original choice of forum should somehow be persuasive or control.  Neither of these arguments meets the standards for a remand.

Because this Court has federal question and alienage jurisdiction, it cannot simply "close its doors" to Global.  "Where there is diversity jurisdiction, which is non-discretionary, the court may not eliminate the case from its docket, whether by a remand or a dismissal." Allstate Ins. Co. v. Longwell, 735 F.Supp. 1187, 1191 (S.D.N.Y. 1990); see also Mercy Hosp. Assoc. v. Micco, 604 F. Supp. 1177, 1180 (E.D.N.Y. 1985)(removal statutes by their very purpose and nature take away plaintiff's choice of forum and where no grounds are presented for removal, there is no discretion on the part of the district court which must deny the motion to remand); Merced v. City of New York, 1991 WL 222152 (S.D.N.Y. Oct. 22, 1991)(same).  The Second Circuit has observed that "so long as Congress chooses to have us exercise diversity jurisdiction, we must do so unflaggingly." Law Enforcement Ins. Co. v. Corcoran, 807 F.2d 38, 40-41 (2d Cir. 1986)(holding that Colorodo River abstention was not reasonable in a case even when allowing plaintiffs a federal forum would similarly open the "doors of the federal courthouse" to "countless other plaintiffs nationwide").

Here, this Court has both federal question and alienage jurisdiction.  Global's right to remove should not be denied because of Argonaut's baseless "estoppel" argument concerning Global's other pleadings, which is the only supposed "proof" that Argonaut has offered to support its motion.

## CONCLUSION

For the foregoing reasons, Argonaut's motion to remand should be denied.

Dated: August 30, 2007
      Short Hills, New Jersey

                Respectfully submitted,

                BUDD LARNER, P.C.
                11 Penn Plaza – 5th Floor
                New York, New York 10001
                (212) 946-2798

                    - and –

                150 John F. Kennedy Parkway
                Short Hills, New Jersey 07078
                (973) 379-4800

                Attorneys for Respondent/ Counter- Petitioner
                  GLOBAL Reinsurance Corporation – U.S. Branch

                BY: _____
                  Joseph J. Schiavone (JS 7303)
                  Jeffrey S. Leonard (JL 5931)

651007.w