UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY,<br>                                      Petitioner, | :    Docket No. 07 CV 6222(SHS)<br>:<br>: |
| -against- | :    DECLARATION OF DAN F.<br>:    <u>CORRIGAN</u> |
| GLOBAL REINSURANCE<br>CORPORATION – U.S. BRANCH, | :<br>: |
|                          Respondent/<br>                          Counter-Petitioner. | :    **FILED UNDER SEAL**<br>: |

-----------------------------------------------------------------

I, DAN F. CORRIGAN, declare the following to be true under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1.     I am an attorney admitted to the bar of the States of New Jersey and New York. I am an associate with the law firm of Budd Larner, P.C., attorneys for Respondent/Counter-Petitioner GLOBAL Reinsurance Corp.- U.S. Branch ("Global"). I submit this Declaration to set before the Court certain facts and true copies of certain documents in support of Global's Memorandum of Law in Opposition to Petitioner's Motion to Remand.

2.     A copy of Petitioner Argonaut Insurance Company's ("Argonaut") Undated "Petition to Confrim[*sic*] Arbital[*sic*] Award" (without exhibits) is attached as Exhibit A.

3.     A copy of Argonaut's June 18, 2007 "Motion to Stay Arbitration or for Alternative Relief" is attached as Exhibit B.

4.     A copy of Global's July 5, 2007 Notice of Removal is attached as Exhibit C.

5.     A copy of Global's July 16, 2007 Answer and Verified Counter-Petition (without exhibits), together with the Declaration of David Ramos, verifying same, is attached as Exhibit D.

6.    A copy of Global's July 20, 2007 Verified Amended Counter-Petition to Confirm Arbitral Award and for Relief in Aid of Arbitration, together with Declaration of David Ramos, verifying same, are attached as Exhibit E.

7.    Attached hereto as Exhibit F is a redacted copy of the Complaint for Injunctive Relief filed in GLOBAL Reinsurance Corp. – U.S. Branch v. Argonaut Insurance Co., Civil Action No. 06 CV 1304 (LAK).  As this was filed under seal in this Court, I have redacted all allegations except for those by Global concerning jurisdiction and its foreign citizenship.  As Argonaut was a party to this prior litigation, it already has a full, unredacted copy of this pleading.

8.    Attached hereto as Exhibit G is a copy of selected pages from Global's internet website printed on August 29, 2007.  These pages are located at http://www.globalre.com/network.html.

9.    Attached hereto as Exhibit H is a copy of Global's 2005 Annual Report.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 30, 2007.

DAN F. CORRIGAN

651012.W

2

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY ) | |
| ) | |
| Petitioner, ) | |
| ) | Index No.: 602016/2007 |
| - against - ) | |
| ) | **PETITION TO CONFRIM** |
| GLOBAL REINSURANCE ) | **ARBITAL AWARD** |
| CORPORATION – U.S. BRANCH ) | |
| ) | |
| Respondent ) | |
| ) | |

Petitioner Argonaut Insurance Company ("Argonaut"), by and

through its attorneys, Halloran & Sage LLP, alleges as follows:

<u>NATURE OF THE PROCEEDING</u>

1.    This is a petition pursuant to N.Y. C.P.L.R. 7510 to confirm the final

award (the "Final Award") issued by an arbitration panel (the

"Panel") on January 10, 2007 in a reinsurance arbitration captioned

<u>Global Reinsurance Corporation – U.S Branch v. Argonaut</u>

<u>Insurance Company</u> (the "Arbitration"). A true and correct copy of

the Panel's Final Award is annexed hereto as Exhibit A.

2.    This action arises under the N.Y. C.P.L.R. article 75, as the

agreements at issue are (i) commercial agreements between

Argonaut Insurance Company ("Argonaut") and Global Reinsurance

Corporation – US Branch ("Global"), and (ii) provide for arbitration in New York, where the arbitration was held.

<u>PARTIES, JURISDICTION AND VENUE</u>

3. Global is the United States branch office of a German entity, with its principal place of business at 1345 Avenue of the Americas, New York, New York.

4. Argonaut Insurance Company is a corporation incorporated under the laws of the State of California, having its principal place of business at 250 Middlefield Road, Menlo Park, California.

5. This Court has jurisdiction over this action pursuant to N.Y. C.P.L.R. 301 because Global's principal place of business is in New York County. The Court also has jurisdiction through N.Y. C.P.L.R. 7501 as the Arbitration hearing took place in Manhattan.

6. Venue is proper in New York County under N.Y. C.P.L.R. 503(c) because Global's principal place of business is located in New York County and the Arbitration hearing took place in Manhattan.

<u>FACTUAL BACKGROUND</u>

7. Argonaut and Global (or their predecessors in interest) entered into two quota share retrocessional reinsurance contracts numbered QS31/4158, effective July 26, 1963 through December 31, 1965, and QS73/6103, effective July 1, 1973 through December 31, 1975. (the "Retrocessional Agreements.") Copies of the contracts are annexed hereto as Exhibits B and C respectively.

2

8.    Contract number QS31/4158 (Exhibit B, Article IX) contains an

arbitration clause that provides:

1) As a precedent to any right of action hereunder if disputes arise
   out of this Agreement, as well as differences, concerning the
   validity of this Agreement, the dispute shall be referred to two
   arbitrators, one to be chosen by each party.  In the event of
   either party failing to appoint its arbitrator within thirty (30) days
   after the receipt of written notice from the other party requesting
   it to do so, the requesting party may nominate both arbitrators.
2) Prior to entering into arbitration, the two arbitrators shall appoint
   an umpire within thirty (30) days of their nomination.  In the
   event of the two arbitrators failing to agree upon the
   appointment of an umpire, within the prescribed thirty (30) days,
   each of them shall then name three, of whom the other shall
   decline two and the decision shall be made by drawing lots.
   The arbitrators, as well as the umpire, must be active or retired,
   disinterested executive officers of Insurance or Reinsurance
   Companies.
3) The arbitrator and/or the umpire shall consider this contract as
   an honorable agreement rather than merely as a legal obligation
   and they are relieved of all judicial formalities and may abstain
   from following the strict rules of law and shall make their
   decision according to the practice of reinsurance business only.
   Each party shall submit its case to the arbitrators within thirty
   (30) days after their appointment.  The arbitrators shall make
   their decision within four (4) months after the appointment of the
   umpire.  The decision of the arbitrators shall be final and binding
   on both parties and not subject to appeal.
4) Each party shall bear the expense of its own arbitrator and shall
   jointly and equally bear with the other the expense of the
   arbitration.  Arbitration shall take place in New York, N.Y.,
   unless some other location is mutually agreed upon.

9.    Contract number QS73/6103 (Exhibit C, Article XIII) contains an

arbitration clause that provides:

1) As a condition precedent to any right of action hereunder, in the
   event of any dispute or difference of opinion hereafter arising
   with respect to this Contract, it is hereby mutually agreed that
   such dispute or difference of opinion shall be submitted to
   arbitration. One Arbiter shall be chosen by the company, the
   other by the Retrocessionaire, and an Umpire shall be chosen
   by the two Arbiters before they enter upon arbitration, all of

3

whom shall be active or retired disinterested executive officers of insurance or reinsurance companies. In the event that either party should fail to choose an Arbiter within 30 days following a written request by the other party to do so, the requesting party may chose between two Arbiters who shall in turn choose an Umpire before entering upon arbitration. If the two Arbiters fail to agree upon the selection of an Umpire within 30 days following their appointment, each Arbiter shall name three nominees, of whom the other shall decline two, and the decision shall be made by drawing lots.

2) Each party shall present its case to the Arbiters within 30 says following the date of appointment of the Umpire. The Arbiters shall consider this Contract as an honorable engagement rather than merely as a legal obligation and they are relieved of all judicial formalities and may abstain from following the strict rules of law. The decision of the Arbiters shall be final and binding on both parties but failing to agree, they shall call in the Umpire and the decision of the majority shall be final and binding upon both parties.

3) If more than one retrocessionaires is involved in the same dispute, all such retrocessionaires shall constitute and act as one party for the purposes of the Article and communications shall be made by the Company to each of the retrocessionaires constituting one party, provided, however, that nothing herein shall impair the rights of such retrocessionaires to assert several, rather than joint, defenses or claims, nor be construed as changing the liability of the retrocessionaires participating under the terms of this Contract from several to joint.

4) Each party shall bear the expense of its own Arbiter, and shall jointly and equally bear with the other the expense of the Umpire and of the arbitration. In the event that the two Arbiters are chosen by one party, as above provided, the expense of the Arbiters, the Umpire and the arbitration shall be equally divided between the two parties.

5) Any arbitration proceedings shall take place at New York, New York.

10.    The governing arbitration clauses both provide that the arbitrators' award shall be final and binding upon the parties.

11.    By demand dated December 30, 2004, and amended demand dated January 10, 2005 Global initiated arbitration seeking recovery of amounts that Global ceded Argonaut under the Retrocessional

Agreements for payments that Global had made to members of the American International Group ("AIG") and the Home Insurance Company ("Home") in commutation of its contracts with those entities. Copies of these demands are annexed hereto as Exhibit D.

12.   The Panel in the Arbitration was agreed to be duly constituted by stipulation of the parties.

13.   During the arbitration proceeding, the parties took discovery and filed pre-hearing briefs with the Panel.

14.   A four and a half day hearing was held in New York, New York, on December 11 – 15, 2006. During the hearing, both parties submitted argument, exhibits as well as expert and fact witness testimony to the Panel.

15.   After deliberation, on January 10, 2007, the umpire on behalf of a majority of the Panel issued a written award. (Exhibit A Hereto.)

16.   The Panel ruled:

Having considered the submissions and arguments of Counsel, the testimony of witnesses at the hearing and the record in this arbitration a majority of the Panel rules as follows:

The commutation payments that Gerling seeks to cede to Argonaut are not claims, losses nor settlements within the terms or the meaning of the retrocessional agreements. The agreements make no provision for claims submitted in bulk or blanket form, nor for payments on a non risk – specific basis or an estimated basis. The agreements provide no authority for the unilateral acceleration of the retrocessionaires obligations. Argonaut is not required to pay the amounts sought by Global in this arbitration.

This order does not alter Argonaut's obligations under the retrocessional agreements. Argonaut may be obligated to pay claims submitted in the form required by those agreements. (Id.)

17.    On or about February 12, 2007, Global submitted a motion to "clarify" the Panel's January 10, 2007 Award. The majority of the Panel responded on March 1, 2007, stating that no mistake or ambiguity existed in the award. A copy of the Panel's response is annexed hereto as Exhibit E.

18.    Argonaut is entitled to confirmation of the Final Award and entry of judgment under N.Y. C.P.L.R. 7510 and 7514.

19.    More than ninety (90) days has passed since the Panel issued its Final Award and neither party has filed a motion to vacate or modify the award.

20.    No grounds exist under N.Y. C.P.L.R. 7511 for refusing to recognize and confirm the Final Award.

WHEREFORE, in accordance with the terms of the Final Award and N.Y. C.P.L.R. 7510 and 7514, Argonaut requests that this Court (1) enter judgment in favor of Argonaut and against Global upon each ruling and the terms contained in the Final Award; and (2) such other and further relief as the Court may deem just and proper.

6

Respectfully submitted,

Dan E. LaBelle  DL2779
HALLORAN & SAGE LLP
315 Post Road West
Westport, CT  06880
(T)     (203) 227-2855
(F)     (203) 227-6992
Counsel for Defendant Argonaut
    Insurance Company

*Of counsel:*
Theresa W. Hajost
Daniel A. Blumenthal
HALLORAN & SAGE LLP
1730 Pennsylvania Avenue, NW
Suite 800
Washington, DC  20006
(T)     (202) 496-9270
(F)     (202) 496-9279

7

$\mathcal{B}$

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

---

ARGONAUT INSURANCE COMPANY )
                                   )
      Petitioner,                 )
                                   )
  - against -                )     Index No.: 602016/2007
                                   )
GLOBAL REINSURANCE        )     **MOTION TO STAY**
CORPORATION – U.S. BRANCH  )     **ARBITRATION OR FOR**
                                   )     **ALTERNATIVE RELIEF**
      Respondent           )
                                   )

---

       Petitioner Argonaut Insurance Company ("Argonaut"), by and through its attorneys, Halloran & Sage LLP, alleges as follows:

### NATURE OF THE PROCEEDING

1.    This is a motion for the Court to enter an order permanently staying an arbitration demanded by Global Reinsurance Corp. – U.S. Branch ("Global") or, in the alternative, for an order declaring that if such arbitration commences, Global's party-appointed arbitrator shall be Ronald S. Gass.

### PARTIES, JURISDICTION AND VENUE

2.    Global is the United States branch office of a German entity, with its principal place of business at 1345 Avenue of the Americas, New York, New York.

3.   Argonaut Insurance Company is a corporation incorporated under the laws of the State of Illinois, having its principal place of business at 225 W. Washington, Chicago, Illinois.

4.   This Court has jurisdiction over this action pursuant to N.Y. C.P.L.R. 301 because Global's principal place of business is in New York County. The Court also has jurisdiction through N.Y. C.P.L.R. 7501 as the first Arbitration hearing took place in Manhattan.

5.   Venue is proper in New York County under N.Y. C.P.L.R. 503(c) because Global's principal place of business is located in New York County and the first Arbitration hearing took place in Manhattan and the location for arbitration specified in the arbitration clauses of the contracts before the court is New York, New York.

## FACTUAL BACKGROUND

6.   Argonaut and Global (or their predecessors in interest) entered into two quota share retrocessional reinsurance contracts numbered QS31/4158, effective July 26, 1963 through December 31, 1965, and QS73/6103, effective July 1, 1973 through December 31, 1975. (the "Retrocessional Agreements.") Copies of the contracts are annexed hereto as Exhibits B and C respectively.

7.   Contract number QS31/4158 (Exhibit B, Article IX) contains an arbitration clause that provides:

   1)  As a precedent to any right of action hereunder if disputes arise out of this Agreement, as well as differences, concerning the

2

validity of this Agreement, the dispute shall be referred to two arbitrators, one to be chosen by each party. In the event of either party failing to appoint its arbitrator within thirty (30) days after the receipt of written notice from the other party requesting it to do so, the requesting party may nominate both arbitrators.

2) Prior to entering into arbitration, the two arbitrators shall appoint an umpire within thirty (30) days of their nomination. In the event of the two arbitrators failing to agree upon the appointment of an umpire, within the prescribed thirty (30) days, each of them shall then name three, of whom the other shall decline two and the decision shall be made by drawing lots. The arbitrators, as well as the umpire, must be active or retired, disinterested executive officers of Insurance or Reinsurance Companies.

3) The arbitrator and/or the umpire shall consider this contract as an honorable agreement rather than merely as a legal obligation and they are relieved of all judicial formalities and may abstain from following the strict rules of law and shall make their decision according to the practice of reinsurance business only. Each party shall submit its case to the arbitrators within thirty (30) days after their appointment. The arbitrators shall make their decision within four (4) months after the appointment of the umpire. The decision of the arbitrators shall be final and binding on both parties and not subject to appeal.

4) Each party shall bear the expense of its own arbitrator and shall jointly and equally bear with the other the expense of the arbitration. Arbitration shall take place in New York, N.Y., unless some other location is mutually agreed upon.

8. Contract number QS73/6103 (Exhibit C, Article XIII) contains an arbitration clause that provides:

1) As a condition precedent to any right of action hereunder, in the event of any dispute or difference of opinion hereafter arising with respect to this Contract, it is hereby mutually agreed that such dispute or difference of opinion shall be submitted to arbitration. One Arbiter shall be chosen by the company, the other by the Retrocessionaire, and an Umpire shall be chosen by the two Arbiters before they enter upon arbitration, all of whom shall be active or retired disinterested executive officers of insurance or reinsurance companies. In the event that either party should fail to choose an Arbiter within 30 days following a written request by the other party to do so, the requesting party may chose between two Arbiters who shall in turn choose an Umpire before entering upon arbitration. If the two Arbiters fail

3

to agree upon the selection of an Umpire within 30 days following their appointment, each Arbiter shall name three nominees, of whom the other shall decline two, and the decision shall be made by drawing lots.

2) Each party shall present its case to the Arbiters within 30 says following the date of appointment of the Umpire. The Arbiters shall consider this Contract as an honorable engagement rather than merely as a legal obligation and they are relieved of all judicial formalities and may abstain from following the strict rules of law. The decision of the Arbiters shall be final and binding on both parties but failing to agree, they shall call in the Umpire and the decision of the majority shall be final and binding upon both parties.

3) If more than one retrocessionaires is involved in the same dispute, all such retrocessionaires shall constitute and act as one party for the purposes of the Article and communications shall be made by the Company to each of the retrocessionaires constituting one party, provided, however, that nothing herein shall impair the rights of such retrocessionaires to assert several, rather than joint, defenses or claims, nor be construed as changing the liability of the retrocessionaires participating under the terms of this Contract from several to joint.

4) Each party shall bear the expense of its own Arbiter, and shall jointly and equally bear with the other the expense of the Umpire and of the arbitration. In the event that the two Arbiters are chosen by one party, as above provided, the expense of the Arbiters, the Umpire and the arbitration shall be equally divided between the two parties.

5) Any arbitration proceedings shall take place at New York, New York.

9. The governing arbitration clauses both provide that the arbitrators' award shall be final and binding upon the parties.

10. By demand dated December 30, 2004, and amended demand dated January 10, 2005, Global initiated arbitration (the "Quota Share Arbitration") seeking recovery of amounts that Global ceded Argonaut under the Retrocessional Agreements for payments that Global had made to members of the American International Group ("AIG") and the Home Insurance Company ("Home") in

4

commutation of its contracts with those entities. Copies of these

demands are annexed hereto as Exhibit D.

11.   In addition to the Quota Share Arbitration, Argonaut and Global are

or have been engaged in four other arbitrations in which Global is

seeking the recovery of amounts that Global ceded to Argonaut in

connection with commutation agreements entered into with AIG,

Home, and other of Global's reinsureds. Global has named

Richard L. White as its party-appointed arbitrator in each of these

five arbitrations, including the Quota Share Arbitration.

12.   A four and a half day hearing in connection with the Quota Share

Arbitration was held in New York, New York, on December 11 – 15,

2006. During the hearing, both parties submitted argument,

exhibits as well as expert and fact witness testimony to the Panel.

13.   After deliberation, on January 10, 2007, the umpire on behalf of a

majority of the Panel issued a written award. (Exhibit A Hereto.)

14.   The Panel ruled:

Having considered the submissions and arguments of Counsel, the
testimony of witnesses at the hearing and the record in this
arbitration a majority of the Panel rules as follows:

The commutation payments that Gerling seeks to cede to Argonaut
are not claims, losses nor settlements within the terms or the
meaning of the retrocessional agreements. The agreements make
no provision for claims submitted in bulk or blanket form, nor for
payments on a non risk – specific basis or an estimated basis. The
agreements provide no authority for the unilateral acceleration of
the retrocessionaires obligations. Argonaut is not required to pay
the amounts sought by Global in this arbitration.

5

> This order does not alter Argonaut's obligations under the retrocessional agreements. Argonaut may be obligated to pay claims submitted in the form required by those agreements.  (Id.)

15.    Arbitrator White submitted a dissenting opinion to the award.

(Exhibit A hereto.)

16.    On or about February 12, 2007, Global submitted a motion to

"clarify" the Panel's January 10, 2007 Award.  The majority of the

Panel responded on March 1, 2007, stating that no mistake or

ambiguity existed in the award.  Arbitrator White submitted a

dissenting opinion to the award.  A copy of the Panel responses is

annexed hereto as Exhibit E.

17.    On March 14, 2007, Global again demanded arbitration regarding

recoverability of a portion of the commutation payments it made to

AIG and Home.  The demand listed the following issues for

arbitration:

> Whether, pursuant to the 10 January 2007 Award in the Quota Share Arbitration between the parties, U.S. Branch is entitled to bill Argonaut in the future as claims actually develop on the underlying reinsurance agreements between U.S. Branch and AIG and between U.S. Branch and Home;

> Whether Argonaut is obliged to process and pay such billings in accordance with the Protocols attached hereto; and

> Whether Argonaut acted in bad faith by asserting that (a) the 10 January 2007 Award means that U.S. Branch is forever and conclusively foreclosed from seeking any recovery from Argonaut under the retrocessional agreements for any loss of any kind relating to AIG or Home, and (b) it is not obliged to process and pay AIG and Home-related billings in accordance with the Protocols.

6

A copy of Global's demand is annexed hereto as Exhibit F.

18.    On April 11, 2007, Argonaut appointed Paul C. Thomson, III as its
party-appointed arbitrator, and specifically reserved its rights to
contest the arbitrability of the issues in Global's March 14, 2007
demand.

19.    On April 26, 2007, Global again appointed Richard L. White as its
arbitrator.

20.    On May 14, 2007, Argonaut sent a letter to Global advising that Mr.
White was not an appropriate selection, and demanding that Global
name a new arbitrator within thirty days.  Argonaut's letter stated
that, in accordance with the contract, it would appoint an arbitrator
for Global if Global did not do so.  Argonaut's letter also continued
to reserve its rights with regard to whether Global's new demand
was arbitrable.

21.    When Global did not appoint a new arbitrator in 30 days, on June
15, 2007, Argonaut appointed Ronald S. Gass to serve as Global's
arbitrator.

22.    Concurrent with the filing of this Motion, Argonaut is filing a Motion
to Confirm the award of the Quota Share Arbitration.

WHEREFORE, and for the reasons set forth in the Memorandum in
Support of this Motion filed concurrently with this Motion Argonaut
requests that this Court (1) enter an order permanently staying the

arbitration demanded by Global on March 14, 2007; or alternatively

(2) enter an order enjoining Global from naming Richard L. White

as its party-appointed arbitrator in that arbitration, and confirming

that Ronald S. Gass shall serve as Global's arbitrator.


Dated: June 18, 2007                    Respectfully submitted,


                                        Thomas E. Brennan
                                        HALLORAN & SAGE LLP
                                        315 Post Road West
                                        Westport, CT  06880
                                        (T)     (203) 227-2855
                                        (F)     (203) 227-6992
                                        Counsel for Defendant Argonaut
                                            Insurance Company

*Of counsel:*
Theresa W. Hajost
Daniel A. Blumenthal
HALLORAN & SAGE LLP
1730 Pennsylvania Avenue, NW
Suite 800
Washington, DC  20006
(T)     (202) 496-9270
(F)     (202) 496-9279


8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of June, 2007, a copy of the foregoing Petition to Stay Arbitration was forwarded, postage pre-paid, via First Class mail, to the following:

Jeffrey S. Leonard, Esquire
Budd Larner
150 John F. Kennedy Parkway
CN 1000
Short Hills, NJ 07078-0999
*Counsel for Global Reinsurance Corporation – U.S. Branch*

Global Reinsurance Corporation – U.S. Branch
1345 Avenue of the Americas
New York, New York 10105
(via Certified Mail/Return Receipt Requested)

Thomas F. Brennen
Dan E. Labelle
HALLORAN & SAGE, LLP
315 Post Road West
Westport, CT 06880
(T)    (203) 227-2855
(F)    (203) 227-6992
*Counsel for Argonaut Insurance Company*

1001938-1(HSFP)

9

C

JUDGE STEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 6222

ARGONAUT INSURANCE COMPANY,      :
                                 :
                  Petitioner,    :
                                 :
-against-                        :
                                 :
GLOBAL REINSURANCE               :
CORPORATION - U.S. BRANCH,       :
                                 :
                  Respondent,    :
                                 :

NOTICE OF REMOVAL

FILED UNDER SEAL



TO:   Clerk of the Court
      United States District Court
      Southern District of New York
      500 Pearl Street
      New York, New York 10007-1312

PLEASE TAKE NOTICE, that pursuant to 28 U.S.C. §1441, respondent GLOBAL Reinsurance Corporation - U.S. Branch ("Global") hereby removes this action from the Supreme Court of the State of New York, County of New York, where the action is currently pending, and respectfully states as follows:

1.   On or about June 15, 2007, petitioner Argonaut Insurance Company ("Argonaut") commenced this action ancillary to an arbitration by filing an Order to Show Cause, a Petition to Confirm Arbitral Award, a Motion for an Order to Stay Arbitration or for Alternative Relief, various exhibits, and a Memorandum of Law in the Supreme Court of the State of New York, County of New York, under Index No. 602016/2007 ("New York Action").

2.   On the night of June 18, 2007, a copy of the purported Order to Show Cause and a partial set of supporting papers was

provided to Global's attorneys. However, Global was not provided with a full set of the papers and exhibits, or with a copy of the Memorandum of Law. A copy of the purported Order to Show Cause, the Petition, and the supporting papers as received by Global on June 18 is attached as Exhibit A.

3. On June 20, 2007, Argonaut delivered to Global the actual Order to Show Cause, which differed from the purported Order to Show Cause that Argonaut had provided to Global on the night of June 18. A copy of the Order to Show Cause is attached as Exhibit B.

4. On June 29, 2007, Argonaut provided Global with the remaining papers that Argonaut had filed in the New York Action, June 29, 2007, including Argonaut's Memorandum of Law. A copy of these papers is attached as Exhibit C.

5. This Court has original jurisdiction of this case pursuant to 28 U.S.C. §1332 and the action is removable to this Court pursuant to 28 U.S.C. §1441.

6. Pursuant to 28 U.S.C. §1446, this Notice of Removal is being filed well within the thirty (30) day time limit for removal.

7. This proceeding ancillary to an arbitration is between a citizen of a state and a foreign corporation.

8. Upon information and belief, petitioner Argonaut is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 225 W. Washington St., Chicago, Illinois.

9.   Respondent Global is an alien company organized under the laws of Germany, with its principal place of business at Im Mediapark 4b, Cologne, Germany.

10.  Diversity of citizenship existed at the commencement of the suit and continues to exist on the date of the filing of this Notice.

11.  Venue is proper in the District because the action is currently pending in the Supreme Court of the State of New York, County of New York, and because the location for arbitration specified in the arbitration clauses of the contracts at issue is New York, New York.

12.  The amount in controversy is in excess of $75,000, exclusive of interest and costs.

Dated:  July 5, 2007
        Short Hills, New Jersey

                              BUDD LARNER, P.C.
                              Attorneys for Respondent GLOBAL
                                Reinsurance Corp.- U.S. Branch
                              11 Penn Plaza, 5th Floor
                              New York, New York 10001
                              (212) 946-2798

                              -and-

                              150 John F. Kennedy Parkway
                              Short Hills, New Jersey 07078
                              (973)379-4800

                              BY:_____
                                  JOSEPH J. SCHIAVONE (JS 7303)
                                  JEFFREY S. LEONARD (JL 5931)

645213.W

3