

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In the Matter of the Arbitration Between: | Docket No. 07 CV 6222(SHS) |
| Argonaut Insurance Company, | |
| Petitioner, | |
| - against - | DECLARATION OF DAVID RAMOS VERIFYING COUNTER-PETITION TO CONFIRM ARBITRAL AWARD AND FOR RELIEF IN AID OF ARBITRATION |
| GLOBAL Reinsurance Corporation - U.S. Branch, | |
| Respondent/ Counter-Petitioner, | **FILED UNDER SEAL** |
| - against - | |
| Argonaut Insurance Company and Ronald S. Gass, | |
| Respondents on Counter-Petition | |

---

I, DAVID RAMOS, declare the following to be true under penalty of perjury pursuant to 28 U.S.C. §1746:

1.    I am Vice-President, Director of Reinsurance, of GLOBAL Reinsurance Corporation - U.S. Branch ("Global").

2.    The factual allegations contained in Global's Counter-Petition to Confirm Arbitral Award and For Relief in Aid

of Arbitration are true to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 16, 2007.

_____
DAVID RAMOS

646395.w

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between | : Docket No. 07 CV 6222 (SHS) |
| | : |
| Argonaut Insurance Company, | : |
| | : |
| Petitioner, | : ANSWER TO PETITION AND |
| | : VERIFIED COUNTER-PETITION TO |
| - against - | : CONFIRM ARBITRAL AWARD AND |
| | : FOR RELIEF IN AID OF |
| GLOBAL Reinsurance Corporation - U.S. Branch, | : ARBITRATION |
| | : |
| Respondent/ Counter-Petitioner, | : **FILED UNDER SEAL** |
| | : |
| - against - | : |
| | : |
| Argonaut Insurance Company and Ronald S. Gass, | : |
| | : |
| Respondents on Counter-Petition. | : |

Respondent GLOBAL Reinsurance Corporation - U.S. Branch ("Global"), for its Answer to the Petition of Argonaut Insurance Company ("Argonaut") and for its Counter-Petition to confirm the Arbitration Panel's 10 January 2007 Award and for relief in aid of arbitration, alleges as follows:

<u>Nature Of The Proceeding</u>

1.    The allegations contained in paragraph 1 of the Petition set forth legal conclusions as to which it is not necessary to plead.    To the extent a responsive pleading is

required, Global admits that the Arbitration Panel issued an Award dated 10 January 2007 in the reinsurance arbitration entitled GLOBAL Reinsurance Corporation - U.S. Branch v. Argonaut Insurance Company, and admits that the Petition purports to be pursuant to CPLR 7510, but denies that CPLR 7510 is applicable to this reinsurance arbitration that is subject to the Federal Arbitration Act, 9 U.S.C. §1 et seq.

2.    Global denies the allegations contained in paragraph 2 of the Petition, except admits that the contracts that were at issue in the arbitration are commercial agreements between it and Argonaut, that one of the contracts provides for the arbitration to take place in New York, New York or such other place as the parties may agree, that the other contract provides for the arbitration to take place in New York, New York, and that the arbitration hearing took place in New York, New York.

### Parties, Jurisdiction and Venue

3.    Global denies the allegations contained in paragraph 3 of the Petition, except admits that it is a branch of a foreign reinsurance company organized under the laws of Germany, with its principal place of business in Cologne, Germany, and admits that the branch office is located at 1345 Avenue of the Americas, New York, New York.

4.    Global denies for lack of knowledge or information the allegations contained in paragraph 4 of the Petition, except

admits upon information and belief that Argonaut is a corporation organized under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

5.    The allegations contained in paragraph 5 of the Petition set forth legal conclusions as to which it is not necessary to plead.    To the extent a responsive pleading is required, Global denies that its principal place of business is in New York County, denies that CPLR 7501 is applicable to this reinsurance arbitration that is subject to the Federal Arbitration Act, 9 U.S.C. §1 et seq., and admits that the arbitration hearing took place in Manhattan.

6.    The allegations contained in paragraph 6 of the Petition set forth legal conclusions as to which it is not necessary to plead.    To the extent a responsive pleading is required, Global denies the allegations for lack of knowledge or information, except denies that Global's principal place of business is in New York County and admits that the arbitration hearing took place in Manhattan.

<u>Factual Background</u>

7.    Global denies the allegations contained in paragraph 7 of the Petition, except admits (a) that Argonaut and Global entered into quota share retrocessional reinsurance contract no. 4158, effective July 26, 1963 through December 31, 1965, and first surplus retrocessional reinsurance contract no. 6103,

3

effective July 1, 1973 through December 31, 1975, and (b) that portions of those contracts are attached as Exhibits B and C to the Petition.

8.   Global denies the allegations contained in paragraph 8 of the Petition, except admits that the paragraph accurately quotes from a portion of the arbitration clause (Article IX) of contract no. 4158.

9.   Global denies the allegations contained in paragraph 9 of the Petition, except admits that the paragraph accurately quotes from a portion of the arbitration clause (Article IX) of contract no. 6103.

10.   Global admits the allegations contained in paragraph 10 of the Petition.

11.   Global denies the allegations contained in paragraph 11 of the Petition, except admits (a) that it issued to Argonaut a Demand For Arbitration dated December 30, 2004 and an Amended Demand For Arbitration dated January 10, 2005, and (b) that the demands sought to recover outstanding retrocessional balances owed to Global by Argonaut in connection with Global's commutations with its cedents, the American International Group Companies ("AIG") and Home Insurance Company.

12.   Global admits the allegations contained in paragraph 12 of the Petition.

4

13.  Global admits the allegations contained in paragraph 13 of the Petition.

14.  Global admits the allegations contained in paragraph 14 of the Petition.

15.  Global admits the allegations contained in paragraph 15 of the Petition.

16.  Global admits the allegations contained in paragraph 16 of the Petition.

17.  Global denies the allegations contained in paragraph 17 of the Petition, except (a) admits that on February 12, 2007, it submitted to the Arbitration Panel a Motion to Clarify the Award, (b) alleges that Argonaut opposed the motion on the purported grounds that Global's motion sought new relief not requested in the arbitration and that the Panel was without power to act on the motion under the functus officio doctrine, (c) admits that the Panel majority concluded that the Panel was without authority to act because the majority found no mistake or ambiguity in the Award, and (d) admits that a copy of the Panel majority's response to the motion is attached to the Petition as Exhibit E.

18.  Global denies the allegations contained in paragraph 18 of the Petition, except admits that the 10 January 2007 Award should be confirmed pursuant to the Federal Arbitration Act, 9 U.S.C. §9.

5

19. Global admits the allegations contained in paragraph 19 of the Petition.

20. The allegations contained in paragraph 20 of the Petition set forth legal conclusions as to which it is not necessary to plead. To the extent a responsive pleading is required, Global denies the allegations, denies that CPLR 7511 is applicable, and admits that no grounds exist under 9 U.S.C. §9 for refusing to confirm the Award.

GLOBAL'S VERIFIED COUNTER-PETITION TO
CONFIRM THE ARBITRATION PANEL'S AWARD AND
FOR RELIEF IN AID OF ARBITRATION

Nature of the Counter-Petition

1. This is a Counter-Petition pursuant to 9 U.S.C. §§4, 5, and 9 (a) to confirm a reinsurance arbitration award issued 10 January 2007 (the "10 January 2007 Award"), (b) to uphold Global's selection of Richard L. White as Global's party-appointed arbitrator in a subsequent, separate arbitration that it commenced (the "March 14, 2007 Arbitration"), (c) to compel Petitioner Argonaut Insurance Company ("Argonaut") to proceed with the March 14, 2007 Arbitration before Richard L. White, as Global's party-appointed arbitrator, and to proceed with the selection of an umpire in that arbitration in accordance with the terms of the arbitration agreements between Global and Argonaut, and (d) to enjoin Argonaut and Ronald S. Gass, who is being joined to this action as a respondent on the Counter-

6

Petition, from taking any action to proceed with the arbitration or umpire selection before a panel that includes Gass.

2.    Alternatively, in the event the Court determines that it may entertain Argonaut's challenge to White's qualifications before the arbitration takes place and prior to the issuance of a final arbitral award, and determines that White is not qualified to serve as arbitrator, Global seeks an order allowing it reasonable time in which to designate a replacement.

<u>The Parties, Jurisdiction and Venue</u>

3.    Global is a branch of a foreign reinsurance company organized and existing under the laws of Germany, with its principal place of business in Cologne, Germany. It is authorized to write certain insurance and reinsurance in New York, and it maintains a place of business in New York, New York.

4.    Upon information and belief, Argonaut is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

5.    Upon information and belief, Ronald S. Gass resides at 59 Ravenwood Drive, Weston, Connecticut, and is a citizen of Connecticut.

6.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332. This proceeding ancillary to two separate

arbitrations is between citizens of certain states and a foreign corporation.

7.     Venue is proper in this district pursuant to 28 U.S.C. §1441, because the matter was removed to this Court from the Supreme Court of the State of New York, County of New York, and pursuant to 9 U.S.C. §§4 and 9, because the 10 January 2007 Award was made within this district and the contracts between Global and Argonaut provide for the March 14, 2007 Arbitration to take place in New York, New York.

Factual Background

A.     The Retrocessional Contracts and Arbitration Clauses

8.     Reinsurance enables an insurance company to insure its liability under insurance policies that it issues to its insureds.   In reinsurance, the insurer (often referred to in this context as the "cedent") transfers a portion of its liability to a reinsurer.

9.     A   retrocessional   contract   is   reinsurance   that reinsurers a reinsurer.   The reinsurer in this context is sometimes referred to as the "retrocessionaire."

10. Global and Argonaut entered into a Quota Share Retrocession Agreement bearing number 4158 ("Quota Share Contract") and a First Surplus Facultative Casualty Retrocession Contract number 6103 ("First Surplus Contract") (collectively, the "Contracts"), under which Argonaut, as the retrocessionaire,

8

provides certain reinsurance coverage to Global. Copies of these Contracts are attached as Exhibits A and B, respectively.

11. The Quota Share Contract contains an arbitration clause that provides in part that "[a]s a precedent to any right of action hereunder if disputes arise out of this Agreement, ... the dispute shall be referred to two arbitrators, one to be chosen by each party." Exhibit A, Article IX.

12. Under the arbitration clause contained in the Quota Share Contract, disputes are required to be resolved by arbitration before a three-member panel, with each party designating an arbitrator and the two arbitrators selecting an umpire. The clause provides in pertinent part as follows:

> 1. As a precedent to any right of action hereunder if disputes arise out of this Agreement, as well as differences, concerning the validity of this Agreement, the dispute shall be referred to two arbitrators, one to be chosen by each party. In the event of either party failing to appoint its arbitrator within thirty (30) days after receipt of written notice from the other party requesting it to do so, the requesting party may nominate both arbitrators.

> 2. Prior to entering into arbitration, the two arbitrators shall appoint an umpire within thirty (30) days of their nomination. In the event of the two arbitrators failing to agree upon the appointment of an umpire within the prescribed thirty (30) days, each of them shall then name three, of whom the other shall decline two and the decision shall be made by drawing lots. The arbitrators, as well as the umpire, must be active or retired, disinterested executive officers of Insurance or Reinsurance Companies.

Exhibit A, Article IX.

9

13. The First Surplus Contract contains an arbitration clause that provides in part that "[a]s a condition precedent to any right of action hereunder, in the event of any dispute or difference of opinion hereafter arising with respect to this Contract, it is hereby mutually agreed that such dispute or difference of opinion shall be submitted to arbitration." Exhibit B, Article XIII.

14. Under the arbitration clause contained in the First Surplus Contract, disputes are required to be resolved by arbitration before a three-member panel, with each party designating an arbitrator and the two arbitrators selecting an umpire. The clause provides in pertinent part as follows:

> One Arbiter shall be chosen by the Company, the other by the Retrocessionaire, and an Umpire shall be chosen by the two Arbiters before they enter upon arbitration, all of whom shall be active or retired disinterested executive officers of insurance or reinsurance companies. In the event that either party should fail to choose an Arbiter within 30 days following a written request by the other party to do so, the requesting party may choose two Arbiters who shall in turn choose an Umpire before entering upon arbitration. If the two Arbiters fail to agree upon the selection of an Umpire within 30 days following their appointment, each Arbiter shall name three nominees, of whom the other shall decline two, and the decision shall be made by drawing lots.

Exhibit B, Article XIII.

B.    The 10 January 2007 Award

15. By letters dated December 30, 2004 and January 10, 2005, Global demanded arbitration against Argonaut of "all

10

disputed issues relating to [Global's] claims for payments of outstanding retrocessional balances owed to it by Argonaut in connection with [Global's] commutations with its cedents, the American International Group Companies ("AIG") and Home Insurance Company ("Home"). A copy of these demands is attached cumulatively as Exhibit C.

16. The arbitration proceeded before a three-member panel comprised of Arthur Brotter and Richard L. White, as the party-appointed arbitrators for Argonaut and Global, respectively, and Edmond F. Rondepierre, as the Umpire.

17. Following discovery, the parties submitted pre-hearing briefs and attended a five-day arbitration hearing, from December 11, 2006 to December 15, 2006.

18. The arbitration concerned only Global's commutation billings in respect of AIG and Home; Global's other cedents were not in issue. Argonaut did not claim or request that the Contracts be rescinded.

19. In an effort to show the Arbitration Panel that an award denying Global recovery for the commutation balances at issue in the arbitration would not be unfair or result in a windfall for Argonaut, Rhonda Ijams, Argonaut's president, testified at the end of the hearing that Global could continue to bill Argonaut for Argonaut's share of future losses emanating from Home and AIG as those losses actually developed and that

11

Argonaut would pay those billings. See Transcript of Ijams's hearing testimony at 1500-1506, attached as Exhibit D.

20. The Panel issued its Award on 10 January 2007. A copy of the Award is attached as Exhibit E.

C.    The Motion For Clarification

21. The 10 January 2007 Award provides in part that Argonaut is not required to pay the commutation payments that Global sought to cede to Argonaut in the arbitration:

> The commutation payments that Gerling [Global] seeks to cede to Argonaut are not claims, losses nor settlements within the terms or the meaning of the retrocessional agreements. The agreements make no provision for claims submitted in bulk or blanket form, nor for payments on a non risk-specific basis or an estimated basis. The agreements provide no authority for the unilateral acceleration of the retrocessionaires obligations. Argonaut is not required to pay the amounts sought by Global in this arbitration.

Exhibit E.

22. However, the Award also provides that Argonaut may be required to pay Global's on-going billings submitted in the form required by the Contracts:

> This order does not alter Argonaut's obligations under the retrocessional agreements. Argonaut may be obligated to pay claims submitted in the form required by those agreements." Id.

Nothing in the 10 January 2007 Award states or implies that Global is foreclosed from billing Argonaut in the future for

losses emanating from Home and AIG as those losses actually develop.

23.    In early February 2007, Argonaut informed Global that it would not "pay claims submitted in the form required by those agreements" with respect to Home and AIG.    Despite the language of the Award and Ijams's testimony, Argonaut's view is that Global is forever barred by the Award from seeking recovery from Argonaut under the Contracts for any losses emanating from Home and AIG, even as specific losses develop and are resolved by Home and AIG in the future.

24.    On February 12, 2007, Global submitted to the Panel a motion requesting clarification of the 10 January 2007 Award, to resolve the parties' dispute over the interpretation of the Award.    Exhibit F.

25.    Argonaut opposed the Motion For Clarification by letter dated February 15, 2007, asserting that Global's motion sought new relief not requested in the arbitration and that the Panel was without power to act on the motion under the functus officio doctrine.    Exhibit G.

26.    Global submitted a reply in further support of the Motion For Clarification on February 22, 2007.    Exhibit H.

27.    By E-mail on March 1, 2007, the Panel majority concluded that the Panel was without authority to act because

the majority found no mistake or ambiguity in the Award. Exhibit I.

D.    The March 14, 2007 Arbitration

28.  By letter dated March 14, 2007, Global demanded arbitration against Argonaut to recover the amount due from Argonaut under the Contracts at the time of hearing in respect of claims emanating from Home and AIG, in accordance with the 10 January 2007 Award.  Exhibit J.  In light of Argonaut's position on the effect of the 10 January 2007 Award, the issues to be resolved in this arbitration include (a) whether Global is entitled to bill Argonaut as specific claims actually develop and are resolved by Home and AIG, (b) whether Argonaut must process and pay such billings in accordance with certain protocols adopted from the sworn testimony of its president, and (c) whether Argonaut acted in bad faith.

29.  Specific claims have developed and been resolved by Home and AIG.  Global has billed Argonaut for Argonaut's share of those losses, but Argonaut has refused to pay.

30.  By letter dated April 11, 2007, Argonaut appointed Paul C. Thomson, III as its arbitrator.  Exhibit K.  Thomson has served as Argonaut's party-appointed arbitrator adverse to Global on at least two other occasions within the last year, including one arbitration concerning the recoverability of

14

commutation-related billings under retrocessional reinsurance contracts by which Argonaut reinsured Global.

31. Global timely and in good faith appointed Richard L. White as its arbitrator by letter dated April 26, 2007, a copy of which is attached as Exhibit L.

32. By letter dated May 14, 2007, Argonaut asserted that White cannot properly serve as Global's arbitrator and demanded that Global appoint a replacement within 30 days. By letter dated June 15, 2007, Argonaut purported to appoint Gass as Global's party-appointed arbitrator. Copies of these letters are attached cumulatively as Exhibit M. Gass has served as a party-appointed arbitrator adverse to Global on at least 12 occasions over the last four years.

33. Argonaut refuses to proceed with the selection of an umpire and with the arbitration before White as Global's arbitrator. Upon information and belief, Argonaut has instructed its arbitrator, Thomson, not to work with White in selecting an umpire.

Count I

34. Global incorporates each of the allegations contained in paragraphs 1 through 33 of this Verified Counter-Petition.

35. No motion has been made to vacate, modify, or correct the 10 January 2007 Award.

15

36. Global is entitled to confirmation of the 10 January 2007 Award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 et seq.

### Count II

37. Global incorporates each of the allegations contained in paragraphs 1 through 36 of this Verified Counter-Petition.

38. The March 14, 2007 Arbitration concerns a dispute that is subject to the broad arbitration clauses of the Contracts.

39. Argonaut refuses or fails to arbitrate in accordance with the terms of the Contracts and is failing or refusing to follow the method stipulated in the Contracts for the selection of the arbitrators and umpire.

40. Global duly designated White as its arbitrator, and White is qualified to serve as arbitrator.

41. Alternatively, Global timely designated White as its arbitrator, and his qualifications cannot be challenged prior to the issuance of a final award by the arbitration panel.

42. Alternatively, in the event the Court determines that it may entertain Argonaut's challenge to White's qualifications prior to the arbitration and decides that White is not qualified to serve, Global should be allowed reasonable time in which to appoint a replacement.

WHEREFORE, Global requests that Argonaut's Petition and "Motion To Stay Arbitration Or For Alternative Relief" be

dismissed and/or denied, that the Verified Counter-Petition be granted in all respects, and that the Court issue a judgment as follows:

(a) confirming the 10 January 2007 Award, pursuant to 9 U.S.C. §9;

(b) ordering Argonaut to proceed with the March 14, 2007 Arbitration, pursuant to 9 U.S.C. §4;

(c) upholding Global's appointment of Richard L. White as its arbitrator in the March 14, 2007 Arbitration, enjoining Argonaut and Gass from taking any action to proceed with umpire selection or the arbitration before a panel that includes Gass, and requiring Argonaut to proceed, with White, in the selection of an umpire and in the arbitration pursuant to the terms of the Contract, pursuant to 9 U.S.C. §§4 and 5;

(d) in the alternative, in the event the Court determines that it may entertain Argonaut's challenge to White's qualifications and decides that White is not qualified, allowing Global reasonable time in which to designate a replacement arbitrator for White; and

(e) granting Global attorneys' fees, costs, and such other and further relief as is just and proper.

Dated:    Short Hills, New Jersey
          July 16, 2007

                              BUDD LARNER, P.C.
                              150 John F. Kennedy Parkway
                              Short Hills, New Jersey 07078
                              (973) 379-4800
                              Attorneys for Respondent/
                                Counter-Petitioner
                              GLOBAL Reinsurance
                              Corporation - U.S. Branch

                         BY: _____
                              Joseph C. Schiavone (JS 7303)
                              Jeffrey S. Leonard (JL 5931)

645804.w

18

$\varepsilon$

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between: | : Docket No. 07 CV 6222(SHS) |
| | : |
| Argonaut Insurance Company, | : |
| | : |
| Petitioner, | : |
| | : DECLARATION OF DAVID RAMOS |
| | : VERIFYING AMENDED COUNTER- |
| - against - | : PETITION TO CONFIRM |
| | : ARBITRAL AWARD AND |
| GLOBAL Reinsurance Corporation - | : FOR RELIEF IN AID OF |
| U.S. Branch, | : ARBITRATION |
| | : |
| Respondent/ | : |
| Counter-Petitioner, | : **FILED UNDER SEAL** |
| | : |
| - against – | : |
| | : |
| Argonaut Insurance Company | : |
| and Ronald S. Gass, | : |
| | : |
| Respondents on | : |
| Counter-Petition | : |

I, DAVID RAMOS, declare the following to be true under penalty of perjury pursuant to 28 U.S.C. §1746:

1.    I am Vice-President, Director of Reinsurance, of GLOBAL Reinsurance Corporation - U.S. Branch ("Global").

2.    The factual allegations contained in Global's Amended Counter-Petition to Confirm Arbitral Award and For Relief in Aid of Arbitration are true to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 20, 2007.

_David Ramos_
DAVID RAMOS

646395.w

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------

In the Matter of the               : Docket No. 07 CV 6222(SHS)
Arbitration Between                 :
                                    :
Argonaut Insurance Company,         :
                                    :
              Petitioner,           : VERIFIED AMENDED COUNTER-
                                    : PETITION TO CONFIRM ARBITRAL
- against -                         : AWARD AND FOR RELIEF IN AID
                                    : OF ARBITRATION
GLOBAL Reinsurance Corporation      :
- U.S. Branch,                      :
                                    :
              Respondent/           :        **FILED UNDER SEAL**
              Counter-Petitioner,   :
                                    :
- against -                         :
                                    :
Argonaut Insurance Company and      :
Ronald S. Gass,                     :
                                    :
              Respondents on        :
              Counter-Petition.     :

---------------------------------

        Respondent  GLOBAL  Reinsurance  Corporation  -  U.S.  Branch

("Global"),  for  its  Amended  Counter-Petition  to  confirm  the

Arbitration Panel's 10 January 2007 Award and for relief in aid

of arbitration, alleges as follows:

### Nature of the Counter-Petition

        1.    This is a Counter-Petition pursuant to 9 U.S.C. §§4,

5, 9 (a), and 201-203 to confirm a reinsurance arbitration award

issued 10 January 2007 (the "10 January 2007 Award"), (b) to

uphold Global's selection of Richard L. White as Global's party-

appointed arbitrator in a subsequent, separate arbitration that it commenced (the "March 14, 2007 Arbitration"), (c) to compel Petitioner Argonaut Insurance Company ("Argonaut") to proceed with the March 14, 2007 Arbitration before Richard L. White, as Global's party-appointed arbitrator, and to proceed with the selection of an umpire in that arbitration in accordance with the terms of the arbitration agreements between Global and Argonaut, and (d) to enjoin Argonaut and Ronald S. Gass, who is being joined to this action as a respondent on the Counter-Petition, from taking any action to proceed with the arbitration or umpire selection before a panel that includes Gass.

2.    Alternatively, in the event the Court determines that it may entertain Argonaut's challenge to White's qualifications before the arbitration takes place and prior to the issuance of a final arbitral award, and determines that White is not qualified to serve as arbitrator, Global seeks an order allowing it reasonable time in which to designate a replacement.

<u>The Parties, Jurisdiction and Venue</u>

3.    Global is a branch of a foreign reinsurance company organized and existing under the laws of Germany, with its principal place of business in Cologne, Germany.    It is authorized to write certain insurance and reinsurance in New York, and it maintains a place of business in New York, New York.

4.   Upon information and belief, Argonaut is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

5.   Upon information and belief, Ronald S. Gass resides at 59 Ravenwood Drive, Weston, Connecticut, and is a citizen of Connecticut.

6.   The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 9 U.S.C. §201-203. The arbitration agreements at issue are contained in retrocessional reinsurance contracts between Global and Argonaut. Those contracts constitute commercial agreements between a citizen of a foreign country and a citizen of the United States. That foreign country, Germany, and the United States are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 et seq.

7.   In addition, the Court has subject matter jurisdiction over this matter based on alienage pursuant to 28 U.S.C. §1332. This proceeding ancillary to two separate arbitrations is between citizens of certain states and a foreign corporation, and the amount in controversy in this action exceeds the sum of $75,000.

8.   Venue is proper in this district pursuant to 28 U.S.C. §1441 and 9 U.S.C. §205, because the matter was removed to this Court from the Supreme Court of the State of New York, County of

3

New York, and pursuant to 9 U.S.C. §§4 and 9, because the 10 January 2007 Award was made within this district and the contracts between Global and Argonaut provide for the March 14, 2007 Arbitration to take place in New York, New York.

## Factual Background

A.    The Retrocessional Contracts and Arbitration Clauses

9.    Reinsurance enables an insurance company to insure its liability under insurance policies that it issues to its insureds.    In reinsurance, the insurer (often referred to in this context as the "cedent") transfers a portion of its liability to a reinsurer.

10.    A retrocessional contract is reinsurance that reinsurers a reinsurer.    The reinsurer in this context is sometimes referred to as the "retrocessionaire."

11.    Global and Argonaut entered into a Quota Share Retrocession Agreement bearing number 4158 ("Quota Share Contract") and a First Surplus Facultative Casualty Retrocession Contract number 6103 ("First Surplus Contract") (collectively, the "Contracts"), under which Argonaut, as the retrocessionaire, provides certain reinsurance coverage to Global.    Copies of these Contracts are attached to Global's Verified Counter-Petition dated July 16, 2007, as Exhibits A and B, respectively, and are incorporated herein.

4

12.  The  Quota  Share  Contract  contains  an  arbitration
clause that provides in part that "[a]s a precedent to any right
of action hereunder if disputes arise out of this Agreement, ...
the dispute  shall  be  referred  to  two  arbitrators,  one  to be
chosen by each party."  Exhibit A, Article IX.

13.  Under  the  arbitration  clause  contained  in  the  Quota
Share  Contract,  disputes  are  required  to  be  resolved  by
arbitration  before  a  three-member  panel,  with  each  party
designating an arbitrator and the two arbitrators selecting an
umpire.  The clause provides in pertinent part as follows:

> 1.  As  a  precedent  to  any  right  of  action
> hereunder if disputes arise out of this Agreement, as
> well as differences, concerning the validity of this
> Agreement,  the  dispute  shall  be  referred  to  two
> arbitrators, one to be chosen by each party.  In the
> event  of  either  party  failing  to  appoint  its
> arbitrator within thirty (30) days after receipt of
> written  notice  from  the  other  party  requesting it to
> do  so,  the  requesting  party  may  nominate  both
> arbitrators.
>
> 2.  Prior to entering into arbitration, the two
> arbitrators shall appoint an umpire within thirty (30)
> days of their nomination.  In the event of the two
> arbitrators failing to agree upon the appointment of
> an umpire within the prescribed thirty (30) days, each
> of them shall then name three, of whom the other shall
> decline two and the decision shall be made by drawing
> lots.  The arbitrators, as well as the umpire, must be
> active or retired, disinterested executive officers of
> Insurance or Reinsurance Companies.

Exhibit A, Article IX.

14.  The  First  Surplus  Contract  contains  an  arbitration
clause that provides in part that "[a]s a condition precedent to

any right of action hereunder, in the event of any dispute or difference of opinion hereafter arising with respect to this Contract, it is hereby mutually agreed that such dispute or difference of opinion shall be submitted to arbitration." Exhibit B, Article XIII.

15. Under the arbitration clause contained in the First Surplus Contract, disputes are required to be resolved by arbitration before a three-member panel, with each party designating an arbitrator and the two arbitrators selecting an umpire. The clause provides in pertinent part as follows:

> One Arbiter shall be chosen by the Company, the other by the Retrocessionaire, and an Umpire shall be chosen by the two Arbiters before they enter upon arbitration, all of whom shall be active or retired disinterested executive officers of insurance or reinsurance companies. In the event that either party should fail to choose an Arbiter within 30 days following a written request by the other party to do so, the requesting party may choose two Arbiters who shall in turn choose an Umpire before entering upon arbitration. If the two Arbiters fail to agree upon the selection of an Umpire within 30 days following their appointment, each Arbiter shall name three nominees, of whom the other shall decline two, and the decision shall be made by drawing lots.

Exhibit B, Article XIII.

B.  The 10 January 2007 Award

16. By letters dated December 30, 2004 and January 10, 2005, Global demanded arbitration against Argonaut of "all disputed issues relating to [Global's] claims for payments of outstanding retrocessional balances owed to it by Argonaut in

6

connection with [Global's] commutations with its cedents, the American International Group Companies ("AIG") and Home Insurance Company ("Home"). A copy of these demands is attached cumulatively as Exhibit C to Global's Verified Counter-Petition dated July 16, 2007, and are incorporated herein.

17. The arbitration proceeded before a three-member panel comprised of Arthur Brotter and Richard L. White, as the party-appointed arbitrators for Argonaut and Global, respectively, and Edmond F. Rondepierre, as the Umpire.

18. Following discovery, the parties submitted pre-hearing briefs and attended a five-day arbitration hearing, from December 11, 2006 to December 15, 2006.

19. The arbitration concerned only Global's commutation billings in respect of AIG and Home; Global's other cedents were not in issue. Argonaut did not claim or request that the Contracts be rescinded.

20. In an effort to show the Arbitration Panel that an award denying Global recovery for the commutation balances at issue in the arbitration would not be unfair or result in a windfall for Argonaut, Rhonda Ijams, Argonaut's president, testified at the end of the hearing that Global could continue to bill Argonaut for Argonaut's share of future losses emanating from Home and AIG as those losses actually developed and that Argonaut would pay those billings. See Transcript of Ijams's

hearing testimony at 1500-1506, attached as Exhibit D to Global's Verified Counter-Petition dated July 16, 2007, and incorporated herein.

21.    The Panel issued its Award on 10 January 2007. A copy of the Award is attached as Exhibit E to Global's Verified Counter-Petition dated July 16, 2007, and is incorporated herein.

C.    The Motion For Clarification

22.    The 10 January 2007 Award provides in part that Argonaut is not required to pay the commutation payments that Global sought to cede to Argonaut in the arbitration:

> The commutation payments that Gerling [Global] seeks to cede to Argonaut are not claims, losses nor settlements within the terms or the meaning of the retrocessional agreements. The agreements make no provision for claims submitted in bulk or blanket form, nor for payments on a non risk-specific basis or an estimated basis. The agreements provide no authority for the unilateral acceleration of the retrocessionaires obligations. Argonaut is not required to pay the amounts sought by Global in this arbitration.

Exhibit E.

23.    However, the Award also provides that Argonaut may be required to pay Global's on-going billings submitted in the form required by the Contracts:

> This order does not alter Argonaut's obligations under the retrocessional agreements. Argonaut may be obligated to pay claims submitted in the form required by those agreements." Id.

8

Nothing in the 10 January 2007 Award states or implies that Global is foreclosed from billing Argonaut in the future for losses emanating from Home and AIG as those losses actually develop.

24. In early February 2007, Argonaut informed Global that it would not "pay claims submitted in the form required by those agreements" with respect to Home and AIG. Despite the language of the Award and Ijams's testimony, Argonaut's view is that Global is forever barred by the Award from seeking recovery from Argonaut under the Contracts for any losses emanating from Home and AIG, even as specific losses develop and are resolved by Home and AIG in the future.

25. On February 12, 2007, Global submitted to the Panel a motion requesting clarification of the 10 January 2007 Award, to resolve the parties' dispute over the interpretation of the Award. A copy of this motion is attached as Exhibit F to Global's Verified Counter-Petition dated July 16, 2007, and is incorporated herein.

26. Argonaut opposed the Motion For Clarification by letter dated February 15, 2007, asserting that Global's motion sought new relief not requested in the arbitration and that the Panel was without power to act on the motion under the functus officio doctrine. A copy of the letter is attached as Exhibit G

to Global's Verified Counter-Petition dated July 16, 2007, and is incorporated herein.

27.  Global submitted a reply in further support of the Motion For Clarification on February 22, 2007.  A copy of the reply is attached as Exhibit H to Global's Verified Counter-Petition dated July 16, 2007, and is incorporated herein.

28.  By E-mail on March 1, 2007, the Panel majority concluded that the Panel was without authority to act because the majority found no mistake or ambiguity in the Award.  A copy of the E-mail is attached as Exhibit I to Global's Verified Counter-Petition dated July 16, 2007, and is incorporated herein.

D.  The March 14, 2007 Arbitration

29.  By letter dated March 14, 2007, Global demanded arbitration against Argonaut to recover the amount due from Argonaut under the Contracts at the time of hearing in respect of claims emanating from Home and AIG, in accordance with the 10 January 2007 Award.  A copy of the letter is attached as Exhibit J to Global's Verified Counter-Petition dated July 16, 2007, and is incorporated herein.  In light of Argonaut's position on the effect of the 10 January 2007 Award, the issues to be resolved in this arbitration include (a) whether Global is entitled to bill Argonaut as specific claims actually develop and are resolved by Home and AIG, (b) whether Argonaut must

10

process and pay such billings in accordance with certain protocols adopted from the sworn testimony of its president, and (c) whether Argonaut acted in bad faith.

30. Specific claims have developed and been resolved by Home and AIG. Global has billed Argonaut for Argonaut's share of those losses, but Argonaut has refused to pay.

31. By letter dated April 11, 2007, Argonaut appointed Paul C. Thomson, III as its arbitrator. A copy of the letter is attached as Exhibit K to Global's Verified Counter-Petition dated July 16, 2007, and is incorporated herein. Thomson has served as Argonaut's party-appointed arbitrator adverse to Global on at least two other occasions within the last year, including one arbitration concerning the recoverability of commutation-related billings under retrocessional reinsurance contracts by which Argonaut reinsured Global.

32. Global timely and in good faith appointed Richard L. White as its arbitrator by letter dated April 26, 2007, a copy of which is attached as Exhibit L to Global's Verified Counter-Petition dated July 16, 2007, and incorporated herein.

33. By letter dated May 14, 2007, Argonaut asserted that White cannot properly serve as Global's arbitrator and demanded that Global appoint a replacement within 30 days. By letter dated June 15, 2007, Argonaut purported to appoint Gass as Global's party-appointed arbitrator. Copies of these letters

11

are attached cumulatively as Exhibit M to Global's Verified Counter-Petition dated and are incorporated herein. Gass has served as a party-appointed arbitrator adverse to Global on at least 12 occasions over the last four years.

34. Argonaut refuses to proceed with the selection of an umpire and with the arbitration before White as Global's arbitrator. Upon information and belief, Argonaut has instructed its arbitrator, Thomson, not to work with White in selecting an umpire.

## Count I

35. Global incorporates each of the allegations contained in paragraphs 1 through 34 of this Verified Amended Counter-Petition.

36. No motion has been made to vacate, modify, or correct the 10 January 2007 Award.

37. Global is entitled to confirmation of the 10 January 2007 Award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 et seq. and 9 U.S.C. §§201 et seq.

## Count II

38. Global incorporates each of the allegations contained in paragraphs 1 through 37 of this Verified Amended Counter-Petition.

39. The March 14, 2007 Arbitration concerns a dispute that is subject to the broad arbitration clauses of the Contracts.

12

40. Argonaut refuses or fails to arbitrate in accordance with the terms of the Contracts and is failing or refusing to follow the method stipulated in the Contracts for the selection of the arbitrators and umpire.

41. Global duly designated White as its arbitrator, and White is qualified to serve as arbitrator.

42. Alternatively, Global timely designated White as its arbitrator, and his qualifications cannot be challenged prior to the issuance of a final award by the arbitration panel.

43. Alternatively, in the event the Court determines that it may entertain Argonaut's challenge to White's qualifications prior to the arbitration and decides that White is not qualified to serve, Global should be allowed reasonable time in which to appoint a replacement.

WHEREFORE, Global requests that the Verified Amended Counter-Petition be granted in all respects, and that the Court issue a judgment as follows:

(a) confirming the 10 January 2007 Award, pursuant to 9 U.S.C. §9 and §§201 et seq.;

(b) ordering Argonaut to proceed with the March 14, 2007 Arbitration, pursuant to 9 U.S.C. §4 and §§201 et seq.;

(c) upholding Global's appointment of Richard L. White as its arbitrator in the March 14, 2007 Arbitration, enjoining Argonaut and Gass from taking any action to proceed with umpire

13

selection or the arbitration before a panel that includes Gass, and requiring Argonaut to proceed, with White, in the selection of an umpire and in the arbitration pursuant to the terms of the Contract, pursuant to 9 U.S.C. §§4, 5, and §§201 et seq.;

(d) in the alternative, in the event the Court determines that it may entertain Argonaut's challenge to White's qualifications and decides that White is not qualified, allowing Global reasonable time in which to designate a replacement arbitrator for White; and (e) granting Global attorneys' fees, costs, and such other and further relief as is just and proper.

Dated:    Short Hills, New Jersey
          July 20, 2007

                              BUDD LARNER, P.C.
                              150 John F. Kennedy Parkway
                              Short Hills, New Jersey 07078
                              (973) 379-4800
                              Attorneys for Respondent/
                              Counter-Petitioner
                              GLOBAL Reinsurance
                              Corporation - U.S. Branch

                    BY: _____
                              Joseph J. Schiavone (JS 7303)
                              Jeffrey S. Leonard (JL 5931)

647090w

14