UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In the Matter of the Arbitration Between | * * * | Docket No. 07 CV 6222(SHS) |
| ARGONAUT INSURANCE COMPANY, | * * | |
| Petitioner, | * * | |
| - against - | * * | **FILED UNDER SEAL** |
| GLOBAL REINSURANCE CORPORATION - U.S. Branch, | * * * * | |
| Respondent/ Counter-Petitioner, | * * * | |
| - against - | * * | |
| ARGONAUT INSURANCE COMPANY | * * * | |
| Respondent on Counter-Petition. | * * * | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PETITIONER'S MOTION TO REMAND**

## **TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | Introduction | 1 |
| II. | Procedural Posture | 2 |
| III. | Additional Factual Background | 2 |
| IV. | Argument | 3 |
| | A. Global Has Failed to Meet Its Burden of Proving That Its U.S. Branch is Not a Citizen of New York for Jurisdictional Purposes | 5 |
| | B. Global's Sloppy Pleading Should not be Rewarded by the Court | 8 |
| V. | Conclusion | 10 |

## **Table of Authorities**

### **Cases**

*Anglada v. Roman*, 2006 WL 3627758 (SHS)(S.D.N.Y. Dec. 12, 2006) ..... 9, 10

*Assuranceforeningen Skuld (Gjensidig) v. Apollo Ship Chandlers, Inc.*,
847 So.2d 991 (3d Dist. App. Fla. 2003) ..................................... 4

*Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002) ............................. 10

*Benefit Ass'n Int'l, Inc. v. Mount Sinai Comprehensive Cancer Center*,
816 So.2d 164 (3d Dist. App. Fla. 2002) ..................................... 4

*Black v. White & Case*, 280 A.D.2d 407, 721 N.Y.S.2d 44
(1st Dept. 2001) ............................................................ 6

*Bradford v. Harding*, 284 F.2d 307, 309 (2d Cir. 1960) ..................... 10

*CanWest Global Communications Corp. v. Mirkaei Tikshoret Ltd.*, 9
Misc.3d 845, 804 N.Y.S.2d 549 (Sup. Ct., New York County 2005) .......... 4

*In re Certain Underwriters at Lloyd's*, 18 S.W.3d 867 (Tex. App. 2000) ..... 4

*Ell v. S.E.T. Landscape Design, Inc.*, 34 F.Supp.2d 188, 194
(S.D.N.Y. 1999) ............................................................ 10

*Employers Insurance of Wausau v. Certain Underwriters at Lloyd's
London*, 787 F.Supp. 165, 168-70 (W.D. Wis. 1992) ...................... 9, 10

*Environmental Concern, Inc. v. Larchwood Construction Corp.*, 101
A.D.2d 591, 593, 476 N.Y.S.2d 175 (2nd Dept.1984) ......................... 6

*Fiske, Emery & Associates v. Ajello*, 41 Conn. Supp. 376, 577 A.2d 1139
(Conn. Super. 1990) ........................................................ 4

*Ford Motor Credit Co. v. Colonial Funding Corp.*, 215 A.D.2d 435, 626
N.Y.S.2d 527 (2nd Dept.1995) ............................................... 6

*Gabriel Capital, L.P. v. Caib Investmentbank Aktiengesellschaft*, 28
A.D.3d 376, 814 N.Y.S.2d 66 (1st Dep't 2006) ............................... 4

*Gerling Global Reinsurance Corp. v. The Home Ins. Co.*, 302 A.D.2d 118,
752 N.Y.S.2d 611 (1st Dept. 2002) .......................................... 5

*Hirschfeld Productions, Inc. v. Mirvish*, 218 A.D.2d 567, 630 N.Y.S. 2d 726 (1st Dep't 1995) ............................................................................... 4

*McCaffrey v. Schaffer*, 251 A.D.2d 300, 673 N.Y.S.2d 717 (2nd Dept.1998) ............................................................................................ 6

*Moscow Fire Ins. Co. v. Bank of New York & Trust Co.*, 280 N.Y. 286, 20 N.E.2d 758, *reargument denied*, 280 N.Y. 848, *cert. Granted*, 308 U.S. 542, *aff'd*, 309 U.S. 624, *reh'g denied*, 309 U.S. 697 .................................. 7

*Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 2004 WL 2360033 at *2 (S.D.N.Y. 2004) .................................................................. 5

*Sheinberg v. Princess Cruise Lines, Ltd.*, 269 F.Supp.2d 1349 (S.D. Fla. 2003) .................................................................................................. 9, 10

*United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) .................................................................................................... 5

*Varela v. Flintlock Construction, Inc.*, 148 F.Supp.2d 297, 300 (S.D.N.Y. 2000) ................................................................................. 10

*Vasura v. AC and S*, 84 F.Supp.2d 531, 533 (S.D.N.Y. 2000) ..................... 5

*York Hannover Holding A.G. v. American Arbitration Ass'n*, 794 F. Supp. 118 (S.D.N.Y. 1992) ..................................................................... 10

*Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.*, 84 N.Y.2d 309 (1994) .. 7

### Statutes

28 USC § 1441 ......................................................................................... 1

28 U.S.C. § 1446 (a) ............................................................................. 8, 9

### Other Authorities

Wright, Miller, Cooper & Steinman, *Federal Practice and Procedure*, Vol. 14B §3721 ........................................................................................ 7, 8

## I. Introduction

The question before this Court is whether Global's Notice of Removal met the requirements of the removal statute under which it sought removal, 28 U.S.C § 1441. Global's Opposition to Argonaut's Motion to Remand tries to transform the issue into whether this Court would have had jurisdiction if this matter was originally filed in federal court, but that is not the issue. This matter is here solely because Global removed it from the New York Supreme Court on the basis of diversity jurisdiction. If as Global has alleged and argued in other cases, its U.S. Branch is a separate juridical entity with its principal place of business in New York, Global cannot remove. Global has not met its burden on removal and Argonaut's motion to remand should be granted by the Court.

Global's opposition papers are essentially and primarily an attempt to avoid the filing requirements of the removal statute and the steps necessary to comply therewith in a timely fashion. Global requests that this Court either exempt it from the requirements of the removal statute or create a new exception to the general rule that removal petitions must be accurate and timely. None of Global's belated submissions cure its non-compliance and its arguments for exemption from the rules are unavailing.

Moreover, Global continues to proffer inconsistent arguments concerning the legal implications of being a "U.S. Branch," depending on the forum and the outcome Global desires. This Court would be entirely consistent with the case law in the Second Circuit and elsewhere to remand based on Global's failures to comply with the removal statute.

## II. Procedural Posture

On or about June 18, 2007, Petitioner Argonaut Insurance Company ("Argonaut") filed a Petition to Confirm Arbitral Award and a Motion for an Order to Stay Arbitration or for Alternative Relief, against Respondent Global Reinsurance Corporation – U.S. Branch ("Global") in the Supreme Court of the State of New York, County of New York. On or about July 5, 2007, Global removed that action to this Court. The sole basis for federal jurisdictional invoked by Global in its removal papers was diversity. Global never amended or attempted to amend its removal papers.

## III. Additional Factual Background

Although Global argues in its papers herein that its "U.S. Branch is not a separate legal entity, but merely a branch office of Global," its pleadings in other matters contradict that claim. *Compare* Global's Memorandum of Law in Opposition to Remand at p.2 and p. 6 arguing that: "The United States Branch of Global is not a distinct legal entity" *with* pages 37-38 of Plaintiff's Consolidated Opposition to Defendant's Motions to Dismiss the Complaint and to Stay the Action Pending Arbitration, *Global Reinsurance Corporation – U.S. Branch v. Equitas, Ltd. et al.*, Index No. 600815/07 (Supreme Court of New York, New York County, July 30, 2007) in which Global argues:

> Equitas's argument (Def.Br.9) that plaintiff is not a "legal entity" and thus lacks capacity to sue is completely without foundation. The plaintiff in this action is the United States branch of a foreign reinsurance company licensed since 1963 (Smith Aff't ¶ 2), and it clearly has the right and the capacity to bring suit.
>
> Defendants' argument ignores the plain text of the Insurance Law, which specifically defines a "United States branch" a *"the business unit through which business is transacted within the United States by an alien insurer."* N.Y. Ins. Law § 107(a)(44) (emphasis added). The United States branch of an alien insurance company must maintain separate financial statements, *id.* § 307(a)(3), which govern its capacity to take on

2

> risk entirely without reference to the foreign insurer as a whole, *id.* §§ 1115(a), 1313(b)(1). It "is treated as a separate entity for tax purposes," and it is "required by statute to maintain certain assets in trust for the protection of its policyholders." *Zurich Insurance Co. v. State Tax Commissioner*, 144 A.D.2d 202, 203 (3d Dep't 1988); *see* N.Y. Ins. Law § 3104(b). As the Third Department has held, therefore, the United States branch of an alien insurance company is "in essentially the same position as if it were formally incorporated in this State." *Zurich*, 144 A.D.2d at 203.
>
> This is not new law. Nearly seventy years ago the Court of Appeals held that a United States branch of an alien insurer must maintain "a definite separation and division of its property and *even of its juristic personality.*" *Moscow Fire Insurance Co. v. Bank of New York & Trust Co.*, 280 N.Y. 286, 309 (1939)(emphasis added). The purpose of the Insurance Law, the Court held, was "definite and plain,'" and it reflected the intent of the Legislature "'to treat the domestic agency largely as a complete and separate organization [and] **to place it on parity with domestic corporations**,'" *id.* (quoting *In re Stoddard*, 242 N.Y. 148, 158 (1926); emphasis added).

See Exhibit 2 at pp. 37-38 to Affidavit of Dan E. LaBelle in Further Support of Argonaut Insurance Company's Motion to Remand (hereinafter "LaBelle Aff."). (Emphasis in block quotation original to Global's Brief attached as Exhibit 2).

Global offers the Declaration of Barry R. Keogh who states that: "The U.S. Branch of GLOBAL is not a separate and distinct entity from GLOBAL." (¶ 10.) Mr. Keogh's statement is also contradicted by the U.S. Branch's position in the Equitas brief quoted above.

## IV. Argument

In its brief, Global invites the Court to assert jurisdiction over its Counter-Petition without regard to the procedural process that brought Argonaut's Petition and Motion to Stay before this Court. Global has it exactly backwards. This matter has come before

this Court because Global filed a Notice of Removal. Had Global not done so, this matter would have remained in the state court.

The federal courts do not have exclusive jurisdiction over cases in which the United Nations convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the New York Convention") is involved. State courts of New York are experienced in construing and applying the New York Convention to cases that come before them. See, e.g., *Gabriel Capital, L.P. v. Caib Investmentbank Aktiengesellschaft*, 28 A.D.3d 376, 814 N.Y.S.2d 66 (1st Dep't 2006)(ordering dispute to arbitration pursuant to provisions of New York Convention); *CanWest Global Communications Corp. v. Mirkaei Tikshoret Ltd.*, 9 Misc.3d 845, 804 N.Y.S.2d 549 (Sup. Ct., New York County 2005); *Hirschfeld Productions, Inc. v. Mirvish*, 218 A.D.2d 567, 630 N.Y.S. 2d 726 (1st Dep't 1995)(ordering dispute to arbitration pursuant to provisions of New York Convention). The state court systems of other states also apply the Convention to cases where it is invoked. See, e.g., *In re Certain Underwriters at Lloyd's*, 18 S.W.3d 867 (Tex. App. 2000)(compelling arbitration under New York Convention and FAA after remand from federal court); *Fiske, Emery & Associates v. Ajello*, 41 Conn. Supp. 376, 577 A.2d 1139 (Conn. Super. 1990)(enforcing Canadian arbitral award pursuant to provisions of New York Convention); *Benefit Ass'n Int'l, Inc. v. Mount Sinai Comprehensive Cancer Center*, 816 So.2d 164 (3d Dist. App. Fla. 2002)(ordering dispute to arbitration pursuant to provisions of New York Convention); *Assuranceforeningen Skuld (Gjensidig) v. Apollo Ship Chandlers, Inc.*, 847 So.2d 991 (3d Dist. App. Fla. 2003)(ordering dispute to arbitration pursuant to provisions of New York Convention).

Global also avails itself of the New York State court system when convenient. *See, e.g., Gerling Global Reinsurance Corp. v. The Home Ins. Co.*, 302 A.D.2d 118, 752 N.Y.S.2d 611 (1st Dept. 2002). Although the Court's potential jurisdiction under the New York Convention is the centerpiece of Global's argument – it is irrelevant as this case is not before the Court on the jurisdictional basis of the New York Convention. Global did not bring an action under the New York Convention, nor did it seek to remove the state court case pursuant to the New York Convention.

### A. Global Has Failed to Meet Its Burden of Proving That Its U.S. Branch is Not a Citizen of New York for Jurisdictional Purposes

Global must meet the heavy "burden of establishing that removal is proper." *See, e.g., United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also Vasura v. AC and S*, 84 F.Supp.2d 531, 533 (S.D.N.Y. 2000); *Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 2004 WL 2360033 at *2 (S.D.N.Y. 2004).

The burden to comply with the removal statutes in a complete and timely fashion is on Global. It cannot shift that burden by whining that Argonaut is somehow supposed to keep track of Global's corporate status and the intricacies of its corporate affiliations; Global should be ashamed to make such an obviously nonsensical argument.

Global's failure to clearly and succinctly support its removal petition by accurately describing its corporate status is entirely its own fault and Argonaut is completely justified in raising Global's contradictory pleadings and its vague and evasive statements regarding its citizenship in support of its motion to remand. In opposition to Argonaut's remand motion, Global has sought to bolster the status of its U.S. Branch as

5

a foreign corporation by submitting declarations from U.S. and European personnel. However, as those declarations make clear, the declarants work for different corporate entities – Global's U.S. Branch and its corporate parent. As demonstrated by the brief Global filed in its New York state court proceeding against Equitas, in that case Global is arguing that its U.S. Branch is a separate legal entity, while in this matter, it is arguing that the U.S. Branch is not a separate legal entity.

Before this Court, Global is arguing that it is not a separate legal entity, while before the New York Supreme Court it is arguing that it is a separate "juristic personality" that must be treated "as a complete and separate organization" on par with a domestic corporation. These conflicting arguments and filings, coupled with the filings cited in Argonaut's papers supporting its Motion to Remand demonstrate that Global assumes whatever corporate posture it perceives as benefiting its jurisdictional argument of the moment. While there is some support for Global's argument that jurisdiction cannot be created by estoppel, it is equally true that the doctrine of judicial estoppel exists for the very purpose of stopping the type of shifting positions and arguments that Global is pursuing in the various courts before which it is appearing.[1] As such, it has not met its burden of proof to sustain its Notice of Removal.

---

[1] The doctrine of judicial estoppel or estoppel against inconsistent positions prevents a party who asserted a factual position in a prior action from taking an inconsistent position in subsequent litigation. See, e.g., Black v. White & Case, 280 A.D.2d 407, 721 N.Y.S.2d 44 (1st Dept. 2001); McCaffrey v. Schaffer, 251 A.D.2d 300, 673 N.Y.S.2d 717 (2nd Dept. 1998). "The doctrine rests upon the principle that a litigant should not be permitted . . to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise." Environmental Concern, Inc. v. Larchwood Construction Corp., 101 A.D.2d 591, 593, 476 N.Y.S.2d 175 (2nd Dept.1984)(internal citation omitted). The doctrine is invoked to prevent a party from adopting contrary positions because the courts cannot tolerate a party playing "fast and loose with the courts". Id at 594. See also, Ford Motor Credit Co. v. Colonial Funding Corp., 215 A.D.2d 435, 626 N.Y.S.2d 527 (2nd Dept. 1995).

6

Global fails to distinguish *Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.*, 84 N.Y.2d 309 (1994) and *Moscow Fire Ins. Co. v. Bank of New York & Trust Co.*, 280 N.Y. 286, 20 N.E.2d 758, *reargument denied* 280 N.Y. 848, *cert. Granted*, 308 U.S. 542, *aff'd*, 309 U.S. 624, *reh'g denied*, 309 U.S. 697. Global's argument that these two cases did not deal with precisely the same issue as the case before this Court is belied by its reliance on the *Moscow Fire* case in its litigation agreement Equitas. (See portion of relevant brief quoted above at p. 5-6.) Global relies on the *Moscow Fire* court's discussion of the legislative purpose for allowing the establishment of US branches by alien insurers as requiring "a definite separation and division of its property and even of its juristic personality.... We think that the legislature in allowing these foreign companies to do business in this State and country intended to treat that domestic agency largely as a complete and separate organization, to place it on a parity with domestic corporations...." *Id. at* 280 N.Y. 309. Indeed, a March 1992 Opinion from the General Counsel's office of the New York Insurance Department, citing the same cases cited by Global in its brief quoted on pp.5-6 above, confirms that a U.S. branch "is an authorized insurer in New York and is analogous to a domestic corporation." See Exhibit 1 to LaBelle Aff. at p. 2.

Both Global and Argonaut rely on cases that agree the intent of the New York legislature in providing a vehicle through the insurance laws of New York that U.S. branches of foreign insurers would be treated as "adopted domestics," See, e.g., *Zurich, supra*, 84 N.Y.2d at 318. Therefore, the posture of the legislature and the New York insurance laws mean that the main policy concern underpinning the purpose for removal – prejudice against non-locals – is removed. *See also* Wright, Miller, Cooper &

Steinman, *Federal Practice and Procedure*, Vol. 14B §3721, noting that "as a practical matter the simplification and growing uniformity of modern procedure makes it less likely that a defendant will face local prejudice if obliged to remain in state court." The New York legislature is entirely within its rights if it wishes to accord and require that U.S. branches have a separate legal and juridical existence apart from their foreign parents. In fact, it is this separate legal status upon which Global is basing its ability to prosecute its suit against Equitas. (*See* brief excerpt quoted at pp.2-3.) As such, Global's U.S. Branch should be treated as a separate legal entity with its principal (and only) place of business in New York and therefore, it is not entitled to remove Argonaut's petition to federal court.

### B. Global's Sloppy Pleading Should not be Rewarded by the Court

Global's Notice of Removal stated that the Court's jurisdiction was rooted in diversity. It did not plead the New York Convention in its Notice of Removal, nor did it amend its notice of removal to add the New York Convention as a basis for removal. Instead, it appears to contend that its Amended Counter-Petition, filed long after its Notice of Removal, should compel the Court to amend sua sponte, or infer such an amendment to, Global's Notice of Removal and create a new basis for removal. The acceptance of such an argument would create a perverse incentive for proponents of removal to purposely not set forth the basis of remand in their removal petition, in derogation of 28 U.S.C. § 1446 (a) requiring "a short and plain statement of the grounds for removal." Under the applicable statutes, Global was obligated to provide its basis for removal in its Notice. Even if this Court might have jurisdiction under the New York Convention, Global's failure to so plead in its Notice of Removal does not burden the

8

Court with the duty of inferring amendments to Global's pleadings, nor does it burden Argonaut to presume that Global had some other basis for removal. Such imprecision in pleadings is a waste of the Court's resources as well as Argonaut's resources.

Global's reliance upon *Sheinberg v. Princess Cruise Lines, Ltd.*, 269 F.Supp.2d 1349 (S.D. Fla. 2003) is misplaced and misleading.[2] In *Sheinberg*, the removing party did not fail to plead removal based upon the Convention, but instead it was argued that because of a "scrivener's error," the removal improperly and inadvertently omitted the consent of the co-defendant as required under 28 U.S.C. § 1446. *Sheinberg*, 269 F.Supp.2d at 1350. Noting that removal under the New York Convention "is still governed by the 'one-shot at removal rule'" (*Id.* at 1353, *quoting Employers Insurance of Wausau v. Certain Underwriters at Lloyd's London*, 787 F.Supp. 165, 168-70 (W.D. Wis. 1992)), the court reasoned that because the defendants in *Sheinberg* "moved within 26 days to correct their Notice of Removal to include [the co-defendant]... the Corrected Notice of Removal is timely filed for purposes of invoking federal question jurisdiction under the Convention." *Id.* at 1353.

Unlike the defendants in *Sheinberg*, Global to this day has not corrected its Notice of Removal. Instead, it has referred the Court to its post-removal pleadings, which it apparently and mistakenly believes to have some bearing on its Notice of Removal. However, Global does not get multiple shots at removal. Further, unlike the defendant in *Sheinberg*, Global failed to plead what it now claims is its basis for removal. Its error was substantive and dispositive, and not a "scrivener's error."

---

[2] Though Global is quick to criticize Argonaut's citation to other jurisdictions and dismiss the persuasive value of those courts' opinions, Global relies heavily – albeit mistakenly – upon this case out of the Southern District of Florida as dispositive.

9

As this Court has found before, it is unlikely that the Second Circuit would view with favor Global's lenient theory of removal. See *Anglada v. Roman*, 2006 WL 3627758 (SHS)(S.D.N.Y. Dec. 12, 2006)("Although there is no authority directly on point in this Circuit, the Second Circuit case law suggests that such a lenient theory of removal would not find favor here. See *Bradford*, 284 F.2d at 309;see also,*Varela*, 148 F.Supp.2d at 300; *Ell*, 34 F.Supp.2d at 194.")[3]

Nor do any of the other cases cited by Global, including *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002), deviate from the "one shot at removal rule" recognized as applicable to removal proceedings by both the *Employers* and *Sheinberg* courts. *Employers, supra*, 269 F. Supp.2d at 1350; *Sheinberg, supra*, 269 F. Supp.2d at 1350. Global's citations regarding removal under the New York Convention, including the timing thereof, are inapplicable in this matter as Global never amended its removal notice to state that it was seeking to remove under the Convention. Nor does *York Hannover Holding A.G. v. American Arbitration Ass'n*, 794 F. Supp. 118 (S.D.N.Y. 1992) support Global's arguments as the basis cited for removal in that case, unlike this one, was the New York Convention. *Id.* at 120.

Global should not be rewarded for its sloppy pleadings by allowing it another attempt to remove in derogation of the "one shot" rule, the typical deference given to the plaintiff's choice of forum and the lack of any real prejudice to Global to proceed in the New York state court system.

**V.    Conclusion**

---

[3] Citations included in quotation are in short form. The full citations for these cases are: *Bradford v. Harding*, 284 F.2d 307, 309 (2d Cir. 1960); *Varela v. Flintlock Construction, Inc.*, 148 F.Supp.2d 297, 300 (S.D.N.Y. 2000); and *Ell v. S.E.T. Landscape Design, Inc.*, 34 F.Supp.2d 188, 194 (S.D.N.Y. 1999).

Global's conflicting representations in its other court filings raise a serious question regarding its representation in the removal papers in the instant case regarding its principal place of business. In light of its conflicting statements regarding its principal place of business, and hence its citizenship for purposes of invoking the removal statute, Global cannot sustain its burden of proving the basis for removal. The Court should resolve any and all questions regarding removal against Global and remand this matter to the New York Supreme Court, New York County.

Dated:  Westport, CT
        September 21, 2007

HALLORAN & SAGE LLP

_____
Dan E. LaBelle, DL2779
HALLORAN & SAGE LLP
315 Post Road West
Westport, CT 06880
(T)   (203) 227-2855
(F)   (203) 227-6992
labelle@halloran-sage.com

*Of counsel:*
Theresa W. Hajost
Daniel A. Blumenthal
HALLORAN & SAGE LLP
1730 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
(T)   (202) 496-9270
(F)   (202) 496-9279

Counsel for Defendant Argonaut
Insurance Company

11

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 21st day of September, 2007, a copy of the foregoing Reply Memorandum in Further Support of Argonaut's Motion to Remand was forwarded, postage pre-paid, via First Class mail, and via e-mail to the following:

Jeffrey S. Leonard, Esquire
Joseph J. Schiavone, Esquire
Budd Larner
150 John F. Kennedy Parkway
CN 1000
Short Hills, NJ  07078-0999
*Counsel for Global Reinsurance Corporation – U.S. Branch*

Dan E. LaBelle  2779
HALLORAN & SAGE, LLP
315 Post Road West
Westport, CT  06880
(T)   (203) 227-2855
(F)   (203) 227-6992
email: labelle@halloran-sage.com
*Counsel for Argonaut Insurance Company*

1043883-1(HSFP)