UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Arbitration Between:

ABC CORPORATION,

        Petitioner,

    -against-

XYZ CORPORATION,

    Respondent/Counter-Petitioner,

    -against-

ABC CORPORATION,

    Respondent on Counter-Petition

: Civil Action No.
: 07 cv 6222(SHS)
:
: **FILED UNDER SEAL**

---

SUR-REPLY MEMORANDUM OF LAW OF RESPONDENT XYZ CORPORATION
IN OPPOSITION TO PETITIONER'S MOTION TO REMAND

---

BUDD LARNER, P.C.
150 John F. Kennedy Parkway, CN 1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Respondent XYZ Corporation

On the Brief:
Joseph J. Schiavone
Jeffrey S. Leonard
Ivan V. Miletic

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In the Matter of the Arbitration Between: | : |
| | : |
| ARGONAUT INSURANCE COMPANY, | : Civil Action No. |
| | : 07 cv 6222(SHS) |
| Petitioner, | : |
| | : |
| -against- | : |
| | : **FILED UNDER SEAL** |
| GLOBAL REINSURANCE CORPORATION - U.S. BRANCH, | : |
| | : |
| Respondent/Counter-Petitioner, | : |
| | : |
| -against- | : |
| | : |
| ARGONAUT INSURANCE COMPANY, | : |
| | : |
| Respondent on Counter-Petition | : |

---

SUR-REPLY MEMORANDUM OF LAW OF RESPONDENT GLOBAL
REINSURANCE CORPORATION - U.S. BRANCH IN OPPOSITION TO
PETITIONER'S MOTION TO REMAND

---

BUDD LARNER, P.C.
150 John F. Kennedy Parkway, CN 1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Respondent
GLOBAL Reinsurance Corporation -
U.S. Branch

On the Brief:
Joseph J. Schiavone
Jeffrey S. Leonard
Ivan V. Miletic

PRELIMINARY STATEMENT

The two new documents that Argonaut[1] presents with its reply papers -- a non-binding letter opinion from the New York Insurance Department on the question of whether New York law applies to a particular insurance policy, and a brief submitted by Global in an unrelated matter on the issue of capacity to sue -- do not cast any reasonable doubt on the fact that, for purposes of the removal and diversity statutes, Global is a German citizen. Global's statements in that other matter are perfectly consistent with this fact. If adopted, Argonaut's absurd argument based on the Insurance Department's letter would make every insurer a citizen of each state in which it is licensed to do business. That is flatly contrary to law.

ARGUMENT

The new exhibits that Argonaut includes with its reply papers do not rebut Global's showing that for purposes of the removal statutes, 11 U.S.C. §205; 28 U.S.C. §1441, and the diversity statute, 28 U.S.C. §1332, Global is a German corporation and its principal place of business is in Germany.

The first new document presented by Argonaut is a 1992 letter from the New York Insurance Department to the City of New

---

[1] Capitalized terms have the same meaning as in Global's August 30, 2007 Memorandum of Law.

York Department of Law setting forth the Insurance Department's non-binding opinion pertaining to a direct insurance policy that has no connection to the parties or the reinsurance contracts that are before this Court. <u>See</u> Affidavit of Dan E. LaBelle, sworn to on September 21, 2007 ("LaBelle Aff."), submitted with Argonaut's reply papers, at Exhibit A. Argonaut argues that the Department's letter somehow "confirms that "a U.S. Branch 'is an authorized insurer in New York and is analogous to a domestic corporation.'" Argonaut's Reply Memorandum of Law dated September 21, 2007 ("Reply Mem.") at 7.

The Department's 1992 letter is utterly irrelevant to the question of whether Global -- or the U.S. branch office of any foreign insurer -- is a citizen of or has its principal place of business in New York for purposes of the removal and diversity statutes. The Department did not even purport to be considering that issue; rather, the question before it was what state's law applied to the policy.

That a foreign insurer authorized to write insurance in New York under the circumstances presented to the Department may, for insurance law purposes, be deemed analogous to a domestic corporation, is both unremarkable and irrelevant to the very different question of whether that foreign insurer is a New York citizen for purposes of federal subject matter jurisdiction.

2

The law is clear: where the issue is subject matter jurisdiction, a corporation may have only one principal place of business, Bailey v. Grand Trunk Lines New England, 805 F.2d 1097, 1100 (2d Cir. 1986); an alien insurer does not become a citizen of the state in which it establishes a United States branch office, Colonia Insurance A.G. v. D.B.G. Property Corp., 1992 U.S. Dist. Lexis 12265, 14 (S.D.N.Y. 1992); and the mere fact that an alien corporation is licensed to do business in a particular state does not make it a citizen of that state, Creaciones Con Idea, S.A. de C.V. v. MashreqBank PSC, 75 F. Supp. 2d 279, 282 (S.D.N.Y. 1999), aff'd, 232 F.3d 79 (2d Cir. 2000); Arab International Bank & Trust Co., LTD v. National Westminster Bank LTD, 463 F. Supp. 1145, 1148 (S.D.N.Y. 1979).

The second new document presented by Argonaut is a brief that Global filed in an unrelated litigation presently pending in a New York State court (the "Equitas Brief"). See LaBelle Aff., Exh. B. Citing to selected excerpts from the Equitas Brief, Argonaut argues that the brief contradicts Global's position in this case that it is a German corporation with its principal place of business in Germany. Reply Mem. at 2,6.

The Equitas Brief, however, has nothing to do with federal subject matter jurisdiction or with the question of where an alien insurer is domiciled and has its principal place of

3

business. The issue in Equitas was whether Global had capacity to sue Equitas in a New York State court. The fact that an alien insurer that is authorized under the Insurance Law to do business in New York has capacity to sue is unrelated to whether that alien insurer is a citizen of New York for purposes of the removal and diversity statutes. Indeed, Global's Complaint in Equitas -- a copy of which was attached to Argonaut's August 3, 2007 moving papers -- clearly states that Global is "a branch of a foreign reinsurance company organized under the laws of Germany, with its principal place of business in Cologne, Germany." See Affidavit of Dan E. LaBelle, sworn to on August 3, 2007, Exhibit 3.

Argonaut may try to take "pot shots" at Global by twisting selected statements Global made in other matters for other purposes or by turning to a non-binding Insurance Department letter that on its face has nothing to do with this case or the issue of citizenship under federal removal and diversity statutes. Global's German citizenship is clear and beyond reasonable question, and its statements about that citizenship have been consistent. Further, principles of estoppel can neither create nor defeat subject matter jurisdiction, Creaciones Con Idea, S.A. v. MashreqBank PSC, 232 F.3d 79, 82 (2d Cir. 2000).

CONCLUSION

For the foregoing reasons and the reasons set forth in Global's August 30, 2007 Memorandum of Law, Argonaut's motion to remand should be denied with costs.

Dated:   October 5, 2007
         Short Hills, New Jersey

>                          BUDD LARNER, P.C.
>                          150 John F. Kennedy Parkway
>                          Short Hills, New Jersey 07078
>                          (973) 379-4800
>                          Attorneys for Respondent/Counter-
>                            Petitioner GLOBAL Reinsurance
>                            Corporation - U.S. Branch
>
> BY:  _____
>
>                          Joseph J. Schiavone (JS 7303)
>                          Jeffrey S. Leonard (JL 5931)
>                          Ivan V. Miletic (IM 9922)

654854w

5